**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **CAROL PETRARCA,** | |
| **Plaintiff,** | **C.A. No. 04-310S** |
| **v.** | |
| **SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY, Defendants.** | |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Now comes the Plaintiff, Carol Petrarca ("Plaintiff"), in the above-captioned case and objects to the Motion for Protective Order filed by the Defendants, Southern Union Company and New England Gas Company ("Defendants"). In support of her objection, the Plaintiff relies on the attached Memorandum of Law.

Wherefore, Plaintiff respectfully requests that Defendants' Motion be denied.

Plaintiff,
By her Attorneys,

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
170 Westminster Street, #601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax)

## CERTIFICATION

I hereby certify that a copy of the within document has been sent by first-class mail on the 12th day of October 2005, to:

Neal J. McNamara, Esq.
Robert Crohan, Esq.
Holland & Knight, LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CAROL PETRARCA, Plaintiff, | |
| v. | C.A. No. 04-310S |
| SOUTHERN UNION COMPANY AND NEW ENGLAND GAS COMPANY, Defendants. | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

**I. Introduction.**

This is a sexual harassment, discrimination and retaliation action filed by Carol Petrarca ("Petrarca"), an employee of Defendants Southern Union Company and New England Gas Company ("Defendants"). Petrarca was employed by Defendants and its predecessors, from April 1988 to June 2000 when she was forced to retire. Throughout most of the time during which she was employed, Plaintiff was subjected to disparate treatment and a hostile work environment based upon her sex, by both co-workers and supervisors. The following are just a few examples.

- After drinking on the job, one-coworker propositioned Plaintiff and talked dirty to her. He would also stand very close to her and whisper her name.
- Another co-worker would come to her and show her dirty magazines while making comments like "look at these tits."
- Men were allowed to shower at work and they would come out dressed only in towels.

- Plaintiff was treated differently than similarly-situated men in terms of training and overtime. For example, she was often skipped over for overtime.

- Unlike similarly-situated male who engaged in the same or even worse conduct, Plaintiff was accused of TDI fraud and then forced to retire.

There are other similarly-situated women who were subjected to harassment and discrimination during the same time period as Plaintiff. At least two others have filed lawsuits, and are represented by this office.[1] Others, who are not represented by Plaintiff's counsel, have filed charges of discrimination or made complaints to the Defendants. Defendants have filed the instant motion for protective order seeking to limit Plaintiff's ability to question witnesses during depositions about similarly-situated females. This motion lacks merit and should be denied.

**II. Argument.**

If any party has been or will be prejudiced or oppressed by the discovery process in this case, it is the Plaintiff, not the Defendants. This is not the Defendants first attempt to limit Plaintiff's access to discoverable information. Despite the fact that Plaintiff served a perfectly reasonable set of Interrogatories and a Request for Production of Documents, Defendants objected to nearly all questions and requests. Plaintiff's counsel has been forced to spend a significant amount of time engaging in Rule 37 discussions and preparing motions to compel substantive responses. Defendants have alleged that responding to the discovery requests are too burdensome, yet, upon information and

---

[1] The two other plaintiffs represented by this office are Lynore Horn (C.A. No. 04-434S) and Christine Stamp (R.I. Superior Court, C.A. No. 04-4592). After Plaintiff Stamp amended her complaint in 2004, Defendants attempted to remove that case to this Court. Plaintiff Stamp objected and was successful in having that action remanded to state court. Plaintiff respectfully submits that this Court has no jurisdiction to prohibit or limit deposition questioning in the context of the Stamp matter.

belief Defendants have interviewed approximately thirty-five persons in the context of this litigation and has not provided any of that information to the Plaintiff. Thus, conducting depositions will be Plaintiff's main source of discovery. Despite this, Defendants have filed this protective order. Significantly, no depositions have even been conducted in this case. Yet, Defendants seek to unfairly restrict Plaintiff's ability to discover relevant and potentially admissible evidence.

Under the federal rules, a party may obtain discovery of any matter not privileged, which is relevant to the subject matter involved in the pending action. Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be considered relevant - - the information sought need only appear reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The principle reason why questions relating to similarly-situated females will be essential to this case is because it is a harassment and discrimination case and Petrarca must prove, among other things, that the harassment was severe and pervasive, and the harassment was because of her sex. Evidence that relates to other women is relevant to proving these claims as follows.

First, it is well-established that evidence of discriminatory comments or treatment toward other women helps establish Petrarca's hostile work environment claim. See Dominguez-Curry v. Nevada Transportation Department, 2005 WL 2218908 (9th Cir. 2005);Wanchik v. Great Lakes Health Plan, Inc., 6 Fed. Appx. 252, 261 (6th Cir. 2001) ("The notion that the courts should deem probative the conduct of an employer towards an entire minority group-even when an individual, and not a group, brings the complaint - is not new to this realm."); Lara v. Helen of Troy Nevada Corp., 218 F.R.D. 504 (W.D. Tex. 2003) (noting that in "this type of lawsuit" protective order not warranted even

