**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CAROL PETRARCA,** **Plaintiff** | ) | |
| **vs.** | ) | **C.A. No.: 04-310S** |
| **SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY,** **Defendants** | ) | |

**PLAINTIFF PETRARCA'S MOTION TO COMPEL DEFENDANTS' FURTHER RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

Now comes the Plaintiff, Carol Petrarca, in the above-entitled action and hereby moves this Honorable Court for an Order requiring Defendants, Southern Union Company and New England Gas Company, to provide further responses to Plaintiff's First Request for Production of Documents.

Plaintiff request that these further responses be provided within thirty (30) days of the date of hearing on this motion. In support thereof, Plaintiff relies on the attached memorandum of law.

Wherefore, Plaintiff respectfully requests that this motion be granted.

Plaintiff,
Carol Petrarca,
By her Attorneys,

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
170 Westminster St., Suite 601
Providence, RI 02903

(401) 421-0966
(401) 351-4802 (fax)

**CERTIFICATION**

I hereby certify that on the 17th day of October 2005 I mailed a copy of the within document to Neal J. McNamara, Esquire, Robert J. Crohan, Jr., Esquire, Holland & Knight LLP, One Financial Plaza, Suite 1800, Providence, Rhode Island 02903.

[signature]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **CAROL PETRARCA,** **Plaintiff** | ) |
| **vs.** | ) **C.A. No.: 04-310S** |
| **SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY,** **Defendants** | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT'S FURTHER RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

## I. Introduction

This is a Title VII case involving the Plaintiff, Carol Petrarca ("Plaintiff"), who was employed by Defendants, Southern Union Company, New England Gas Company, and its predecessors, from April 1988 to June 2000. While employed at the gas company, Plaintiff was subjected to sexual harassment and discrimination which created a hostile work environment and altered the terms and conditions of her employment. In June 2000, she was terminated/forced to resign which forms the basis of her retaliation claim. After exhausting her administrative remedies, she filed the instant action. In or about June 2005, Plaintiff served her First Request for Production of Documents on Defendants. In July 2005, Defendants responded with objections to nearly all of the requests. See Exhibit A.[1] Approximately one-month later, Plaintiff's received partial substantive

[1]This Court has previously granted Plaintiff's Motion to Exceed the Page Limits in terms of supplying Exhibits A & B.

responses. See Exhibit B. Despite Plaintiff's Rule 37 efforts to discuss the requests with Defendants, it has still refused to respond substantively to many requests and will not agree to supplement others.

## II. Discussion.

Pursuant to Rule 26(b)(1) discovery should be allowed as long as it is relevant to the claim or defense of any party and not privileged. Fed. R. Civ. P. 26(b)(1). In Title VII cases "civil discovery rules are to be construed liberally * * * in order to provide plaintiff with 'broad access to employers' records.'" Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989). Because of the need for this type of discovery in disparate treatment and hostile work environment cases, "a district court can abuse its discretion by limiting a plaintiff's ability to show the atmosphere in which the plaintiff operated." Marchese, 2004 WL 2297465 (E.D. La. 2004) (citing Kelly v. Boeing Petroleum Servs., Inc., 61 F.3d 350, 358 (5th Cir. 1995) (ordering production of documents relating to supervisors that relate to plaintiff's complaints and any others who made complaints of discrimination and retaliation). In general, Plaintiff seeks to have the Defendants' objections stricken because it does not appear that all have been made in good faith.[2] In this case, Plaintiff's has explained to Defendants the need for the documents, yet Defendants have made blanket objections with no explanation.

Plaintiff seeks to have (1) objections stricken; (2) Defendants responses to those requests it has not responded to substantively; and (3) further responses to those that they have only partially responded to. Before turning to the individual requests, a threshold issue needs to be addressed.

Privacy of Third Parties

---

[2]Plaintiff also finds patently unfair Defendants "General Response" and "General Objections" located on pages 1-3 of Exhibit A.

Defendants have objected to many of Plaintiff's requests on the basis that they will violate the privacy rights of third parties.[3] Many courts have held that documents that contain information about third parties, like personnel records, are discoverable in Title VII cases. See Coughlin v. Lee, 946 F.2d 1152 (5th Cir. 1991) (personnel records could be central to plaintiff's efforts to prove pretext); Beach v. Olathe, 2000 WL 960808, at *3 (D.Kan. 2000) (discussing importance of personnel files of those who witnessed, failed to report, or were involved in claimed discrimination in employment discrimination cases); Ladson v. Ulltra East Parking Corp., 164 F.R.D. 376, 378 (S.D.N.Y. 1996) (ordering production of current employees' personnel files which may provide information about hiring or promotions); Graue Mill Development Corp. v. Colonial Bank & Trust Co., 1989 WL 69275 (N.D. Ill. 1989) (citing EEOC v. University of Notre Dame, 715 F.2d 331, 340 (7th Cir. 1983)); see also Marchese v. Secretary, Department of the Interior, 2004 WL 2297465 (E.D. La. 2004) (privacy act does not protect personnel records - the statute does not replace Federal Rules 26 and 45(b) with a different or higher standard).

