**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CAROL PETRARCA,** **Plaintiff** | ) | |
| **vs.** | ) | **C.A. No.: 04-310S** |
| **SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY,** **Defendants** | ) | |

**PLAINTIFF PETRARCA'S MOTION TO COMPEL DEFENDANTS' FURTHER ANSWERS TO PLAINTIFF'S INTERROGATORIES**

Now comes the Plaintiff, Carol Petrarca, in the above-entitled action and hereby moves this Honorable Court for an Order requiring Defendants, Southern Union Company and New England Gas Company, to provide further answers to Plaintiff's First Set of Interrogatories to Defendants.

Plaintiff request that these further responses be provided within thirty (30) days of the date of hearing on this motion. In support thereof, Plaintiff relies on the attached memorandum of law.

Wherefore, Plaintiff respectfully requests that this motion be granted.

Plaintiff,
Carol Petrarca,
By her Attorneys,

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
170 Westminster St., Suite 601
Providence, RI 02903

(401) 421-0966
(401) 351-4802 (fax)

**CERTIFICATION**

I hereby certify that on the 17th day of October 2005 I mailed a copy of the within document to Neal J. McNamara, Esquire, Robert J. Crohan, Jr., Esquire, Holland & Knight LLP, One Financial Plaza, Suite 1800, Providence, Rhode Island 02903.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CAROL PETRARCA, Plaintiff | ) | |
| vs. | ) | C.A. No.: 04-310S |
| SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY, Defendants | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANTS' FURTHER ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**I. Introduction**

This is a Title VII case involving the Plaintiff, Carol Petrarca ("Plaintiff"), who was employed by Defendants, Southern Union Company, New England Gas Company, and its predecessors, from April 1988 to June 2000. While employed at the gas company, Plaintiff was subjected to sexual harassment and discrimination which created a hostile work environment and altered the terms and conditions of her employment. In June 2000, she was terminated/forced to resign which forms the basis of her retaliation claim. After exhausting her administrative remedies, she filed the instant action. In or about June 2005, Plaintiff served her First Set of Interrogatories on Defendants. In July 2005, Defendants responded with objections to nearly all of the Interrogatories See Exhibit A.[1] Approximately one-month later, Plaintiff's received partial

[1]This Court has previously granted Plaintiff's Motion to Exceed the Page Limits in terms of supplying Exhibits A & B.

substantive responses. See Exhibit B. Despite Plaintiff's Rule 37 efforts to discuss the interrogatories with Defendants, it has still refused to respond substantively to some and will not agree to supplement others.

**II. Discussion.**

Pursuant to Rule 26(b)(1) discovery should be allowed as long as it is relevant to the claim or defense of any party and not privileged. Fed. R. Civ. P. 26(b)(1). In Title VII cases "civil discovery rules are to be construed liberally * * * in order to provide plaintiff with 'broad access to employers' records.'" Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989). Because of the need for this type of discovery in disparate treatment and hostile work environment cases, "a district court can abuse its discretion by limiting a plaintiff's ability to show the atmosphere in which the plaintiff operated." Marchese, 2004 WL 2297465 (E.D. La. 2004) (citing Kelly v. Boeing Petroleum Servs., Inc., 61 F.3d 350, 358 (5th Cir. 1995).

Plaintiff seeks to have (1) objections stricken; (2) Defendants answers to those interrogatories it has not responded to substantively; and (3) further answers to those that they have only partially responded to.[2]

---

[2]For purposes of economy, Plaintiff incorporates the discussion of third-party discovery set forth in her Memorandum in Support of Plaintiff's Motion to Compel Defendants' Further Responses to Plaintiff's Request for Production of Documents (filed contemporaneously herewith) and Memorandum in Support of Objection to Defendants' Protective Order (regarding evidence of complaints made by other women).

Defendants have also alleged many interrogatories seek privileged information, are overly broad, unduly burdensome, vague and ambiguous. Defendants should be made to produce a privilege log. Defendants should also be made to explain in detail the basis for its other objections. For example, if Defendants allege a particular request is unduly burdensome then it has the burden to show exactly why and to what extent. Defendants should not be permitted to rely on its multiple "vague and ambiguous" objections when there is no true ambiguity and Defendants are avoiding giving words their common sense and/or ordinary meaning.

Individual Interrogatories

Plaintiff requests that Defendants be required to provide substantive answers to the following interrogatories. **Interrogatory 3** asks whether Defendants are aware of Plaintiff saying or doing anything that calls into question the merit or validity of her claims. Defendant has refused to answer. This makes no sense, especially in a Title VII action where Defendants will presumably be relying on the Faragher affirmative defense (that it took corrective action and/or that Plaintiff failed to take advantage of policies and procedures). If there is nothing that Defendants are aware of, then it should be required to provide that answer.

**Interrogatory 22** asks if Defendants have disciplined employees for use of inappropriate or offensive language. Defendants have refused to respond. This case involves a hostile work environment claim. Among other things, this type of evidence would corroborate Plaintiff's claims.

**Interrogatories 23 & 24** asks if Defendants have any evidence that Ed Bolduc (plaintiff's supervisor) treated male and female employees the same. Defendants have refused to respond to this highly relevant inquiry which is aimed directly at Defendants' probable defense. If there is no information, then Defendants should be required to provide that answer.

