UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LYNORE I. HORN,
Plaintiff,
v.
SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY
Defendants.

C.A. No. 04-434-S

CAROL PETRARCA,
Plaintiff,
v.
SOUTHERN UNION COMPANY, et al.,
Defendants.

✓ C.A. No. 04-310-S

**DEFENDANT'S REPLY TO PLAINTIFFS' OBJECTION TO MOTION FOR PROTECTIVE ORDER**

Plaintiffs would have the Court believe that Defendants are trying to prohibit them from obtaining relevant discovery at deposition concerning treatment of other female employees in the workplace.[1] That is not the case. What Defendants are seeking to prohibit is digression into matters not relevant to the claims of the party conducting the deposition.

Such an impermissible inquiry occurred during the deposition of Ed Bolduc taken in the Horn case. Bolduc is Horn's former supervisor. During the course of that deposition, plaintiff's

[1] The memoranda submitted by plaintiffs Horn and Petrarca in opposition to Defendants' motion put forth legal arguments that, for all intents and purposes, are identical. Thus, this memorandum functions as a reply to both.

counsel deviated into questioning Bolduc concerning the circumstances of Petrarca's June 2000 termination. *See* Bolduc Dep. at 82:15 – 84:15. Petrarca was fired in when the Defendant discovered that she had been accepting 100% of her pay from the company at the same time she was receiving Temporary Disability Insurance benefits from the State of Rhode Island, contrary to the governing Collective Bargaining Agreement. Considering that Horn's discrimination suit asserts no claim of wrongful discharge, this line of questioning was itself of dubious relevance. Even so, Defendant allowed the questioning to continue.

It was only when plaintiff's counsel went one step further – asking about instances in which Bolduc may have been aware of other employees who stole gas from the company or received monies from the company that they were not entitled to - that Defense counsel objected. *See* Bolduc Dep. at 84:16 – 87:8. Horn's claims involve no allegation of discriminatory discipline for having stolen property or improperly retaining monies from the Company. Information concerning whether other employees may have stolen Company property or improperly retained Company funds and how the Company addressed the matter is simply not relevant to Horn's claims. *See* Fed. R. Civ. P. 26(b)(1) (instructing that discovery is limited to matters "relevant to the claim or defense of any party").

This information might be relevant to Petrarca's claims. But if Petrarca wishes to obtain discovery concerning whether male employees were similarly situated and how they were disciplined for similar offenses, she must do so in her own case. She may not use the Horn case to conduct discovery relevant only to her case. *See generally Beard v. New York Cent. R.R. Co.*, 20 F.R.D. 607, 609 (N.D. Oh. 1957) (instructing that the rules "are designed to be used solely for the purpose of obtaining information for use in the federal court action in which they are employed."); *Elm Energy & Recycling (U.K.) Ltd. v. Basic*, 1996 WL 596456, at *7 (N.D. Ill.

Oct. 9, 1996) ("Although the federal rules allow for broad discovery, they do not sanction the use of discovery in one case as a sham for conducting discovery solely for a different case").

Because this issue is likely to recur as discovery depositions proceed in these cases, a protective order should be entered precluding plaintiffs from seeking to obtain discovery that is not relevant to the claims or defenses in the case in which the witness is being deposed.[2]

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY,
By their attorneys,

HOLLAND & KNIGHT LLP

Robert J. Crohan Jr.

Neal J. McNamara #4249
Robert J. Crohan Jr. #6516
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of October, 2005 a copy of the foregoing was mailed to:

Patricia E. Andrews, Esq.
Carly B. Iafrate, Esq.
170 Westminster Street, Suite 601
Providence, RI 02903

Marilyn Lowely

# 3315000_v2

[2] Defendants again note that plaintiffs declined the Court's invitation to consolidate discovery in these matters. Having made the strategic choice to keep discovery separate, they cannot now conduct discovery as though the cases were consolidated.