UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CAROL PETRARCA,

Plaintiff,

v.

SOUTHERN UNION COMPANY, et al,

Defendants.

C.A. No. 04-310S

**OBJECTION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' FURTHER ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendants Southern Union Company and New England Gas Company object to the Plaintiff's Motion To Compel Defendants' Further Answers To Plaintiff's First Set of Interrogatories. In support of this objection, Defendants rely upon the memorandum submitted herewith.

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY,
By its attorneys,

HOLLAND & KNIGHT LLP

Neal J. McNamara #4249
Robert J. Crohan Jr. #6516
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2nd day of November, 2005 a copy of the foregoing was mailed to:

Patricia E. Andrews, Esq.
Carly B. Iafrate, Esq.
170 Westminster Street, Suite 601
Providence, RI 02903

Michele Biagetti

# 3349583_v1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CAROL PETRARCA,

Plaintiff,

v. C.A. No. 04-310S

SOUTHERN UNION COMPANY,
et al,

Defendants.

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' FURTHER ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendants Southern Union Company and New England Gas Company submit this Memorandum in opposition to Plaintiff's Motion To Compel Defendants' Further Answers To Plaintiff's First Set of Interrogatories. For the reasons discussed herein, plaintiff's motion should be denied.

## INTRODUCTION

Plaintiff's interrogatories are as broad and sweeping as defense counsel has ever encountered. Given the manner in which the at-issue interrogatories are drafted, Defendants' objections are valid, as demonstrated herein. Many are vague, overbroad, and unduly burdensome on their face. Numerous interrogatories are extraordinarily expansive, clearly encompassing matters not relevant to the claims or defenses being litigated in this case.

Notwithstanding their objections, Defendants have provided answers to unobjectionable interrogatories and are in the process of supplementing their answers to provide additional responsive information to plaintiff. In short, Defendants have acted in good faith in responding and objecting to plaintiff's interrogatories.

## DISCUSSION

For the Court's convenience, Defendants will set forth in full the specific interrogatories and objections at issue followed by a discussion of why Defendants' objections are valid and/or their answers sufficient.

> INTERROGATORY NO. 3. Are defendants, or any of their current or former agents, employees and/or representatives, aware of plaintiff doing or saying anything which directly or indirectly calls into question the validity, merit, and/or sincerity of the allegations in plaintiff's Complaint and/or aware of plaintiff saying or doing anything which directly or indirectly supports any of defendants' affirmative defenses? If the answer is yes, please:
>
> a. Identify each person who has such information;
> b. For each person identified in your answer, state what information he or she has.
>
> OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

Discussion: Defendants' objections are well-founded. In her motion, plaintiff states that Defendants should answer this interrogatory because they have asserted the *Faragher* defense. Defendants submit that this interrogatory, as drafted, does not encompass the *Faragher* defense. Indeed, plaintiff has propounded an interrogatory addressing Defendants' *Faragher* defense, Interrogatory number 21, which Defendants have answered and which is not at issue in the present motion to compel.

> INTERROGATORY NO. 22. Has defendant (or any of its current or former agents, employees and/or representatives) ever disciplined, reprimanded, counseled, and/or spoken to any of defendant's employee (i) because he or she swore, (ii) because he or she used language or engaged in conduct which was crude, inappropriate or offensive, and/or (iii) because of the language he or she used. If the answer is yes, please identify, by name, gender and current and/or last known business or home address, each person who was reprimanded, counseled, disciplined and/or spoken to and set forth, in as much detail as possible, what each person did which caused them to be disciplined, reprimanded, counseled and/or spoken to.

<u>OBJECTION</u>: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

<u>Discussion</u>: This interrogatory is overbroad and unduly burdensome on its face. It is not limited in time, geographic scope, or subject matter. As drafted, the interrogatory would require Defendants to identify incidents occurring decades ago, long before the plaintiff was even employed with the company. Moreover, there is no limitation with respect to the workplace(s) at which the plaintiff was employed. The interrogatory is also unduly burdensome. Complying with the interrogatory would require Defendants to review the personnel file of every employee it has ever employed and interview every supervisor it has eve employed.

<u>INTERROGATORY NO. 23.</u> Does defendant have any evidence that Ed Bolduc treated male and female employees the same? If the answer is yes, please explain your answer in as much detail as possible.