when deposition questioning targeted witness' knowledge of the sexual activity of Defendants' employees); Knoppel v. Tech Data Corp., 225 F.R.D. 263, 265-66 (M.D. Fla. 2004); Jackson v. Entergy Operations Inc., 1998 WL 46822 (E.D. La. 1998); cf. Cook v. New York City Department of Educ., 90 Fed. Appx. 562, 563 (2nd Cir. 2004) (rejecting plaintiff's hostile work environment claim where there was no evidence that harasser treated other females in a discriminatory manner). This evidence is also probative of Defendants' state of mind and intent. See Domniguez-Curry, 2005 WL 2218908 (comments made to other women show animus against plaintiff's class which allows factfinder to conclude that animus played a role in challenged decision); Spulak v. Kmart Corp., 894 F.2d 1150, 1156 (10th Cir. 1990) (testimony of other employees relevant to establish defendants' intent); Hurley v. Atlantic City Police Dep't, 174 F.3d 95, 110-11 (3d Cir. 1999) (same). Evidence of a past history of harassment or discrimination toward other women also helps establish that the Defendants' knew or should have known of the harassment, but did nothing (or not enough) to stop it. See McCombs v. Meijer, 395 F.3d 346, 353-54 (6th Cir. 2005); Wanchik, 6 Fed. Appx. at 265; Turnbull v. Topeka State Hospital, 185 FRD 645, 650 (D. Kan. 1999). This type of evidence can be used to dismantle the employer's affirmative defense - - that it took ample preventative and corrective measures to ward against a hostile work environment. See McCombs, 395 F.3d at 353-54; see also Alexander v. Alcatel NA Cable Systems, 50 Fed. Appx. 594, 601-02 (4th Cir. 2002) (reversing district court's exclusion of evidence about harassment of other women and finding it "highly relevant in deciding whether the employer should have anticipated that the plaintiff too would become a victim"). Evidence about the treatment of other women is relevant to satisfy reasonable belief

element of retaliation claim. See Fine v. Ryan Int'l Airlines, 305 F.3d 746, 755 (7th Cir. 2002) ("Because other women but not other men had experienced the same problems * * * that [plaintiff] had, it was more likely that both she and any other reasonable person would believe that * * * foot-dragging in scheduling her own training was illegal based on her sex."). Finally, it cannot be disputed that evidence of the treatment of other women is relevant for purposes of credibility.

Thus, Plaintiff's counsel does intend to ask witnesses about treatment of other women during depositions in this case. This includes questions about the treatment of women that Plaintiff's counsel does not represent, and ones that this office does represent. None of Defendants' arguments overcome the broad discovery rules and the specific necessity for this inquiry in this type of case.

Defendants argue that it will be confusing. This is hardly a good enough reason to prevent such inquiries. The facts are the facts. Plaintiff is seeking to find out what the facts are, according to the Defendants. Plaintiff cannot understand what is confusing, for example, about asking a witness in the Petrarca case if they are aware of other women being treated differently than male employees. If another female has been treated differently, it supports, among other things, Petrarca's claim that the gas company environment was hostile toward women and that women were treated differently than men in many of the terms and conditions of employment. The fact that the same question may be relevant to Horn's case, and may need to be asked in both cases does not render it "confusing" or "oppressing." This information is highly relevant since both Petrarca and Horn were supervised by some of the same people, worked the same job for a period of

time, and their tenures overlapped. Thus, any claim by Defendants that each case is "unique" is untrue.

Defendants also argue that they are unable to properly prepare witnesses because they do not know what the subject matter of the deposition will be. This contention is incredible. Defense counsel is experienced in this area of the law and is well aware of the importance of evidence relating to similarly-situated women. Plaintiff has made it clear that she considers this type of questioning relevant. Finally, Plaintiff is aware of no rule that requires her to provide Defendants with a road map of intended questions. In all events, an attorney's plan for a deposition is protected by the work-product privilege. Finally, Plaintiff's counsel notes that often deposition questioning is not pre-planned because it depends on the witness's response to the questions. Defendants' also contend preparing witnesses may be particularly difficult with a Rule 30(b)(6) deposition. Again, this makes no sense because to conduct a Rule 30(b)(6) deposition the plaintiff has to designate the "matters on which the party will testify." Fed. R. Civ. P. 30(b)(6).

Even more troublesome is how defense counsel proposes to determine what questions are proper and which ones are not. The parties will be forced to haggle over the intent behind each question (during which Defendants seek Plaintiff's counsel's mental impressions) and consult the Court whenever there is a dispute that cannot be resolved.

Here, because nearly every question could be construed as having dual purposes - - relevant to discovery in both cases - - it will be impossible to prohibit Plaintiff's counsel from asking these questions without significantly restricting plaintiff's ability to

conduct discovery in her own case. This is totally inconsistent with the spirit of the discovery rules and the burdens on Plaintiff in discrimination cases.

**III. Conclusion**

For the foregoing reasons, the Plaintiff respectfully requests the Court to deny Defendant's Motion for Protective Order.

Plaintiff, Carol Petrarca,
By her Attorneys,

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
170 Westminster Street, Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax)

**CERTIFICATION**

I hereby certify that a copy of the within document has been sent by first-class mail on the 12th day of October 2005, to:

Neal J. McNamara, Esq.
Robert Crohan, Esq.
Holland & Knight, LLP
One Financial Plaza, Suite 1800
Providence, RI 02903