Instead of accepting Defendants' wholesale assertions, the Court should conduct an individualized inquiry. See Marchese, at *5. For example, the Court could conduct an in camera review; see id. at *5; Walters v. Breaux, 200 F.R.D. 271, 273 (W.D. La. 2001); General Electric Corp. v. Directv, Inc., 1998 WL 343338502, at * 1 (D. Conn. 1998). After doing so, the Court could

[3]Defendants have also alleged many requests seek privileged information, are overly broad, unduly burdensome, vague and ambiguous. Defendants should be made to produce a privilege log, and should be made to explain in detail the basis for its other objections. For example, if Defendants allege a particular request is unduly burdensome then it has the burden to show exactly why and to what extent. See, e.g., Olathe, 2000 WL 960808, at *5. Defendants should not be permitted to rely on its multiple "vague and ambiguous" objections when there is no true ambiguity and Defendants are avoiding giving words their common sense and/or ordinary meaning.

decide to (1) exclude totally irrelevant portions of the records, if any, Compuware, 222 F.R.D. at 130 & n.7; General Electric Corp., 1998 WL 34338502 at *4 (same); (2) have the parties execute a confidentiality agreement, Weiss v. Safeway, Inc., 189 F.R.D. 442, 443-44 (D. Ore. 1999); and /or (3) redact things like social security numbers, Walters, 200 F.R.D. at 274.

Here, the Defendants have not made any specific arguments that any records sought, including but not limited to personnel records, actually contain highly personal or sensitive information that requires any special protection. For example, even where Plaintiff has merely requested the identities of certain employees (like those similarly-situated to Plaintiff), Defendants have refused to provide this information. See, e.g., Miller v. Federal Express Corp., 186 F.R.D. 376, 384-86 (W.D. Tenn. 1999) (finding identity of those with same supervisor relevant to claims and evidence about pay and promotions relevant to damages); see also Compuware Corp., 222 F.R.D. at 129 (allowing discovery of identities of several categories of employees, for example, because those persons would likely have information about improper influence, an issue in the case). In addition, Defendants are likely rely on these types of records (which contain information about specific employees) when relying on investigations conducted or actions taken to support their affirmative defense. If Defendants intend to rely on this type of information, then it cannot be withheld.

Individual Requests

Plaintiff requests that Defendants be required to respond in a substantive way to the following requests. **Request 6** asks for any and all documents which Defendants claim call into question the validity or merit of Plaintiff's allegations.

**Request 14** asks for documents identifying persons who performed the same duties and

responsibilities as plaintiff, who were supervised by the same persons as plaintiff, who were evaluated by the same persons as plaintiff and who worked in her department for the period three years before Plaintiff was employed up until 2003. These people would have relevant information, and are similarly-situated persons who plaintiff would necessarily need to compare herself to in order to prove her case. Defendants' have objected and refused to respond substantively in any way.

**Request 17** is slightly narrower than 14 (only asks for persons who performed same duties and responsibilities and who worked in the same department) and asks for documents during only the time period when Plaintiff was employed by Defendants. Defendants' have objected and refused to respond substantively.

**Request 18** asks for information about salary and benefits earned by people who performed the same duties as plaintiff, held the same position as plaintiff, and worked in the same department as plaintiff. This information is relevant to Plaintiff's claim that she was treated differently in terms of salary and overtime. **Request 19** asks for the same information (about salary and benefits) for persons who held plaintiff's position or worked in her department since she was forced to retire in 2000. This information is relevant to damages, among other things. Defendants' have objected and refused to respond substantively.

**Request 23** asks for affirmative action plans during the time that Plaintiff worked for Defendants. These are relevant, among other things, to Plaintiff's ability to dismantle Defendants' affirmative defense.

**Requests 25-28** asks for personnel files of four supervisors/employees who Plaintiff has alleged harassed her or subjected her to disparate treatment. Defendants' have objected and refused to respond substantively. Defendants have agreed to provide documents reflecting discipline.

However, Plaintiff seeks not only all disciplinary records, but records which would reveal (for co-workers) salary and benefits information (relevant to discrimination claim and damages), documents which would reveal knowledge of sexual harassment policy and/or training, any documents relating to existence of, or investigation of, Plaintiff's complaints.

**Request 32** asks for documents which show whether any other maintenance employees' probationary periods were extended during the time Plaintiff worked for Defendants. Plaintiff claims that her probationary period was extended for no legitimate reason - - and the probationary periods of similarly-situated males were not. Defendants' have objected and refused to respond substantively.

**Request 30 and 34** asks for documents which show whether any employees who were working as a maintenance person or applying for that position (during the time Plaintiff was employed), were required to undergo physical examinations. Plaintiff claims she was required to undergo such an exam, and similarly-situated male employees were not. Defendants' have objected and refused to respond substantively.

**Request 35** asks for documents which reveal complaints made by other females. The request is limited to when Plaintiff was employed to the present, and only to those who worked in the same departments as Plaintiff and/or were supervised by the same persons as Plaintiff. This information is obviously relevant in a variety of ways, yet Defendants have agreed to provide it only if it relates to the same harassers. First, Plaintiff has no idea which persons Defendants is including in its "same harassers" category. In addition, Plaintiff seeks evidence of complaints even if it involved different harassers because the supervisor could be the same, and the supervisor's response to the complaint is critical to Plaintiff's obligation to rebut Defendants' affirmative defense, among other things.

**Request 36** asks for the same documents reflecting complaints by male employees. Again, the request is limited to the time when Plaintiff was employed, to the present, and is limited only to those male employees working in the same department as Plaintiff and/or supervised by the same persons. This information is relevant to prove that the disparate treatment was because of sex - an essential element of Plaintiff's proof. Defendants' have objected and refused to respond.