**Interrogatory 25** asks for any employees who have applied for the same job that Plaintiff held and were asked to take a physical examination. This interrogatory is aimed at discovering information about similarly-situated persons who were treated more favorably or different than Plaintiff. Defendants should be required to answer.

**Interrogatory 26** asks for the identity of any person who was initially fired but then allowed

---

Plaintiff also requests that Defendants' "General Response" and "General Objections" set forth on pages 1-3 of Exhibit A be reviewed as they are patently unfair.

to resign. This is what Defendants did to Plaintiff. The interrogatory seeks the circumstances under which this was allowed to happen for purposes of comparing the underlying event which caused the treatment. Defendants should be required to answer.

The Defendants have responded, in part, to the following interrogatories. Plaintiff seeks supplemental responses. **Interrogatory 2** because of the objections lodged it is unclear if any other documents have been withheld that are not privileged.

**Interrogatory 8** asks for information about Defendants sexual harassment policies and in particular, if and/or when they were distributed to employees. Although Defendants provide some information, it has not provided, for example, when the policies were distributed, when the posters were posted, where they are displayed, and the substance of any training.

**Interrogatory 9** asks for information about whether Plaintiff ever spoke with Defendants about the manner in which she was being treated on the job. First, because of the objections lodged, Plaintiff cannot tell if Defendants are withholding any information. Second, Defendants have identified five persons with responsive information, but have not provided anything about the substance of the information.

**Interrogatory 11** asks for information about whether any employee has failed to inform the company that he or she was receiving TDI benefits, received an overpayment, and/or was receiving workers' compensation benefits. This information is relevant to determine if other similarly-situated persons were treated the same as Plaintiff. Defendants have asserted that despite their objections, they are not withholding any information. However, Defendants have provided not response to (b) or (c) of the interrogatory (substance of the incident and who has knowledge of it).

**Interrogatory 12** asks for information about a letter concerning TDI policy at the gas

company. Specifically, the letter discusses what employees have to do to ensure that the company correctly pays them while on TDI. Because of the objections lodged, Plaintiff cannot tell if Defendants are withholding any information. Defendants have identified persons with knowledge of the letter, but have not included any information about what knowledge they have. Defendants have not stated why the policy was implemented and what information had been given to employees in the past about these policies.

**Interrogatory 14** asks for oral and written communications that Defendants had with agencies responsible for processing TDI and workers compensation benefits. The importance of this interrogatory cannot be underestimated because it would reveal if Defendants followed, or failed to follow, its normal process with respect to Plaintiff and similarly-situated persons. Defendants have not provided case-specific information.

**Interrogatory 15** asks for information about communications that Defendants had with its employees who were applying for and/or receiving workers' compensation or TDI benefits. The importance of this interrogatory cannot be underestimated because it would reveal if Defendants followed, or failed to follow, its normal process with respect to Plaintiff and similarly-situated persons. Defendants have not provided case-specific information.

**Interrogatory 20** asks for information about persons whose employment ceased for the same or **similar** reasons as Plaintiff. It appears that Defendants have only answered with respect to the "same" inquiry.

**III. Conclusion.**

For the foregoing reasons, Plaintiff respectfully requests that the Court order Defendants to answer Plaintiff's Interrogatories and/or provide Further Answers, as detailed above, within thirty

(30) days of the date of any hearing on this motion.

Plaintiff,
Carol Petrarca
By her Attorneys,

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
170 Westminster St., Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax)

**CERTIFICATION**

I hereby certify that on the 17th day of October 2005 I mailed a copy of the within document to Neal J. McNamara, Esquire, Robert J. Crohan, Jr., Esquire, Holland & Knight LLP, One Financial Plaza, Suite 1800, Providence, Rhode Island 02903.

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CAROL PETRARCA,

Plaintiff,

v. C.A. No. 04-310S

SOUTHERN UNION COMPANY, et al,

Defendants.

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule 13, Defendants Southern Union Company and New England Gas Company serves their objections to Plaintiff's First Set of Interrogatories to Defendants.

GENERAL RESPONSE

Defendants submits these answers subject to, without waiver of, and expressly preserving the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein. Defendants also submit these answers without waiver of, and expressly preserving: (a) any objections to the competency, relevance, materiality, privilege, or admissibility of any of the responses or any of the documents, if any, identified in any of the responses hereto; (b) the right to object to other discovery procedures relating to the subject matter of the responses herein; (c) the right to object on any ground, at any time, to such other or supplemental interrogatories plaintiff may at any time propound, involving or relating to the subject matter of the First Set of Interrogatories. Defendants hereby expressly preserve all of their rights, remedies and recourse against plaintiff with respect to discovery and otherwise. Inadvertent production, revelation or

identification of privileged information by Defendants is not a waiver of any applicable privilege.

Additionally, Defendants have not completed their investigation of the facts and documents relating to this action. Consequently, Defendants respond to each Interrogatory to the best of their present existing knowledge. Defendants reserve their rights to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response. Moreover, the responses contained herein are not intended to and shall not preclude Defendants from making any contentions or relying upon any facts or documents, if any, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

GENERAL OBJECTIONS

1. Defendants object to all "definitions" and "instructions" to the extent that any portion thereof exceeds the requirements of Rule 33 of the Federal Rules of Civil Procedure.