<u>OBJECTION</u>: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, not calculated to lead to the discovery of admissible evidence, and seeks disclosure of counsels' mental impressions.

<u>Discussion</u>: Defendants' objections are valid. What do plaintiff's mean by "treated ... the same."? Under what circumstances? During what time period? Which employees? The same with respect to work assignments? With respect to the manner in which he spoke with them? The request is vague and overbroad.

Moreover, this interrogatory necessarily calls for the revelation of counsel's mental impressions, opinions, and conclusions as to what information of which they are aware constitutes "evidence" regarding the topic. This includes, *inter alia*, counsels' assessment of facts and witness credibility. These mental impressions, opinions, and conclusions are protected from disclosure by the work product doctrine. *See, e.g., Hickman v. Taylor,* 329 U.S. 495, 510

(1947) (instructing that opinions formed by attorneys as part of the mental process of analyzing a case are protected from disclosure).

INTERROGATORY NO. 24. Has any male employee ever complained about the manner he was being treated by Ed Bolduc? If the answer is yes, please:

(a) identify (by name, position, current and/or former business and home address, and telephone number) each person who has complained and/or has information about your answer;

(b) for each person identified, set forth the date and substance of his complaint and/or what he or she knows.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, and not calculated to lead to the discovery of admissible evidence.

Discussion: Defendants are producing Bolduc's disciplinary records, and any grievances filed by employees concerning the conduct of Bolduc. Other than the plaintiff, Lynore Horn, and Christine Stamp (all of whom are represented in litigation against Defendants by plaintiff's counsel), Defendants are aware of no other complaints made by employees regarding the manner in which they were treated by Bolduc.

INTERROGATORY NO. 25. Please identify (by name, position, gender, age, current and/or former business and home address, and telephone number) all persons who have applied for a cleaning and/or maintenance job and had to take a physical examination.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: Plaintiff has not alleged in her administrative charge or her judicial complaint any claim regarding discrimination with respect to having to take a physical examination. Moreover, this interrogatory contains no temporal limitation.

INTERROGATORY NO. 26. Please identify (by name, position, gender, age, current and/or former business and home address, and telephone number) all persons who were initially terminated and then were allowed to retire and/or resign; and for each person identified, set forth the circumstances surrounding, and/or which lead to, the registration or retirement.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, not calculated to lead to the discovery of admissible evidence, and exceeds the number of interrogatories allowed by Federal Rule of Civil Procedure 33.

Discussion: This interrogatory is objectionable because it exceeds the number allowed by Federal Rule of Civil Procedure 26. Plaintiff has not sought or obtained permission from the Court to propound additional interrogatories.

Plaintiff seeks to compel Defendants to provide supplemental answers for the following interrogatories.

INTERROGATORY NO. 2. Please set forth the date and substance of all oral and/or written communications which relate to this lawsuit and/or which relate to defendants' answer to Plaintiff's Complaint including defendants' affirmative defenses. Your answer should include, but not be limited to, any communications to, from or about plaintiff, any communications between or among defendants, any communications between defendant any persons affiliated with or working for, a union, any communications between defendants and any person from a state or federal agency, and any communications between defendant and any health care provider.

OBJECTION AND RESPONSE: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and to the extent it seeks discovery of information protected from disclosure by the work product doctrine and attorney client privilege. Subject to and without waiver of the foregoing objections, Henry Butler spoke with the plaintiff, Christine Stamp, and Ed Bolduc regarding the storage room incident. He also spoke with the investigator for the RICHR regarding plaintiff's complaint. Mr. Butler also spoke to plaintiff, her attorney, and union representatives regarding her separation from the company.

Discussion: Defendants have answered sufficiently. This interrogatory is clearly overbroad and unduly burdensome on its face.

INTERROGATORY NO. 8. During the period in which the plaintiff was employed and up until the present time, please set forth everything which defendant has done to prevent or alleviate sexual harassment in the workplace. Your answer should include, but not limited to, the date and substance of any communications to employees about sexual harassment, the date and substance of any training on sexual harassment, and/or the promulgation and dissemination of any sexual harassment policies or procedures.