**Requests 39 and 41** asks for documents which reflect if any females (including Plaintiff) had problems with Richard Kayla or Ed Bolduc. This includes non-employees and customers. Defendants' have objected and refused to respond. Richard Kayla and Ed Bolduc are people who subjected Plaintiff to harassment and/or discrimination. This information would be relevant to things like credibility, and Plaintiff's ability to rebut the affirmative defense.

**Request 40** asks for documents which reveal the identity of any females who worked for Defendants from the time Plaintiff was employed to the present. A number of females appear to have had problems at the gas company. This type of information is relevant for a variety of reasons (detailed above). Defendants' have objected and refused to respond.

**Request 42** asks for documents that show who applied for and/or were out of work on long-term disability during the time Plaintiff was employed to the present. Plaintiff was terminated and/or forced to retire allegedly because she wrongfully received TDI benefits and salary from the company while she was out of work. Plaintiff claims she was treated differently than similarly-situated males when she was fired/forced to retire when this allegedly happened. Obviously, Plaintiff needs to compare her treatment to others who were on leave. Defendants' have objected and refused to respond.

**Requests 50, 51, 60** asks for documents which relate to or reflect any other employee who

wrongfully received sick leave benefits, defrauded the company, or failed to follow things like TDI policies These requests are necessary to allow compare herself to similarly-situated employees. Defendants' have objected and refused to respond.

**Request 54** requests documents reflecting communications about employees receiving or applying for TDI. These documents are relevant not only to show others on TDI, but also to show what the company procedure was for handling these benefits. Plaintiff has to prove that she was not legitimately terminated for TDI fraud. Defendants' have objected and refused to respond.

**Request 58** asks for documents showing if Defendants have ever paid an employee incorrectly. According to Plaintiff was allegedly not paid correctly when the company paid her and she received TDI benefits. Defendants' have objected and refused to respond.

The Defendants have responded, in part, to the following requests. Plaintiff seeks supplemental responses. **Request 1** asks for all documents which relate to Plaintiff's employment. Defendants have produced some documents but Plaintiff has two problems. First, because of the objections lodged it is unclear if any other documents have been withheld that are not privileged. Second, Plaintiff does not know what "additional documents produced" that Defendants refer to.

**Requests 4 and 5** seeks documents reflecting communications which relate to Plaintiff. Defendants have produced some documents but because of the objections lodged it is unclear if any other documents have been withheld that are not privileged.

**Request 7** seeks documents reflecting complaints Plaintiff made. Defendants have produced some documents but because of the objections lodged it is unclear if any other documents have been withheld that are not privileged.

**Request 8** seeks identity of those responsible for handling complaints of discrimination

and/or harassment. Defendants have produced some documents but because of the objections lodged it is unclear if any other documents have been withheld that are not privileged.

**Request 10** seeks documents which relate to Defendants efforts to prevent and/or correct harassment and discrimination in the workplace. Defendants have produced some documents but because of the objections lodged it is unclear if any other documents have been withheld that are not privileged.

**Request 13** seeks employer policies applicable to Plaintiff during the time she was employed. Defendants have produced some documents but because of the objections lodged it is unclear if any other documents have been withheld that are not privileged.

**Request 45** seeks documents between the union and employer which relate to the Plaintiff. Defendants have produced some documents but has not identified those "previously produced," that it refers to.

**Request 52** seeks documents for procedure for reporting harassment. Defendants have not identified "documents produced herewith," that it refers to.

**Request 56** seeks documents that reflect those who were disciplined for the same reason that Plaintiff was terminated. Because of the objections lodged it is unclear if any other documents have been withheld that are not privileged.

**Request 57** seeks documents that reflect how Plaintiff's pension would have been effected if she had not resigned. Because of the objections lodged it is unclear if any other documents have been withheld that are not privileged.

**Request 59** asks for documents which reflect TDI policy before a new policy which was issued on 8/20/04, or that relate to the implementation of the 8/20/04 policy. Because of the

objections lodged it is unclear if any other documents have been withheld that are not privileged.

**III. Conclusion.**

For the foregoing reasons, Plaintiff respectfully requests that the Court order Defendants to respond to Plaintiff's Requests for Documents and/or provide Further Responses, as detailed above, within thirty (30) days of the date of any hearing on this motion.

Plaintiff,
Carol Petrarca
By her Attorneys,

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
170 Westminster St., Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax)

**CERTIFICATION**

I hereby certify that on the 17th day of October 2005 I mailed a copy of the within document to Neal J. McNamara, Esquire, Robert J. Crohan, Jr., Esquire, Holland & Knight LLP, One Financial Plaza, Suite 1800, Providence, Rhode Island 02903.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CAROL PETRARCA,

Plaintiff,

v. C.A. No. 04-310S

SOUTHERN UNION COMPANY,
et al,

Defendants.

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rule 13, Defendants Southern Union Company and New England Gas Company serves their objections to Plaintiff's First Request For Production of Documents.

GENERAL RESPONSE

Defendants submits these answers subject to, without waiver of, and expressly preserving the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein. Defendants also submit these answers without waiver of, and expressly preserving: (a) any objections to the competency, relevance, materiality, privilege, or admissibility of any of the responses or any of the documents, if any, identified in any of the responses hereto; (b) the right to object to other discovery procedures relating to the subject matter of the responses herein; (c) the right to object on any ground, at any time, to such other or supplemental interrogatories plaintiff may at any time propound, involving or relating to the subject matter of the First Set of Interrogatories. Defendants hereby expressly preserve all of their rights, remedies and recourse against plaintiff with respect to discovery and otherwise. Inadvertent production, revelation or

identification of privileged information by Defendants is not a waiver of any applicable privilege.