2. Defendants object to each Interrogatory in the First Set of Interrogatories to the extent that it requests information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege, and Defendants will not produce such information. To the extent any information is inadvertently produced, such production is not intended as any waiver of the attorney-client privilege or any applicable privilege.

3. Defendants object to each Interrogatory in the First Set of Interrogatories to the extent that it requests the identification of documents, if any, which attempt or purport to require disclosure to Plaintiff of privileged, confidential, proprietary, and/or trade secret information.

4. Defendants object to each Interrogatory in the First Set of Interrogatories to the extent that it requests information regarding third parties that is protected from disclosure by, *inter alia*, such third parties' rights of privacy.

5. Defendants object to each Interrogatory in the First Set of Interrogatories to the extent that it is drafted as an improper "trap" question which may attempt to elicit an admission from Defendants by mere fact of its response. Defendants do not intend by responding herein to include an inadvertent admission of any information included in the Interrogatories.

6. Nothing herein shall be construed as an admission respecting the admissibility, truth authenticity, accuracy or relevance of any information and/or documents, if any.

## OBJECTIONS TO INTERROGATORIES

INTERROGATORY NO. 1. Please identify all persons, by name, title, and current, or last known, business and home address, who have knowledge about the allegations which form the basis of plaintiff's Complaint or which relate to the information contained in your Answer to the instant Complaint including, but not limited to, those individuals who provided information which was used in the preparation of your Answer to the Complaint, any individuals involved in any investigations relating to plaintiff, each and every individual who has knowledge about what was done to respond to plaintiff's request for production of documents, any individual who has knowledge about what files and departments were searched in response to plaintiff's request for production of documents, any individuals who, directly or indirectly, provided information to the Rhode Island Commission for Human Rights, and any individuals who provided information to you which assisted in the preparation of these answers to these interrogatories; and, for each person identified, state what he or she knows.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, and unduly burdensome.

INTERROGATORY NO. 2. Please set forth the date and substance of all oral and/or written communications which relate to this lawsuit and/or which relate to defendants' answer to Plaintiff's Complaint including defendants' affirmative defenses. Your answer to plaintiff's Complaint including defendants' affirmative defenses. Your answer should include, but not be limited to, any communications to, from or about plaintiff, any communications between or among defendants, any communications between defendant any persons affiliated with or working for, a union, any communications between defendants and any person from a state or federal agency, and any communications between defendant and any health care provider.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and to the extent it seeks discovery of information protected from disclosure by the work product doctrine and attorney client privilege.

INTERROGATORY NO. 3. Are defendants, or any of their current or former agents, employees and/or representatives, aware of plaintiff doing or saying anything which directly or indirectly calls into question the validity, merit, and/or sincerity of the allegations in plaintiff's Complaint and/or aware of plaintiff saying or doing anything which directly or indirectly supports any of defendants' affirmative defenses? If the answer is yes, please:

a. Identify each person who has such information;
b. For each person identified in your answer, state what information he or she has.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 5. For the period five years before and after plaintiff was employed by the defendants and during the time that plaintiff was employed by defendants, has any current or former employee (including plaintiff) or any applicant for employment ever alleged, insinuated, suggested, implied, stated or complained, whether or not in a lawsuit or charge of discrimination, that he or she was harassed, discriminated against, disciplined, penalized, treated unfairly, differently, or adversely based upon his or her sex? If the answer is yes, please set forth each instance in which this has happened. Your answer should include, but not limited to, the identity of all persons involved including any supervisors, managers and/or officers who have knowledge of each claim, allegation, insinuation, suggestion, implication, statements, complaints, charges, and/or lawsuits, the date, substance, status, and/or disposition of each allegation, claim, insinuation, suggestion, implication, statement, complaint, charge and/or lawsuit, the names of all complainants, respondents, plaintiffs and defendants, and where any such complaints were made, filed or are pending.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 6. For the period five years before and after plaintiff ceased working for defendants and during the time that plaintiff was employed by defendants, please identify (by name, current or last known business and home address and telephone number, gender, title or position, employment history with defendants and persons to whom he or she reported) all employees who have (or allegedly have): wrongfully, improperly, mistakenly, fraudulently, and/or negligently received sick leave benefits, been overpaid by defendant for any reason, owed money to defendant for any reason, wrongfully, improperly, mistakenly,

fraudulently, and/or negligently received any benefits in excess of that to which he or she was entitled, received money from defendant under improper, false, and/or mistaken circumstances or pretenses, had to repay money, or make restitution, to defendant, stolen any money or property from defendant, and/or defrauded defendant in any way. Your answer should include, but not limited to, any person who was caught stealing gas.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 7. For each person identified in your answer to interrogatory 6, please:

(a) identify all persons who have knowledge about you answer;
(b) for each person identified in your answer to 7(a), set forth what he or she knows;
(c) describe the circumstances of each incident including whether any discipline was imposed.

OBJECTION: See Objection to Interrogatory 6.