RESPONSE: Defendants' sexual harassment policy, which has been in place since the 1980s, prohibits sexual harassment, explains what an employee should do if s/he believed they were being subject to sexual harassment, and provides multiple avenues of complaint. In addition to the distribution of written policies, the company's anti-discrimination and harassment policies and procedures are currently available on the intranet to all employees. Managers were charged with distributing the sexual harassment policy to their employees, and making them aware of its contents. Posters containing a comprehensive overview of labor and employment laws, including provisions on sexual harassment have been, and continue to be, displayed at each worksite.

In or about 1998, Grant Keith, the then Director of Organizational Development for Providence Gas, brought in an outside consultant to do harassment training for all supervisors, managers, and executives. Similarly, in or about 2000, Susann Mark, the then General Counsel of Providence Gas, brought in an outside consultant to do harassment training for all supervisors, managers, and executives.

Defendants conducted company wide diversity training beginning in the Fall of 2002, which included training on sexual harassment. These classes were approximately 3-4 hours in length and were conducted primarily in small group workshop format. The company's policies and procedures were discussed and the written policies were distributed to attendees.

In the Fall of 2004, the company conducted sexual harassment training for all employees. The company's policies were distributed to attendees at these sessions.

All supervisors and managers are required to complete a comprehensive training program which includes a module on sexual harassment.

Finally, as the prevention and alleviation of sexual harassment in the workplace is an ongoing process that requires the participation of all employees, it is impossible for the company to list each and every action taken in that regard.

Discussion: Defendants will be providing additional information concerning sexual harassment training to non-managerial employees in the 1990s. Otherwise, Defendants have answered this interrogatory sufficiently. In her motion, plaintiff states that Defendants have failed to provide detailed information concerning distribution of policies to employees, the posting of policies in the workplace, and the substance of training. Defendants have stated that

policies were distributed to employees at training sessions. The substance of the training is summarized in the answer and documents from training sessions have been produced to plaintiff. While Defendants' answer does not address the posting of policies in the workplace, they did not interpret plaintiff's interrogatory as seeking this information and plaintiff's counsel did not request this information when conferring with defense counsel. Plaintiff's motion should be denied with respect to interrogatory number 8.

> INTERROGATORY NO. 9. Did plaintiff ever speak to defendant and/or any of its current or former employees, agents and/or representatives about the manner in which she was being treated by males on the job, that she was being subjected to sexual harassment and/or discrimination, that she was having problems with any of her supervisors, that she was having problems with a co-worker and/or that she was being treated unfairly or differently on the job? If the answer is yes, please:
>
> (a) identify all persons who have knowledge about your answer;
>
> (b) for each person identified in your answer to 9(a), set forth everything which he or she knows.
>
> OBJECTION AND RESPONSE: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waving the foregoing objections, defendants are currently aware that those who are aware of such complaints include Ed Bolduc, Ray Conroy, Frank Devlin, Henry Butler, and Paul Cardin.

Discussion: Defendants have answered sufficiently by identifying those persons who are aware of plaintiff's complaints. If plaintiff wants to ascertain "everything" which each person knows, she is free to take their depositions. Defendants are not obligated to conduct plaintiff's discovery for her by interviewing each person and then providing plaintiff the fruits of Defendants' work product. Moreover, Defendants should not be required to attest under oath as to "everything" a number of present and former employees knows about a topic.

> INTERROGATORY NO. 11. During the period during which plaintiff was employed by defendant and up until the present time, has any employee failed to inform

defendant that he or she was receiving temporary disability insurance ("TDI") benefits, has received an overpayment of any kind, and/or was receiving workers' compensation benefits? If the answer is yes, please:

(a) identify each person who has failed to do so;

(b) describe what happened in each instance including how the incident arose and what defendant did when it learned of each instance including whether any discipline was imposed;

(c) identify all persons who have knowledge about your answer.

OBJECTION AND RESPONSE: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, the only such person that defendants are aware of, other than plaintiff, is Keith Cotnoir.

Discussion: The circumstances of the Keith Cotnoir matter are set forth in Defendants' answer to interrogatory number 12, which provides in pertinent part:

> One employee, Keith Cotnoir, failed to provide the TDI statement for a prolonged period of time. (See TDI verification statement for him dated 6/25/02). Bud Butler sent an e-mail to Joan Chaffee, D'Anna Soehnge and Lynne Linden as a follow-up to a conversation on June 24, 2002 regarding this issue. Joan Chaffee sent Mr. Cotnoir a letter on 9/3/02 indicating that verification was required for payment of correct make-up pay. (See copy of the e-mail Joan sent to Lynne Linden on 9/3/03 regarding deducting the full amount of possible TDI payments from Mr. Cotnoir's pay if the proof of TDI amount was not sent. )

Defendants will be producing documents relating to the Cotnoir matter. The persons with knowledge are those identified, Keith Cotnoir, Bud Butler, Joan Chaffee, D'Anna Soehnge, and Lynne Linden.