Additionally, Defendants have not completed their investigation of the facts and documents relating to this action. Consequently, Defendants respond to each Interrogatory to the best of their present existing knowledge. Defendants reserve their rights to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response. Moreover, the responses contained herein are not intended to and shall not preclude Defendants from making any contentions or relying upon any facts or documents, if any, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

## GENERAL OBJECTIONS

1. Defendants object to all "definitions" and "instructions" to the extent that any portion thereof exceeds the requirements of Rule 33 of the Federal Rules of Civil Procedure.

2. Defendants object to each Interrogatory in the First Set of Interrogatories to the extent that it requests information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege, and Defendants will not produce such information. To the extent any information is inadvertently produced, such production is not intended as any waiver of the attorney-client privilege or any applicable privilege.

3. Defendants object to each Interrogatory in the First Set of Interrogatories to the extent that it requests the identification of documents, if any, which attempt or purport to require disclosure to Plaintiff of privileged, confidential, proprietary, and/or trade secret information.

4. Defendants object to each Interrogatory in the First Set of Interrogatories to the extent that it requests information regarding third parties that is protected from disclosure by, *inter alia*, such third parties' rights of privacy.

5. Defendants object to each Interrogatory in the First Set of Interrogatories to the extent that it is drafted as an improper "trap" question which may attempt to elicit an admission from Defendants by mere fact of its response. Defendants do not intend by responding herein to include an inadvertent admission of any information included in the Interrogatories.

6. Nothing herein shall be construed as an admission respecting the admissibility, truth authenticity, accuracy or relevance of any information and/or documents, if any.

OBJECTIONS TO DOCUMENT REQUESTS

REQUEST NO. 1. All documents which relate to plaintiff's employment. Your answer should include, but not necessarily be limited to, plaintiff's personnel file, any documents reflecting communication to, from or about plaintiff, and documents relating to plaintiff's job performance, and documents relating to any alleged misconduct on the part of the plaintiff, any grievances filed by plaintiff, any documents which relate to problems plaintiff was having on the job, any records pertaining to her duties, any records relating to any complaints by plaintiff, any investigations relating to plaintiff, any interviews of employees which relate to plaintiff, any documents signed by plaintiff which reflect that she received, or knew about, any of your policies including any sexual harassment policies, any documents relating to how, when and why plaintiff retired, any documents signed by plaintiff regarding the cessation of her employment with you, and any records pertaining to any discipline imposed upon plaintiff.

OBJECTION: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

REQUEST NO. 3. If applicable, any and all documents relating to any charges of discrimination filed by plaintiff with Rhode Island Commission for Human Rights and/or the Equal Employment Opportunity Commission, and/or any handwritten notes taken by any person during any communications with either agency including any handwritten notes taken during any meetings or hearings.

OBJECTION: Defendants object to this Request to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 4. Any and all documents which reflect, and/or relate to, any oral or written communications between any current or former agent, employee and/or representative of defendant(s) and any other current or former agent, employee and/or representative of defendant(s) which relate to plaintiff and/or this lawsuit.

OBJECTION: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 5. Any and all documents which reflect, and/or relate to, any oral or written communications between plaintiff (and/or any of her agents, family members, representatives and/or health care providers) and any current or former agent, employee and/or representative of defendant(s) which relate to this lawsuit and/or defendant(s)' answer to this lawsuit including any defenses.

OBJECTION: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 6. Any and all documents which you claim call into question (or may call into question) the validity and/or merit of any of plaintiff's allegations in this lawsuit.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 7. Any and all documents in the possession of any current or former supervisor(s) of plaintiff which relate to any formal or informal complaints which plaintiff had about the manner in which she was being treated on the job.

OBJECTION: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 8. During the time that plaintiff was employed by defendants, any and all documents which reflect the identity of the persons and/or departments responsible for handling or receiving formal or informal complaints of discrimination or harassment from defendant(s)' employees.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, and unduly burdensome.

REQUEST NO. 10. During the time that the plaintiff was employed by the defendant(s), any and all documents which relate to any efforts by defendant(s) to prevent, alleviate, address, and/or correct employment discrimination and/or harassment in the workplace including, but not limited to, any policies, any documents to any training, any documents relating to affirmative action, and/or any documents which reflect, and/or relate to, any action which defendant(s) took in response to any formal or informal complaints of harassment and/or discrimination made by any current or former employees including plaintiff.

OBJECTION: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, constitutes an invasion of the privacy of third parties, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 13. During the time that the plaintiff was employed, all personnel policies, practices, rules and/or handbooks of defendants relating to the terms and conditions of employment of its employees including, but not limited to, those relating to temporary disability insurance benefits, extended leave policies, sick leave policies, employees calling in when they are sick or out on medical leave, pension and/or retirement policies, long or short term disability policies, policies about how much time employees can take off from work, vacation policies, personal day policies, stock option policies, progressive discipline policies, discipline policies including those relating to what steps should, must or can, be taken before disciplining and/or terminating employees, promotion policies and/or policies relating to increases in pay.

OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

REQUEST NO. 14. For the period three years before and after the plaintiff was employed by defendant(s) and for the period during the time that plaintiff was employed by defendant(s), documents which reflect the identity (by name, title, and sex) of all persons who performed the same duties and responsibilities which the plaintiff performed while employed by defendants, who were supervised by the same persons as plaintiff, who were evaluated by the same persons as plaintiff, and/or who worked in the same departments as plaintiff.

OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and invasive of the privacy rights of third parties.

REQUEST NO. 17. For each year during the time that plaintiff was employed by defendant, any and all documents which reflect the identity (by name, current and/or former business and home address and telephone number, position, experience, and length of time with defendant) each person who performed the same duties as plaintiff, and/or who worked in the same department or departments as plaintiff.

OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and invasive of the privacy rights of third parties.

REQUEST NO. 18. For each year during the time that plaintiff was employed by defendant, any and all documents which reflect the salary and benefits earned by each and every person who performed the same duties as plaintiff, who held the same position as plaintiff, and/or who worked in the same department or departments as plaintiff.

OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, is not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of privacy of third parties.

REQUEST NO. 19. After plaintiff left the employ of defendants, any and all documents which reflect what salary and benefits were earned by each person who performed the same duties and responsibilities as plaintiff, who held the same position as plaintiff, and/or who worked in the same department or departments as plaintiff.

OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 20. If plaintiff left the employ of defendant(s), documents which reflect the identity (by name, title, date of birth, and sex) of any person or persons who replaced plaintiff and/or who assumed plaintiff's duties and responsibilities.

OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 21. All reports or other documents prepared by any expert you expect to call as an expert witness at trial.

OBJECTION: Defendants object to this Request to the extent it seeks production of documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 22. All documents which were used, referred to, considered and/or relied upon by defendant(s) in preparing the Answer to plaintiff's Complaint.

OBJECTION: Defendants object to this Request to the extent it seeks production of documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 23. During the time that plaintiff was employed by defendants, any and all Affirmative Action Plans which relate to defendants.

OBJECTION: Defendants object to this Request as overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks production of documents and/or information protected from disclosure by the self-critical analysis privilege.

REQUEST NO. 25. The personnel file for Richard Kayla.

OBJECTION: Defendants object to this Request on the ground that it constitutes an invasion of privacy of a third party, and is not calculated to lead to the discovery of admissible evidence.

REQUEST NO. 26. The personnel file for Ed Bolduc.

OBJECTION: Defendants object to this Request on the ground that it constitutes an invasion of privacy of a third party, and is not calculated to lead to the discovery of admissible evidence.

REQUEST NO. 27. The personnel file for Roy Heaton.

OBJECTION: Defendants object to this Request on the ground that it constitutes an invasion of privacy of a third party, and is not calculated to lead to the discovery of admissible evidence.

REQUEST NO. 28. The personnel file for Jerry Porter.

OBJECTION: Defendants object to this Request on the ground that it constitutes an invasion of privacy of a third party, and is not calculated to lead to the discovery of admissible evidence.

REQUEST NO. 29. Any and all documents which reflect the dates that Jerry Porter applied for any jobs with defendant.

OBJECTION: Defendants object to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence.

REQUEST NO. 30. During the time that plaintiff was employed by defendant, any and all documents which relate to the circumstances under which employees (who performed the same duties as plaintiff, who worked in the same department as plaintiff, and/or who held the same position as plaintiff) had to undergo physical exams to determine if they could do a job. Your answer should include, but not limited to, any policies.

OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 31. Any and all documents which reflect the current and/or last known business and home address, e-mail, and/or phone numbers for the following persons: Ed Bolduc, Bud Butler, Richard Kayla, Jerry Porter, R. Biber, Henry Sisun, Roy Heaton.

OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 32. During the time that the plaintiff was employed by defendant, any and all documents which reflect, or relate to, the extension of any probationary period for any employees working in the maintenance department.

OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 34. During the time that the plaintiff was employed by defendants, any and all documents which relate to the issue of any employees (working as, or applying for the position of, building maintenance person) taking, or having to take, physical examinations.

OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 35. During the time that plaintiff was employed by defendant and up until the present time, any and all documents which reflect, or relate to, any formal or informal complaints, statements, grievances, charges, and/or allegations by female employees (who performed the same duties as plaintiff, who held the same positions as plaintiff, who worked in the same departments as plaintiff, and/or who were supervised by the same person or persons as plaintiff) about gender discrimination and/or harassment, the manner in which they were being treated by males, managers and/or supervisors, and/or unfair and/or differential treatment by employees, supervisors, administrators, and/or managers.

OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 36. During the time that plaintiff was employed by defendant and up until the present time, any and all documents which reflect, or relate to, any formal or informal complaints, statements, grievances, charges and/or allegations by any male employees (who performed the same duties as plaintiff, who held the same positions as plaintiff, who worked in the same departments as plaintiff, and/or who were supervised by the same person or persons as plaintiff) about unfair and/or differential treatment by other employees, supervisors, administrators and/or managers.

OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 38. During the time that plaintiff was employed by defendant and up until the present time, any and all documents which reflect, and/or relate to, any lawsuits brought by employees of defendant.

OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, constitutes an invasion of the privacy of third parties, and to the extent it seeks production of documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 39. Any and all documents which relate to any problems which any females, including plaintiff, other employees, customers and even non-employees, had with Richard Kayla.

OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 40. For the period during which the plaintiff worked until the present time, the identity (by name, current and/or former business and home address, telephone number, and position) of all females who worked for defendant.

OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 41. Any and all documents which relate to any problems which any female, including plaintiff, other employees, customers and even non-employees, had with Ed Bolduc.