INTERROGATORY NO. 9. Did plaintiff ever speak to defendant and/or any of its current or former employees, agents and/or representatives about the manner in which she was being treated by males on the job, that she was being subjected to sexual harassment and/or discrimination, that she was having problems with any of her supervisors, that she was having problems with a co-worker and/or that she was being treated unfairly or differently on the job? If the answer is yes, please:

(a) identify all persons who have knowledge about your answer;
(b) for each person identified in your answer to 9(a), set forth everything which he or she knows.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 10. Has defendant and/or any of its current or former agents, employees and/or representatives ever spoken to any male employee about the way that he was treating plaintiff, ever spoken to any person to determine if plaintiff was being sexually harassed or discriminated against, and/or ever spoken to any person to determine if plaintiff was being treated unfairly or adversely by any of defendant's employees? If the answer is yes, please:

(a) identify all persons who have knowledge about your answer;
(b) for each person identified in your answer to 10(a), set forth everything which he or

she knows.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 11. During the period during which plaintiff was employed by defendant and up until the present time, has any employee failed to inform defendant that he or she was receiving temporary disability insurance ("TDI") benefits, has received an overpayment of any kind, and/or was receiving workers' compensation benefits? If the answer is yes, please:

(a) identify each person who has failed to do so;
(b) describe what happened in each instance including how the incident arose and what defendant did when it learned of each instance including whether any discipline was imposed;
(c) identify all persons who have knowledge about your answer.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO.12. This interrogatory relates to a document dated August 20, 2004 from Lynne Linden, Human Resources Specialist, to Christine Stamp which reads: "In an effort to insure that New England Gas Company correctly pays each employee, it is now our policy that employees send in a copy of their TDI benefit statement. Failure to contact the HR Department when filing RI TDI or failure to provide a copy of the RI TDI determination letter may result in the delay or loss of your company paid sick benefits." Please identify all persons who have knowledge about the contents of this letter including, but not limited to, why this policy was implemented including whether there had been overpayments in the past, who was involved implementing this policy, the date and substance of any previous policies relating to these issues, and what information had been given to employees in the past about any of these issues.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 13. During the time that plaintiff was employed by the defendant and up until the present time, please identify (by name, current and/or former business and home address, telephone number, and title or position) all persons who were involved when an employee filed for temporary disability insurance benefits ("TDI"); and, for each person identified, set forth what his or her role was.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 14. During the time that plaintiff was employed by defendant and up until the present time, when an employee applied for temporary disability insurance benefits ("TDI") and/or workers' compensation benefits, please identify all oral and/or written communications which defendant had with any agency or other entity responsible for processing such benefits. Your answer should include, but not be limited to, any documents defendant sent to, and/or received from, any agency or entity and any information which defendant had to provide to any such agency or entity.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 15. During the time that plaintiff was employed by defendant and up until the present time, set forth the date and substance of any oral or written communications which defendant has with any of its employees (including plaintiff) about what their obligations were when applying for temporary disability insurance benefits ("TDI") and/or workers' compensation benefits. Your answer should include, but not be limited to, any communications relating to what would happen in the case of overpayments.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 16. During the time that plaintiff was employed by defendant and up until the present time, has defendant ever had occasion to delay, suspend, seek reimbursement for, and/or refuse to pay sick benefits for any employee? If the answer is yes, please describe each instance in which this happened. Your answer should include, but not limited to, the identity of all persons involved including the decision-makers and the employee whose sick benefits were affected, the reasons why such action was taken, and the reasons why any discipline was imposed or not imposed.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

INTERROGATORY NO. 20. Please identify, by name, gender, current and/or last known business and home address and telephone number, each person whose employment with defendant ceased for the same or similar reasons that plaintiff's employed ceased.

OBJECTION: Defendants object to this Interrogatory on the ground that it is overbroad, is not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

INTERROGATORY NO. 22. Has defendant (or any of its current or former agents, employees and/or representatives) ever disciplined, reprimanded, counseled, and/or spoken to any of defendant's employee (i) because he or she swore, (ii) because he or she used language or engaged in conduct which was crude, inappropriate or offensive, and/or (iii) because of the language he or she used. If the answer is yes, please identify, by name, gender and current and/or last known business or home address, each person who was reprimanded, counseled, disciplined and/or spoken to and set forth, in as much detail as possible, what each person did which caused them to be disciplined, reprimanded, counseled and/or spoken to.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

INTERROGATORY NO. 23. Does defendant have any evidence that Ed Bolduc treated male and female employees the same? If the answer is yes, please explain your answer in as much detail as possible.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, not calculated to lead to the discovery of admissible evidence, and seeks disclosure of counsels' mental impressions.

INTERROGATORY NO. 24. Has any male employee ever complained about the manner he was being treated by Ed Bolduc? If the answer is yes, please:

(a) identify (by name, position, current and/or former business and home address, and telephone number) each person who has complained and/or has information about your answer;
(b) for each person identified, set forth the date and substance of his complaint and/or what he or she knows.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, and not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 25. Please identify (by name, position, gender, age, current and/or former business and home address, and telephone number) all persons who have applied for a cleaning and/or maintenance job and had to take a physical examination.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

INTERROGATORY NO. 26. Please identify (by name, position, gender, age, current and/or former business and home address, and telephone number) all persons who were initially terminated and then were allowed to retire and/or resign; and for each person identified, set forth the circumstances surrounding, and/or which lead to, the registration or retirement.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, not calculated to lead to the discovery of admissible evidence, and exceeds the number of interrogatories allowed by Federal Rule of Civil Procedure 33.