INTERROGATORY NO. 12. This interrogatory relates to a document dated August 20, 2004 from Lynne Linden, Human Resources Specialist, to Christine Stamp which reads: "In an effort to insure that New England Gas Company correctly pays each employee, it is now our policy that employees send in a copy of their TDI benefit statement. Failure to contact the HR Department when filing RI TDI or failure to provide a copy of the RI TDI determination letter may result in the delay or loss of your company paid sick benefits." Please identify all persons who have knowledge about the contents of this letter including, but not limited to, why this policy was implemented including whether there had been overpayments in the past, who was involved implementing this

policy, the date and substance of any previous policies relating to these issues, and what information had been given to employees in the past about any of these issues.

OBJECTION AND RESPONSE: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, the following people would have knowledge of the mentioned letter and why it was created: Lynne Linden, Henry Butler, Joan Chaffee, and D'Anna Soehnge. Since at least 1991, the governing collective bargaining agreements have required that employees inform the employer when they are receiving TDI payments, and further provide that the employee will receive the difference between their regular pay and the TDI payments. When RITDI sent an employment verification report indicating that an employee had filed for TDI, Human Resources would notify payroll and the maximum TDI benefit would be deducted from an employee's pay. Prior to July 1, 2002, the amount allowed for dependents was not added into the maximum TDI amount. Adjustments would be made when an employee provided the TDI benefit statement or copies of the TDI checks. One employee, Keith Cotnoir, failed to provide the TDI statement for a prolonged period of time. (See TDI verification statement for him dated 6/25/02). Bud Butler sent an e-mail to Joan Chaffee, D'Anna Soehnge and Lynne Linden as a follow-up to a conversation on June 24, 2002 regarding this issue. Joan Chaffee sent Mr. Cotnoir a letter on 9/3/02 indicating that verification was required for payment of correct make-up pay. (See copy of the e-mail Joan sent to Lynne Linden on 9/3/03 regarding deducting the full amount of possible TDI payments from Mr. Cotnoir's pay if the proof of TDI amount was not sent. ) Therefore, the policy reflected in the August 20, 2004 letter was in place since 2002.

Discussion: Defendants have identified persons with knowledge, the approximate date the policy was implemented, an explanation of the process and paperwork involved in TDI claims. Moreover, Defendants' answer to interrogatory number 13 provides additional detailed information concerning the process and paperwork sent to employees who file a TDI claim.[1] Defendants' answer is sufficient, and plaintiff's motion should be denied as to this interrogatory.

---

[1] INTERROGATORY NO. 13. During the time that plaintiff was employed by the defendant and up until the present time, please identify (by name, current and/or former business and home address, telephone number, and title or position) all persons who were involved when an employee filed for temporary disability insurance benefits ("TDI"); and, for each person identified, set forth what his or her role was.

OBJECTION AND RESPONSE: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, the following people have been involved with the TDI process at New England Gas Company: Karen Hall, Lorraine Cipriano, Richard Muto, Lynne Linden, and Amanda Allan.

INTERROGATORY NO. 14. During the time that plaintiff was employed by defendant and up until the present time, when an employee applied for temporary disability insurance benefits ("TDI") and/or workers' compensation benefits, please identify all oral and/or written communications which defendant had with any agency or other entity responsible for processing such benefits. Your answer should include, but not be limited to, any documents defendant sent to, and/or received from, any agency or entity and any information which defendant had to provide to any such agency or entity.

OBJECTION AND RESPONSE: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, please see Objection and Response to Interrogatory 13. In addition, with respect to workers' compensation, a first report of injury is filed. The company's Safety Department receives medical information to check that the employee's injury is work-related and that the applicant is disabled from working. The Safety Department deals with the workers' compensation carrier.