OBJECTION: Defendants object to this Request on the grounds that it is vague and ambiguous, overly broad, and not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties,

REQUEST NO. 42. During the time that plaintiff worked for defendant and up until the present time, and all documents which reflect the identity (by position or title and gender) of all employees who applied for, and/or were out on, long-term disability.

OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 50. During the period which plaintiff worked for defendant and up until the present time, any and all documents which reflect, or relate to, the wrongful, improper, mistaken, fraudulent, and/or negligent receipt of sick leave benefits by an employee.

OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 51. During the period during which plaintiff worked for defendant and up until the present time, any and all documents which relate to any allegation or claim that any current or former employee: had been over paid by defendant for any reason, owed money to defendant for any reason, had wrongfully, improperly mistakenly, fraudulently and/or negligently received any benefits in excess of that to which he or she was entitled, had received money from defendant under improper, false, and/or mistaken circumstances or pretenses, has to repay money, or make restitution, to defendant, had stolen any money or property from defendant, and/or had defrauded defendant in any way.

OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 53. This request relates to the position paper submitted to the Rhode Island Commission for Human Rights, which is dated February 2, 2001. Any and all documents which were used, consulted, referred to, and/or relied upon in preparing the position paper.

OBJECTION: Defendants object to this Request to the extent it seeks production of documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 54. During the period during which the plaintiff was employed by defendant and up to the present time, any and all documents which reflect communications to or from defendant and which relate to inquiries about whether or not an employee was receiving, or had applied for temporary disability insurance benefits.

OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 55. Any and all documents which relate to any grievance filed by, or on behalf of, plaintiff which relates to her improper or wrongful receipt of temporary disability insurance benefits.

OBJECTION: Defendants object to this Request to the extent it seeks production of documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 56. Any and all documents which reflect, or relate to, any employee being disciplined, reprimanded, suspended and/or terminated for the same, or similar, reason or reasons that plaintiff was terminated.

OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 57. Any and all documents which relate to if and how plaintiff's pension would have been affected had she not resigned.

OBJECTION: Defendants object to this Request on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome.

REQUEST NO. 58. For the period during which plaintiff worked for defendant and up to the present time, any documents which reflect instances in which defendant has incorrectly paid an employee.

OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 59. This request relates to a document dated August 20, 2004 from Lynne Linden, Human Resources Specialist, to Christine Stamp, which reads: "In an effort to insure that New England Gas Company correctly pays each employee, it is now our policy that employees send in a copy of their TDI benefit statement. Failure to contact the HR Department when filing for RI TDI or failure to provide a copy of the RI TDI determination letter may result in the delay or loss of your company paid sick benefits." Produce all documents which: reflect what the policy was before the date of this letter, which relate to the implemented, and/or which relate to the reasons why such a letter was sent.

OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 60. For the period during which plaintiff was employed by defendants and up until the present time, any and all documents which relate to any employee violating and/or failing to comply with any policy, practice, provision and/or rule relating to the receipt of sick benefits and/or temporary disability insurance benefits ("TDI").

OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY,
By their attorneys,

HOLLAND & KNIGHT LLP

Neal J. McNamara #4249
Robert J. Crohan Jr. #6516
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11th day of July, 2005 a copy of the foregoing was mailed to: Patricia E. Andrews, Esq. and Carly B. Iafrate, Esq., 170 Westminster Street, Providence, RI 02903.

# 3047757_v1

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CAROL PETRARCA,

Plaintiff,

v.

C.A. No. 04-310S

SOUTHERN UNION COMPANY, et al,

Defendant.

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants, Southern Union Company and New England Gas Company hereby respond to the Plaintiff's Request for Production of Documents as follows:

REQUEST NO. 1. All documents which relate to plaintiff's employment. Your answer should include, but not necessarily be limited to, plaintiff's personnel file, any documents reflecting communication to, from or about plaintiff, and documents relating to plaintiff's job performance, and documents relating to any alleged misconduct on the part of the plaintiff, any grievances filed by plaintiff, any documents which relate to problems plaintiff was having on the job, any records pertaining to her duties, any records relating to any complaints by plaintiff, any investigations relating to plaintiff, any interviews of employees which relate to plaintiff, any documents signed by plaintiff which reflect that she received, or knew about, any of your policies including any sexual harassment policies, any documents relating to how, when and why plaintiff retired, any documents signed by plaintiff regarding the cessation of her employment with you, and any records pertaining to any discipline imposed upon plaintiff.

OBJECTION AND RESPONSE: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, see documents produced by Defendants in their Rule 26 initial disclosure, bates nos. 1-294, and additional documents produced in connection with Defendants' response to Plaintiff's First Request For Production of Documents.

REQUEST NO. 2. If applicable, any and all documents which relate to any applications by plaintiff to receive unemployment compensation benefits including, but not limited to, any communications to or from any agency including the Department of Employment & Training.

RESPONSE: None.

REQUEST NO. 3. If applicable, any and all documents relating to any charges of discrimination filed by plaintiff with Rhode Island Commission for Human Rights and/or the Equal Employment Opportunity Commission, and/or any handwritten notes taken by any person during any communications with either agency including any handwritten notes taken during any meetings or hearings.

OBJECTION AND RESPONSE: Defendants object to this Request to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, see documents previously produced, bates nos. 133-136, and documents being produced herewith, bates nos. 678-707.