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY,
By their attorneys,

HOLLAND & KNIGHT LLP

Robert J. Crohan Jr.

Neal J. McNamara #4249
Robert J. Crohan Jr. #6516
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11th day of July, 2005 a copy of the foregoing was mailed to: Patricia E. Andrews, Esq. and Carly B. Iafrate, Esq., 170 Westminster Street, Providence, RI 02903.

Marilyn [illegible]

# 3047597_v1

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CAROL PETRARCA,<br>Plaintiff,<br>v.<br>SOUTHERN UNION COMPANY, et al,<br>Defendants. | C.A. No. 04-310S |

**DEFENDANTS' ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1**. Please identify all persons, by name, title, and current, or last known, business and home address, who have knowledge about the allegations which form the basis of plaintiff's Complaint or which relate to the information contained in your Answer to the instant Complaint including, but not limited to, those individuals who provided information which was used in the preparation of your Answer to the Complaint, any individuals involved in any investigations relating to plaintiff, each and every individual who has knowledge about what was done to respond to plaintiff's request for production of documents, any individual who has knowledge about what files and departments were searched in response to plaintiff's request for production of documents, any individuals who, directly or indirectly, provided information to the Rhode Island Commission for Human Rights, and any individuals who provided information to you which assisted in the preparation of these answers to these interrogatories; and, for each person identified, state what he or she knows.

**OBJECTION AND RESPONSE**: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, and unduly burdensome. Subject to and without waiver of the foregoing objections: Defendants are currently aware of the following: Henry A. Butler, former Director of Labor Relations, has knowledge regarding plaintiff's employment history, her complaint about the storage closet incident and the company's response, and the circumstances surrounding plaintiff's separation from the company. Ed Bolduc,

plaintiff's former supervisor, has knowledge regarding plaintiff's employment history, job performance, and the storage room incident.

**INTERROGATORY NO. 2.** Please set forth the date and substance of all oral and/or written communications which relate to this lawsuit and/or which relate to defendants' answer to Plaintiff's Complaint including defendants' affirmative defenses. Your answer should include, but not be limited to, any communications to, from or about plaintiff, any communications between or among defendants, any communications between defendant any persons affiliated with or working for, a union, any communications between defendants and any person from a state or federal agency, and any communications between defendant and any health care provider.

**OBJECTION AND RESPONSE:** Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and to the extent it seeks discovery of information protected from disclosure by the work product doctrine and attorney client privilege. Subject to and without waiver of the foregoing objections, Henry Butler spoke with the plaintiff, Christine Stamp, and Ed Bolduc regarding the storage room incident. He also spoke with the investigator for the RICHR regarding plaintiff's complaint. Mr. Butler also spoke to plaintiff, her attorney, and union representatives regarding her separation from the company.

**INTERROGATORY NO. 4.** Identify each person whom you expect to call as an expert witness at trial, and for each, state the subject matter on which said expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. In addition, please identify all reports or other documents prepared by said expert.

**RESPONSE:** Defendants have not decided whether to retain an expert at this time. Defendants reserve the right to supplement their response to this Interrogatory at a later date.

**INTERROGATORY NO. 5.** For the period five years before and after plaintiff was employed by the defendants and during the time that plaintiff was employed by defendants, has any current or former employee (including plaintiff) or any applicant for employment ever alleged, insinuated, suggested, implied, stated or complained, whether or not in a lawsuit or charge of discrimination, that he or she was harassed, discriminated against, disciplined, penalized, treated unfairly, differently, or adversely based upon his or her sex? If the answer is yes, please set forth each instance in which this has happened. Your answer should include, but not limited to, the identity of all persons involved including any supervisors, managers and/or officers who have knowledge of each claim, allegation, insinuation, suggestion, implication, statements, complaints, charges, and/or lawsuits, the date, substance, status, and/or disposition of each allegation, claim, insinuation, suggestion, implication, statement, complaint, charge and/or lawsuit, the names of all complainants, respondents, plaintiffs and defendants, and where any such complaints were made, filed or are pending.

**OBJECTION AND RESPONSE:** Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, Lynore Horn, Christine Stamp, Roberta Faria and Wendy Smith have made claims regarding sex discrimination/harassment.

**INTERROGATORY NO. 6.** For the period five years before and after plaintiff ceased working for defendants and during the time that plaintiff was employed by defendants, please identify (by name, current or last known business and home address and telephone number, gender, title or position, employment history with defendants and persons to whom he or she reported) all employees who have (or allegedly have): wrongfully, improperly, mistakenly, fraudulently, and/or negligently received sick leave benefits, been overpaid by defendant for any reason, owed money to defendant for any reason, wrongfully, improperly, mistakenly, fraudulently, and/or negligently received any benefits in excess of that to which he or she was entitled, received money from defendant under improper, false, and/or mistaken circumstances or pretenses, had to repay money, or make restitution, to defendant, stolen any money or property from defendant, and/or defrauded defendant in any way. Your answer should include, but not limited to, any person who was caught stealing gas.