Discussion: Defendants sufficiently answered this interrogatory. Their answer to interrogatory 13 provides a detailed explanation of the communications between the Company and state when TDI claims are filed. The communications regarding workers compensation claims is set forth in the present answer. In her motion, plaintiff argues that the answer must be supplemented because "Defendants have not provided case-specific information." The interrogatory does not ask Defendants to provide case-specific information with respect to the plaintiff or any other employee. Defendants interpret the interrogatory as requesting the general

---

All of the above have been or are HR assistants. Prior to the time when Richard Muto handled TDI, beginning in September of 2000, the TDI form (Verification Reports) was sent directly to Payroll. Payroll clerks provided the last date worked and sent the form to HR to be signed and returned to TDI. Payroll clerks at this time were Mary Paquet, Lisa Pimental, and Joanne Zito. At some point after 9/2000, the HR assistant received and completed the verification reports. The names of people sent by RI TDI and the amounts reported as being received were then provided to Payroll. After Lynne Linden began handling the TDI process, RI TDI ceased to provide forms for the company to give to the employee and the employee was required to contact RI TDI directly. Beginning in 2002, Amanda Allen and Lynne Linden have sent the letter mentioned in the above Interrogatory to employees receiving TDI.

Kathy Wall (Safety & Health Supervisor) or Natalie Pereira (Safety & Health Assistant) send a letter from Health and Safety to any employee out ill for more than three days. This letter directs the employee to contact TDI and indicates the consequence of failing to provide a copy of the determination letter to HR.

Current Payroll Clerks Mary Paquet, Juanita Dubuc, Paula Moretti and Deanna Perry receive the names of people receiving TDI and deduct the maximum amount until provided with the TDI benefit information from HR.

practice and procedure. Moreover, had the plaintiff intended Defendant to identify each communication involving every claim for TDI and/or workers' compensation filed by any employee over the past 17 years, such interrogatory would clearly be overbroad and unduly burdensome. Plaintiff's motion should be denied.

> INTERROGATORY NO. 15. During the time that plaintiff was employed by defendant and up until the present time, set forth the date and substance of any oral or written communications which defendant has with any of its employees (including plaintiff) about what their obligations were when applying for temporary disability insurance benefits ("TDI") and/or workers' compensation benefits. Your answer should include, but not be limited to, any communications relating to what would happen in the case of overpayments.
>
> OBJECTION AND RESPONSE: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to that Objection, please see Objection and Response to Interrogatory 13. In addition, with respect to workers' compensation, a first report of injury is filed. The company's Safety Department receives medical information to check that the employee's injury is work-related and that the applicant is disabled from working. The Safety Department deals with the workers' compensation carrier.

Discussion: In this interrogatory, plaintiff requests that Defendants provide details of all oral or written communications between the Company and any employee regarding TDI and/or workers' compensation benefits applications over the entire duration of plaintiff's employment with Defendants. This interrogatory is clearly overbroad in scope and unduly burdensome on its face. It spans 17 years, and encompasses hundreds of claims for TDI and workers' compensation benefits. Defendants have answered sufficiently, and plaintiff's motion should be denied.

> INTERROGATORY NO. 20. Please identify, by name, gender, current and/or last known business and home address and telephone number, each person whose employment with defendant ceased for the same or similar reasons that plaintiff's employment ceased.

OBJECTION AND RESPONSE: Defendants object to this Interrogatory on the ground that it is overbroad, and is not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, the company is aware of no employee whose employment terminated for the same reasons that plaintiff's employment ceased. Nor is the company aware of any employee who engaged in the same conduct as plaintiff.

Discussion: Defendants have answered this interrogatory sufficiently. They have not withheld the identity of any employee who engaged in the same misconduct as the plaintiff. Plaintiff argues that Defendants failed to identify other employees who were terminated for "similar reasons." Plaintiff has not explained what "similar" means. Defendants have reasonably interpreted it to mean employees who have received sick pay from the company when they were not entitled to same. Plaintiff's motion should be denied with respect to interrogatory number 20.

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY,
By its attorneys,

HOLLAND & KNIGHT LLP

Robert J. Crohan Jr.

Neal J. McNamara #4249
Robert J. Crohan Jr. #6516
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2d day of November, 2005 a copy of the foregoing was mailed to:

Patricia E. Andrews, Esq.
Carly B. Iafrate, Esq.
170 Westminster Street, Suite 601
Providence, RI 02903

Robert J. Cohen Jr.

# 3340368_v1