REQUEST NO. 4. Any and all documents which reflect, and/or relate to, any oral or written communications between any current or former agent, employee and/or representative of defendant(s) and any other current or former agent, employee and/or representative of defendant(s) which relate to plaintiff and/or this lawsuit.

OBJECTION AND RESPONSE: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, Defendants have previously produced documents responsive to this request.

REQUEST NO. 5. Any and all documents which reflect, and/or relate to, any oral or written communications between plaintiff (and/or any of her agents, family members, representatives and/or health care providers) and any current or former agent, employee and/or representative of defendant(s) which relate to this lawsuit and/or defendant(s)' answer to this lawsuit including any defenses.

OBJECTION AND RESPONSE: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, in addition to documents previously produced by Defendants, see documents being produced herewith, bates nos. 708-712. Defendants have not produced copies of correspondence between their litigation counsel and plaintiff's litigation counsel.

REQUEST NO. 7. Any and all documents in the possession of any current or former supervisor(s) of plaintiff which relate to any formal or informal complaints which plaintiff had about the manner in which she was being treated on the job.

OBJECTION AND RESPONSE: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, see documents being produced herewith, bates nos. 807, 827--831, 833-836.

REQUEST NO. 8. During the time that plaintiff was employed by defendants, any and all documents which reflect the identity of the persons and/or departments responsible for handling or receiving formal or informal complaints of discrimination or harassment from defendant(s)' employees.

OBJECTION AND RESPONSE: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, and unduly burdensome. Subject to and without waiver of the foregoing objections, see documents produced herewith, bates nos. 713, 714, 773-776, 777, 858, 892, 893, 894, 899, 900, 901, 902.

REQUEST NO. 9. During the time that plaintiff was employed by defendants, any and all documents relating to, or reflecting, any insurance policies and/or coverage which defendants have or had for any liability arising from employment practices.

RESPONSE: None.

REQUEST NO. 10. During the time that the plaintiff was employed by the defendant(s), any and all documents which relate to any efforts by defendant(s) to prevent, alleviate, address, and/or correct employment discrimination and/or harassment in the workplace including, but not limited to, any policies, any documents to any training, any documents relating to affirmative action, and/or any documents which reflect, and/or relate to, any action which defendant(s) took in response to any formal or informal complaints of harassment and/or discrimination made by any current or former employees including plaintiff.

OBJECTION AND RESPONSE: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, constitutes an invasion of the privacy of third parties, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, in addition to documents previously produced with respect to plaintiff's complaint, see documents produced herewith, bates nos. 713, 714, 715-725, 773-776, 777, 808, 809-825, 858, 892, 893, 894, 899, 900, 901, 902, 903, 904-907, 909.

REQUEST NO. 11. Any documents relating to any formal or informal investigation conducted by defendant(s) regarding, or in response to, any claims by plaintiff that she was harassed, discriminated against, treated unfairly compared to other employees, and/or treated differently than other employees.

RESPONSE: In addition to documents previously produced by Defendants, see documents being produced herewith, bates nos. 709-712, 807, 827-831, 833-835.

REQUEST NO. 12. Any policies of defendant(s) which were applied to, and/or violated by, plaintiff and which relate to this lawsuit and/or you answer to the complaint filed in this lawsuit.

RESPONSE: See documents being produced herewith, bates nos. 713-714, 773-776, 892, 899-902.

REQUEST NO. 13. During the time that the plaintiff was employed, all personnel policies, practices, rules and/or handbooks of defendants relating to the terms and conditions of employment of its employees including, but not limited to, those relating to temporary disability insurance benefits, extended leave policies, sick leave policies, employees calling in when they are sick or out on medical leave, pension and/or retirement policies, long or short term disability policies, policies about how much time employees can take off from work, vacation policies, personal day policies, stock option policies, progressive discipline policies, discipline policies including those relating to what steps should, must or can, be taken before disciplining and/or terminating employees, promotion policies and/or policies relating to increases in pay.

OBJECTION AND RESPONSE: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, see documents being produced herewith, bates nos. 713-714, 726-777, 837-891, 892-894, 899-900, 901-902, 908.

REQUEST NO. 15. Any and all documents which relate to, or support, any affirmative defenses asserted by defendant(s) in their Answer to the Complaint.

RESPONSE: In addition to documents previously produced, see documents being produced herewith, bates nos. 708-712, 713-725, 773-777, 807-825, 826-830, 834-835, 858, 892-894, 899-902.

REQUEST NO. 16. Any and all documents which reflect the salary and/or benefits to which plaintiff was entitled, or which she earned, during each year she was employed by defendant.

RESPONSE: In addition to documents previously produced, see documents being produced herewith, bates nos. 778-785.

REQUEST NO. 21. All reports or other documents prepared by any expert you expect to call as an expert witness at trial.

OBJECTION AND RESPONSE: Defendants object to this Request to the extent it seeks production of documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, none.

REQUEST NO. 22. All documents which were used, referred to, considered and/or relied upon by defendant(s) in preparing the Answer to plaintiff's Complaint.

OBJECTION AND RESPONSE: Defendants object to this Request to the extent it seeks production of documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, Defendants relied upon documents contained in plaintiff's personnel file, documents received and submitted in connection with the administrative and grievance proceedings, Defendants' policies, and the Collective Bargaining Agreement, all of which have previously been produced or are being produced herewith.

REQUEST NO. 24. During the time that plaintiff was employed by defendant(s), all collective bargaining agreements or union contracts which applied to her.

RESPONSE: See documents previously produced by Defendants, bates nos. 295-676.