**OBJECTION AND RESPONSE:** Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waving the foregoing objections, in addition to plaintiff, Kenneth Mace, a service technician, was terminated in 1983

for theft of natural gas (he turned his residential gas meter backwards). The company reinstated him the day of the arbitration without back pay for the six months he was out of work. He has retired.

**INTERROGATORY NO. 8.** During the period in which the plaintiff was employed and up until the present time, please set forth everything which defendant has done to prevent or alleviate sexual harassment in the workplace. Your answer should include, but not limited to, the date and substance of any communications to employees about sexual harassment, the date and substance of any training on sexual harassment, and/or the promulgation and dissemination of any sexual harassment policies or procedures.

**RESPONSE:** Defendants' sexual harassment policy, which has been in place since the 1980s, prohibits sexual harassment, explains what an employee should do if s/he believed they were being subject to sexual harassment, and provides multiple avenues of complaint. In addition to the distribution of written policies, the company's anti-discrimination and harassment policies and procedures are currently available on the intranet to all employees. Managers were charged with distributing the sexual harassment policy to their employees, and making them aware of its contents. Posters containing a comprehensive overview of labor and employment laws, including provisions on sexual harassment have been, and continue to be, displayed at each worksite.

In or about 1998, Grant Keith, the then Director of Organizational Development for Providence Gas, brought in an outside consultant to do harassment training for all supervisors, managers, and executives. Similarly, in or about 2000, Susann Mark, the then General Counsel of Providence Gas, brought in an outside consultant to do harassment training for all supervisors, managers, and executives.

Defendants conducted company wide diversity training beginning in the Fall of 2002, which included training on sexual harassment. These classes were approximately 3-4 hours in

length and were conducted primarily in small group workshop format. The company's policies and procedures were discussed and the written policies were distributed to attendees.

In the Fall of 2004, the company conducted sexual harassment training for all employees. The company's policies were distributed to attendees at these sessions.

All supervisors and managers are required to complete a comprehensive training program which includes a module on sexual harassment.

Finally, as the prevention and alleviation of sexual harassment in the workplace is an ongoing process that requires the participation of all employees, it is impossible for the company to list each and every action taken in that regard.

**INTERROGATORY NO. 9.** Did plaintiff ever speak to defendant and/or any of its current or former employees, agents and/or representatives about the manner in which she was being treated by males on the job, that she was being subjected to sexual harassment and/or discrimination, that she was having problems with any of her supervisors, that she was having problems with a co-worker and/or that she was being treated unfairly or differently on the job? If the answer is yes, please:

(a) identify all persons who have knowledge about your answer;
(b) for each person identified in your answer to 9(a), set forth everything which he or she knows.

**OBJECTION AND RESPONSE**: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waving the foregoing objections, defendants are currently aware that those who are aware of such complaints include Ed Bolduc, Ray Conroy, Frank Devlin, Henry Butler, and Paul Cardin.

**INTERROGATORY NO. 10.** Has defendant and/or any of its current or former agents, employees and/or representatives ever spoken to any male employee about the way that he was

treating plaintiff, ever spoken to any person to determine if plaintiff was being sexually harassed or discriminated against, and/or ever spoken to any person to determine if plaintiff was being treated unfairly or adversely by any of defendant's employees? If the answer is yes, please:

(a) identify all persons who have knowledge about your answer;
(b) for each person identified in your answer to 10(a), set forth everything which he or she knows.

**OBJECTION AND RESPONSE**: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, Henry Butler spoke with Ed Bolduc in response to plaintiff's complaint about the storage room incident. In addition, Ed Bolduc called a department meeting in 1990 to discuss the policy against sexual harassment in response to a complaint by plaintiff.

**INTERROGATORY NO. 11.** During the period during which plaintiff was employed by defendant and up until the present time, has any employee failed to inform defendant that he or she was receiving temporary disability insurance ("TDI") benefits, has received an overpayment of any kind, and/or was receiving workers' compensation benefits? If the answer is yes, please:

(a) identify each person who has failed to do so;
(b) describe what happened in each instance including how the incident arose and what defendant did when it learned of each instance including whether any discipline was imposed;
(c) identify all persons who have knowledge about your answer.

**OBJECTION AND RESPONSE**: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, the only such person that defendants are aware of, other than plaintiff, is Keith Cotnoir.

**INTERROGATORY NO.12.** This interrogatory relates to a document dated August 20, 2004 from Lynne Linden, Human Resources Specialist, to Christine Stamp which reads: "In an effort to insure that New England Gas Company correctly pays each employee, it is now our policy that employees send in a copy of their TDI benefit statement. Failure to contact the HR Department when filing RI TDI or failure to provide a copy of the RI TDI determination letter may result in the delay or loss of your company paid sick benefits." Please identify all persons who have knowledge about the contents of this letter including, but not limited to, why this policy was implemented including whether there had been overpayments in the past, who was involved implementing this policy, the date and substance of any previous policies relating to these issues, and what information had been given to employees in the past about any of these issues.