REQUEST NO. 33. Any and all documents which are, or were, in the possession of Bud Butler which relate to plaintiff.

RESPONSE: None were in his personal possession.

REQUEST NO. 37. During the period plaintiff was employed by defendant and up until the present time, any and all documents which reflect, or relate to, any formal or informal

complaints, statements, grievances, charges and/or allegations by any employee which relate to the conduct of Ed Bolduc.

RESPONSE: In addition to the documents previously produced by Defendants, see documents being produced herewith, bates nos. 786-787, 827-831, 833- 836.

REQUEST NO. 43. During the time that plaintiff worked for defendant, any and all documents which reflect the manner in which overtime was supposed to be allocated to employees working in the same department, or doing the same job, as plaintiff.

RESPONSE: See the Collective Bargaining Agreements previously produced by Defendants, bates nos. 295-676.

REQUEST NO. 44. During the time that plaintiff worked for defendant, any and all documents which reflect complaints by employees (doing the same job as plaintiff, being supervised by the same persons as plaintiff, and/or working in the same department as plaintiff) about being treated unfairly in terms of overtime.

RESPONSE: Defendant is in the process of attempting to locate and retrieve documents responsive to this request, but it is a burdensome process.

REQUEST NO. 45. Any and all documents between defendant and any person representing, affiliated with and/or working for a union which related to plaintiff.

RESPONSE: In addition to documents previously produced by Defendants, see documents being produced herewith, bates nos. 786-789.

REQUEST NO. 47. Any and all documents which relate to plaintiff's receipt of temporary disability insurance ("TDI") benefits.

RESPONSE: In addition to responsive documents previously produced, see bates nos. 33, 34, 38, 39, 76, 83-92, 101, 107-111, 117-121, 190, see document being produced herewith, bates no. 910.

REQUEST NO. 48. Any and all documents between defendant and any state agency relating to plaintiff's receipt of temporary disability insurance ("TDI") benefits.

RESPONSE: In addition to responsive documents previously produced, see bates nos. 117-120, see document being produced herewith, bates no. 910.

REQUEST NO. 49. During 1999, any and all documents which reflect how, and/or that, defendant became aware that plaintiff was wrongfully receiving sick leave benefits in excess of that to which she was entitled.

RESPONSE: See document with bates no. 117.

REQUEST NO. 52. Any and all documents which reflect the procedure for reporting sexual harassment which were in effect for the year:

a. 1988
b. 1989
c. 1990
d. 1991
e. 1992
f. 1993
g. 1994
h. 1995
i. 1996
j. 1997
k. 1998
l. 1999
m. 2000

RESPONSE: See documents produced herewith.

REQUEST NO. 53. This request relates to the position paper submitted to the Rhode Island Commission for Human Rights, which is dated February 2, 2001. Any and all documents which were used, consulted, referred to, and/or relied upon in preparing the position paper.

OBJECTION AND RESPONSE: Defendants object to this Request to the extent it seeks production of documents protected from disclosure by the work product doctrine and/or attorney-

client privilege. Subject to and without waiver of the foregoing objection, Defendants referenced documents in plaintiff's personnel file and the Collective Bargaining Agreements, which have previously been produced.

REQUEST NO. 55. Any and all documents which relate to any grievance filed by, or on behalf of, plaintiff which relates to her improper or wrongful receipt of temporary disability insurance benefits.

OBJECTION AND RESPONSE: Defendants object to this Request to the extent it seeks production of documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objection, in addition to documents previously produced by Defendants (bates nos. 96, 116), see documents being produced herewith, bates nos. 788-797.

REQUEST NO. 56. Any and all documents which reflect, or relate to, any employee being disciplined, reprimanded, suspended and/or terminated for the same, or similar, reason or reasons that plaintiff was terminated.

OBJECTION AND RESPONSE: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties. Subject to and without waiver of the foregoing objection, none.

REQUEST NO. 57. Any and all documents which relate to if and how plaintiff's pension would have been affected had she not resigned.

OBJECTION AND RESPONSE: Defendants object to this Request on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome. Subject to and without waiver

of the foregoing objections, see documents previously produced by Defendants, bates nos. 57-65, 97-99, and documents produced herewith, bates nos. 798-806.

REQUEST NO. 59. This request relates to a document dated August 20, 2004 from Lynne Linden, Human Resources Specialist, to Christine Stamp, which reads: "In an effort to insure that New England Gas Company correctly pays each employee, it is now our policy that employees send in a copy of their TDI benefit statement. Failure to contact the HR Department when filing for RI TDI or failure to provide a copy of the RI TDI determination letter may result in the delay or loss of your company paid sick benefits." Produce all documents which: reflect what the policy was before the date of this letter, which relate to the implemented, and/or which relate to the reasons why such a letter was sent.

OBJECTION AND RESPONSE: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, see document bates numbered 117, previously produced by Defendants, as well as the Collective Bargaining Agreements.

DEFENDANTS,
SOUTHERN UNION COMPANY AND
NEW ENGLAND GAS COMPANY,
By their attorneys,

HOLLAND & KNIGHT LLP

Robert J. Crohan Jr.

Neal J. McNamara #4249
Robert J. Crohan Jr. #6516
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of August, 2005 a copy of the foregoing was mailed to:

Patricia E. Andrews, Esq.
Carly B. Iafrate, Esq.
170 Westminster Street, Suite 601
Providence, RI 02903.

Marilyn Lively

# 2982938_v1