**OBJECTION AND RESPONSE**: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, the following people would have knowledge of the mentioned letter and why it was created: Lynne Linden, Henry Butler, Joan Chaffee, and D'Anna Soehnge. Since at least 1991, the governing collective bargaining agreements have required that employees inform the employer when they are receiving TDI payments, and further provide that the employee will receive the difference between their regular pay and the TDI payments. When RITDI sent an employment verification report indicating that an employee had filed for TDI, Human Resources would notify payroll and the maximum TDI benefit would be deducted from an employee's pay. Prior to July 1, 2002, the amount allowed for dependents was not added into the maximum TDI amount. Adjustments would be made when an employee provided the TDI benefit statement or copies of the TDI checks. One employee, Keith Cotnoir, failed to provide the TDI statement for a prolonged period of time. (See TDI verification statement for him dated 6/25/02). Bud Butler sent an e-mail to Joan Chaffee, D'Anna Soehnge and Lynne Linden as a follow-up to a conversation on June 24, 2002 regarding this issue. Joan Chaffee sent Mr. Cotnoir a letter on 9/3/02 indicating that verification

was required for payment of correct make-up pay. (See copy of the e-mail Joan sent to Lynne Linden on 9/3/03 regarding deducting the full amount of possible TDI payments from Mr. Cotnoir's pay if the proof of TDI amount was not sent.) Therefore, the policy reflected in the August 20, 2004 letter was in place since 2002.

**INTERROGATORY NO. 13.** During the time that plaintiff was employed by the defendant and up until the present time, please identify (by name, current and/or former business and home address, telephone number, and title or position) all persons who were involved when an employee filed for temporary disability insurance benefits ("TDI"); and, for each person identified, set forth what his or her role was.

**OBJECTION AND RESPONSE**: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissi evidence.

Subject to and without waiver of the foregoing objections, the following people have been involved with the TDI process at New England Gas Company: Karen Hall, Lorraine Cipriano, Richard Muto, Lynne Linden, and Amanda Allan.

All of the above have been or are HR assistants. Prior to the time when Richard Muto handled TDI, beginning in September of 2000, the TDI form (Verification Reports) was sent directly to Payroll. Payroll clerks provided the last date worked and sent the form to HR to be signed and returned to TDI. Payroll clerks at this time were Mary Paquet, Lisa Pimental, and Joanne Zito. At some point after 9/2000, the HR assistant received and completed the verification reports. The names of people sent by RI TDI and the amounts reported as being received were then provided to Payroll. After Lynne Linden began handling the TDI process, RI TDI ceased to provide forms for the company to give to the employee and the employee was required to contact RI TDI directly. Beginning in 2002,

Amanda Allen and Lynne Linden have sent the letter mentioned in the above Interrogatory to employees receiving TDI.

Kathy Wall (Safety & Health Supervisor) or Natalie Pereira (Safety & Health Assistant) send a letter from Health and Safety to any employee out ill for more than three days. This letter directs the employee to contact TDI and indicates the consequence of failing to provide a copy of the determination letter to HR.

Current Payroll Clerks Mary Paquet, Juanita Dubuc, Paula Moretti and Deanna Perry receive the names of people receiving TDI and deduct the maximum amount until provided with the TDI benefit information from HR.

**INTERROGATORY NO. 14.** During the time that plaintiff was employed by defendant and up until the present time, when an employee applied for temporary disability insurance benefits ("TDI") and/or workers' compensation benefits, please identify all oral and/or written communications which defendant had with any agency or other entity responsible for processing such benefits. Your answer should include, but not be limited to, any documents defendant sent to, and/or received from, any agency or entity and any information which defendant had to provide to any such agency or entity.

**OBJECTION AND RESPONSE**: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, please see Objection and Response to Interrogatory 13. In addition, with respect to workers' compensation, a first report of injury is filed. The company's Safety Department receives medical information to check that the employee's injury is work-related and that the applicant is disabled from working. The Safety Department deals with the workers' compensation carrier.

**INTERROGATORY NO. 15.** During the time that plaintiff was employed by defendant and up until the present time, set forth the date and substance of any oral or written communications which defendant has with any of its employees (including plaintiff) about what their obligations were when applying for temporary disability insurance benefits ("TDI") and/or workers' compensation benefits. Your answer should include, but not be limited to, any communications relating to what would happen in the case of overpayments.

**OBJECTION AND RESPONSE**: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to that Objection, please see Objection and Response to Interrogatory 13. In addition, with respect to workers' compensation, a first report of injury is filed. The company's Safety Department receives medical information to check that the employee's injury is work-related and that the applicant is disabled from working. The Safety Department deals with the workers' compensation carrier.

**INTERROGATORY NO. 16.** During the time that plaintiff was employed by defendant and up until the present time, has defendant ever had occasion to delay, suspend, seek reimbursement for, and/or refuse to pay sick benefits for any employee? If the answer is yes, please describe each instance in which this happened. Your answer should include, but not limited to, the identity of all persons involved including the decision-makers and the employee whose sick benefits were affected, the reasons why such action was taken, and the reasons why any discipline was imposed or not imposed.

**OBJECTION AND RESPONSE**: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties. Subject to and without waiver of the foregoing objections, Keith Cotnoir and Carol Petrarca.

**INTERROGATORY NO. 17.** The interrogatory relates to a letter dated June 8, 2000 from Henry A. Butler to plaintiff and the sentence on the first page which reads: "On approximately March 3, 2000, the Company received information that you had reapplied for RITDI benefits, and I sent you a certified letter requesting that you provide me with documentation showing that status of your claim." Please set forth, in as much detail as possible, how defendant learned that plaintiff has re-applied for RITDI benefits.

**RESPONSE:** Henry Butler cannot recall how he received this information. However, there is an employment verification report from RI TDI sent 2/10/00 that was returned on 2/16/00 by fax. The report requested verification that Carol's last day of work was 10/14/99. This report followed a letter dated 11/22/99 from RI TDI stating that plaintiff's TDI claim had been terminated as of 11/20/99. There is a note attached to the report of 2/10/00 indicating that Lorraine Cipriano called TDI on 2/23/00 and was told by a clerk that plaintiff would have received benefit information on 2/10/00 stating if she was eligible to collect. The clerk at TDI would not reveal the status of her most recent filing.

**INTERROGATORY NO. 18.** This interrogatory also relates to a letter referred to in paragraph 17 and the language which reads: "As a result of an investigation, an interview with you and review of available documents, the Company has decided that you knew or should have known that you were improperly receiving sick leave benefits in excess of those to which you were entitled under the Collective Bargaining Agreement. Your actions in this matter are just cause to terminate your employment effectively." Please set forth:

(a) what the "investigation" entailed including all persons involved, interviewed, and what each person said or did;
(b) what documents were reviewed and/or relied upon;
(c) what facts defendant had to support the allegation that plaintiff "knew or should have known" that she was improperly receiving sick leave benefits.

**RESPONSE:** Henry Butler called the plaintiff in to meet with him. The plaintiff may have been accompanied by a union representative. The parties reviewed documents at the meeting, including payroll stubs, which verified that plaintiff had been receiving both TDI and 100 percent of her pay from the company. The CBA provides that the company will pay the difference between what TDI pays and the employee's regular pay such that the employee will receive 100 percent of their pay while out of work on TDI. It does not allow for an employee to receive TDI benefits while also receiving 100 percent of her regular pay. Mr. Butler questioned the plaintiff about the matter. The plaintiff claimed she did not know she could not receive both

TDI benefits and 100 percent of her pay from the company. The company concluded that the plaintiff knew or should have known of the CBA provision providing for supplementation, not duplication, because it was in the CBA and because she had made a claim under the provision when her TDI claim was initially denied.

**INTERROGATORY NO. 19.** This interrogatory also relates to the letter referred to in paragraph 17. Please explain why defendant decided to terminate plaintiff as opposed to some other form of lesser discipline and why defendant could not have simply asked for restitution from plaintiff.

**RESPONSE:** The company concluded that the plaintiff knowingly took from the company money to which she was not entitled. The company believed termination was the appropriate discipline for this serious misconduct. The company sought restitution, but plaintiff stated that she no longer had the money, and could not repay.

**INTERROGATORY NO. 20.** Please identify, by name, gender, current and/or last known business and home address and telephone number, each person whose employment with defendant ceased for the same or similar reasons that plaintiff's employment ceased.

**OBJECTION AND RESPONSE**: Defendants object to this Interrogatory on the ground that it is overbroad, and is not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, the company is aware of no employee whose employment terminated for the same reasons that plaintiff's employment ceased. Nor is the company aware of any employee who engaged in the same conduct as plaintiff.

**INTERROGATORY NO. 21.** Does defendant claim that it exercised reasonable care to prevent and promptly correct acts of sexual harassment in its workplace and that plaintiff failed to take advantage of any preventative and corrective opportunities provided by defendant or to

otherwise avoid harm at any time during her employment? If so, please set forth, in as much detail as possible, all facts in support of this claim.

**RESPONSE**: Yes. The defendants' policies provided multiple avenues of complaint. Plaintiff complained to Edward Bolduc of sexual harassment in 1990, which complaint was resolved at the supervisory level. She complained of sexual harassment again in 1999 with respect to Mr. Bolduc's entry into a room she occupied with Christine Stamp. That complaint was investigated and resolved. Defendants are unaware of any other complaint by plaintiff of sexual harassment.

**VERIFICATION**

D'Anna Soehnge, affirms that I am the Vice President of Human Resources of New England Gas Company, a division of Southern Union Company; that those answers in the Responses of Defendants to Plaintiff's First Set of Interrogatories of which I have personal knowledge are true; that all of the matters stated therein are not within my personal knowledge and that those matters that are not within my personal knowledge have been assembled by authorized employees, agents, and representatives of Defendant, and I am informed that those facts are true. I verify under penalty of perjury that the foregoing is true and correct. Executed on 16 day of August, 2005. Providence, Rhode Island.

D'Anna Soehnge

DEFENDANTS,

SOUTHERN UNION COMPANY AND
NEW ENGLAND GAS COMPANY,
By its attorneys,

HOLLAND & KNIGHT LLP

Neal J. McNamara #4249
Robert J. Crohan Jr. #6516
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of August, 2005 a copy of the foregoing was mailed to:

Patricia E. Andrews, Esq.
Carly B. Iafrate, Esq.
170 Westminster Street, Suite 601
Providence, RI 02903

# 2981583_v1