UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CAROL PETRARCA,

Plaintiff,

v. C.A. No. 04-310S

SOUTHERN UNION COMPANY,
et al,

Defendants.

**OBJECTION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' FURTHER RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Southern Union Company and New England Gas Company object to the Plaintiff's Motion To Compel Defendants' Further Responses To Plaintiff's Request For Production Of Documents. In support of this objection, Defendants rely upon the memorandum submitted herewith.

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY,
By its attorneys,

HOLLAND & KNIGHT LLP

Neal J. McNamara #4249
Robert J. Crohan Jr. #6516
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2nd day of November, 2005 a copy of the foregoing was mailed to:

Patricia E. Andrews, Esq.
Carly B. Iafrate, Esq.
170 Westminster Street, Suite 601
Providence, RI 02903

Michele Biagetti

# 3349560_v1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CAROL PETRARCA,<br>Plaintiff,<br>v.<br>SOUTHERN UNION COMPANY, et al,<br>Defendants. | : | C.A. No. 04-310S |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' FURTHER RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Southern Union Company and New England Gas Company submit this Memorandum in opposition to Plaintiff's Motion To Compel Defendants' Further Responses To Plaintiff's Request For Production Of Documents. For the reasons discussed herein, plaintiff's motion should be denied.

## INTRODUCTION

Plaintiff's requests are as broad and sweeping as defense counsel has ever encountered. Given the manner in which the at-issue requests are drafted, Defendants' objections are valid, as demonstrated herein. Some of the requests are framed as interrogatories or should be recast as interrogatories. Many are vague, overbroad, and unduly burdensome on their face. Numerous requests are extraordinarily expansive, clearly encompassing matters not relevant to the claims or defenses being litigated in this case. Notwithstanding their objections, Defendants have produced or are in the process of producing thousands of documents in response to plaintiff's requests. Every non-privileged documents relating to plaintiff's employment has been produced; all applicable Company policies and Collective Bargaining Agreements have been produced;

grievances filed by other employees complaining about overtime have been produced; documents relating to complaints of sexual harassment and sex discrimination by other employees have been or are being produced; documents relating to another employee having engaged in misconduct similar to that for which the plaintiff was terminated are being produced. In short, Defendants have acted in good faith in responding and objecting to plaintiff's requests for production.

Before addressing the specific objections being challenged by the plaintiff, it is important to note that what the plaintiff states in her motion she is requesting is often not the same as what is actually being sought in the written request for production. Plaintiff's representations in her motion papers as to the scope of the requests are often significantly narrower than the actual request served on Defendants. Had she reasonably limited the scope and breadth of these objectionable requests initially or in conferring with counsel perhaps the issues now being presented to the Court could have been narrowed. As one court explained in addressing similarly over-expansive discovery requests: "[C]ounsel should have considered these practical problems before serving such broad discovery requests, rather than waiting until the inevitable objections were received before trying to salvage the requests by limiting them to what is really needed." *Safeco of Am. v. Rawston*, 181 F.R.D. 441, 448 (C.D. Cal. 1998).

## DISCUSSION

For the Court's convenience, Defendants will set forth in full the specific requests and objections at issue followed by a discussion of why Defendants' objections are valid.

> REQUEST NO. 6. Any and all documents which you claim call into question (or may call into question) the validity and/or merit of any of plaintiff's allegations in this lawsuit.

<u>OBJECTION</u>: Defendants object to this [request] on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

<u>Discussion</u>: This request is overbroad and unduly burdensome on its face. Moreover, as drafted, the request for production would require defense counsel to reveal their mental impressions, opinions, and conclusions concerning which documents in their legal judgment may call the veracity of plaintiff's broad allegations into question. *See, e.g., Hickman v. Taylor,* 329 U.S. 495, 510 (1947) (instructing that opinions formed by attorneys as part of the mental process of analyzing a case are protected from disclosure). Defendants have produced, *inter alia,* plaintiff's complete personnel file, all documents relating to her complaints of discrimination and/or harassment, all company policies, the collective bargaining agreements under which plaintiff worked, complaints by other female employees and investigatory documents concerning same, and relevant grievances filed by employees during the time plaintiff was employed. Plaintiff cannot require the defense counsel to select from among these voluminous documents which documents they believe supports their case and then produce this compilation to the plaintiff. This would impermissibly reveal the opinion work product of counsel. *See, e.g., Gould Inc. v. Mitsui Mining & Smelting Co.*, 825 F.2d 676 (2d Cir. 1987); *Sporck v. Peil*, 759 F.2d 312 (3d Cir.), *cert. denied*, 474 U.S. 903, (1985).

<u>REQUEST NO. 14</u>. For the period three years before and after the plaintiff was employed by defendant(s) and for the period during the time that plaintiff was employed by defendant(s), documents which reflect the identity (by name, title, and sex) of all persons who performed the same duties and responsibilities which the plaintiff performed while employed by defendants, who were supervised by the same persons as plaintiff, who were evaluated by the same persons as plaintiff, and/or who worked in the same departments as plaintiff.

<u>OBJECTION</u>: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and invasive of the privacy rights of third parties.

Discussion: Defendants' objections are valid. The identity of alleged similarly-situated employees is appropriately sought through an interrogatory, in response to which Defendants would provide the appropriate names. *See, e.g., Rogers v. Muscogee Count Sch. Dist.*, 165 F.3d 812, 816-17 (11th Cir. 1999) (affirming denial of request for production of rolodex cards containing names and addresses of all abuser's former students where "there was a much narrower and less burdensome manner of discovery available: appellants could have asked, by interrogatory, for the names (as well as the addresses and phone numbers) of all students who complained that Carr sexually abused them."); *Sanchez v. City of Santa Anna*, 936 F.2d 1027, 1034 (9th Cir. 1991) (denying access to personnel files where "[m]ost of the relevant information could have been developed by interrogatories.").

Moreover, this request for the production of "documents" which identify other employees contains no limitations with respect to the type of document. As drafted, the request would encompass any document in Defendants' possession which has on it the name of any employee who performed the same duties as the plaintiff, who were supervised by the same persons, who were evaluated by the same persons and/or who worked in the same department as the plaintiff in the period three years before to three years after the plaintiff's employment - a period spanning some 17 years. This would require Defendants to produce virtually every piece of paper in the personnel and medical files of hundreds of employees, not to mention payroll records, benefits records, an other non-relevant documents.

Such disclosure would implicate the privacy interests of non-parties to this litigation. "Courts have been reluctant to permit discovery, when the requested disclosures would intrude upon the privacy interests of other, non-party employees." *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997); *Whittingham v. Amherst College*, 164 F.R.D. 124, 126 (D.

Mass. 1995) (recognizing that "personnel files contain perhaps the most private information about an employee" and denying plaintiff's attempt to discover files of other employees where he failed to make a particularized showing demonstrating that his need for the information outweighed the privacy interests of the individuals whose private information was sought); *Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D. Pa. 1994) ("[I]t is clear that disclosure of [ ] personnel files would constitute an invasion of privacy.").

The First Circuit has instructed that parties have an obligation to tailor discovery requests "to suit the particular exigencies of the litigation. They ought not to be permitted to use broadswords where scalpels will suffice." *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 187 (1st Cir. 1989). Plaintiff has not tailored the discovery request in any reasonable manner. It is overbroad, unduly burdensome, and clearly implicates the privacy interests of scores of non-parties to this litigation.

> REQUEST NO. 17. For each year during the time that plaintiff was employed by defendant, any and all documents which reflect the identity (by name, current and/or former business and home address and telephone number, position, experience, and length of time with defendant) each person who performed the same duties as plaintiff, and/or who worked in the same department or departments as plaintiff.
>
> OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and invasive of the privacy rights of third parties.

Discussion: While slightly less expansive in breadth, this request suffers from the same infirmities as request number 14, addressed above. If plaintiff wants the Defendants to identify employees who were similarly situated to the plaintiff, she should propound an interrogatory to that effect. Requiring Defendants to produce all documents regarding each alleged similarly situated employee is overbroad, unduly burdensome, and invasive of the privacy rights of these non-parties.

REQUEST NO. 18. For each year during the time that plaintiff was employed by defendant, any and all documents which reflect the salary and benefits earned by each and every person who performed the same duties as plaintiff, who held the same position as plaintiff, and/or who worked in the same department or departments as plaintiff.

OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, is not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of privacy of third parties.

Discussion: As an initial matter, the plaintiff has not alleged in her complaint that she was subject to discrimination with respect to salary or benefits earned. As an employee covered by a collective bargaining agreement, all salary and benefits were provided pursuant to the terms of the Collective Bargaining Agreement. Defendants did not control her salary or benefits. To the extent the issue of overtime is relevant, plaintiff has again used "broadswords where scalpels will suffice." *Mack*, 871 F.3d at 187. Any request regarding overtime discovery is properly limited to documents reflecting the allocation of overtime among similarly situated employees during a reasonable period of time.

REQUEST NO. 19. After plaintiff left the employ of defendants, any and all documents which reflect what salary and benefits were earned by each person who performed the same duties and responsibilities as plaintiff, who held the same position as plaintiff, and/or who worked in the same department or departments as plaintiff.

OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: The salary and benefits plaintiff would have received had she not been terminated are set forth in the applicable CBAs, which Defendants have produced. Plaintiff should not be permitted to delve into the private finances of non-parties where the information is more readily available from another source. Moreover, as discussed *supra*, the request is overbroad and unduly burdensome.

REQUEST NO. 23. During the time that plaintiff was employed by defendants, any and all Affirmative Action Plans which relate to defendants.

OBJECTION: Defendants object to this Request as overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks production of documents and/or information protected from disclosure by the self-critical analysis privilege.

Discussion: Affirmative action plans (AAPs) are generally not discoverable in employment discrimination cases on the grounds that they are irrelevant to the subject matter of the suit or are protected by privilege. *See Clark v. Pennsylvania Power & Light Co.*, 1999 WL 225888, at *2 (E.D. Pa. Apr. 14, 1999). If an AAP is relevant to a discrimination suit, the APP is discoverable only insofar as it is not protected by the so-called "self-critical analysis" privilege. *See id.*; *Sheppard v. Consolidated Edison Co.*, 893 F. Supp. 6, 7 (E.D.N.Y. 1995). The self-critical analysis privilege protects from disclosure those portions of an AAP dealing with subjective evaluative or analytical materials relating to equal employment opportunity matters. *See, e.g., Clark*, 1999 WL 225888 at *3; *Sheppard*, 893 F. Supp at 8; *O'Connor v. Chrysler Corp.*, 86 F.R.D. 211, 217-18 (D. Mass. 1980). However, portions of AAPs containing factual information, i.e., objective data, are generally discoverable. *See id.* AAPs are not relevant to plaintiff's claims and should not be discoverable. In the event the Courts finds them to be relevant, plaintiff's motion should be denied with respect to any portions of the AAPs containing subjective evaluation and assessments.

REQUEST NOS. 25-28.

In Requests Numbers 25 through 28, plaintiff seeks the production of the entire personnel files for Richard Kala, Ed Bolduc, Roy Heaton, and Jerry Porter. Kala and Porter were co-

workers of the plaintiff. Heaton and Bolduc were the immediate and next-level supervisors of plaintiff, respectively. Defendants' responded to these requests as follows:

> <u>OBJECTION</u>: Defendants object to this Request on the ground that it constitutes an invasion of privacy of a third party, and is not calculated to lead to the discovery of admissible evidence.

<u>Discussion</u>: Defendants have subsequently agreed to produce disciplinary records for these employees. Plaintiff continues to seek the entire personnel files for these non-party employees and/or former employees. With respect to co-workers, plaintiff contends these records are discoverable because they would reveal salary and benefits information (ostensibly relevant to her discrimination claim and damages), documents which would reveal knowledge of sexual harassment policy and/or training, and documents relating to the existence of, or investigation of, her complaints. Plaintiff has not made a sufficient showing to warrant to wholesale production of these employees' personnel files. As an initial matter, as discussed above, plaintiff does not need to obtain co-workers' personnel files to obtain information concerning salary and benefit information. With respect to information concerning these employees' knowledge of sexual harassment policies and training, plaintiff can obtain this information by asking for these specific documents or by interrogatory; i.e., by complying with her "obligation to tailor [discovery requests] to suit the particular exigencies of the litigation." *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 187 (1st Cir. 1989). All documents relating to the investigation of plaintiff's complaints have been requested by plaintiff in other specific discovery requests, and responded to by Defendants.

Moreover, production of personnel files of non-party employees implicates important privacy interest. "Courts have been reluctant to permit discovery, when the requested disclosures would intrude upon the privacy interests of other, non-party employees." *Onwuka v. Federal*

*Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997); *Whittingham v. Amherst College*, 164 F.R.D. 124, 126 (D. Mass. 1995) (recognizing that "personnel files contain perhaps the most private information about an employee" and denying plaintiff's attempt to discover files of other employees where he failed to make a particularized showing demonstrating that his need for the information outweighed the privacy interests of the individuals whose private information was sought); *Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D. Pa. 1994) ("[I]t is clear that disclosure of [ ] personnel files would constitute an invasion of privacy.").

Plaintiff has not made a particularized showing demonstrating that her need for these files outweighs the individuals' privacy interests. *See Whittingham*, 164 F.R.D. at 126. Given that plaintiff can obtain the information she seeks to ascertain from the personnel files from other sources, she should not be granted wholesale access to the personnel files.

> REQUEST NO. 32. During the time that the plaintiff was employed by defendant, any and all documents which reflect, or relate to, the extension of any probationary period for any employees working in the maintenance department.
>
> OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: In her motion plaintiff contends - for the first time - that she was subject to discrimination by having her probationary period extended. This allegation was contained in neither her administrative charge of discrimination nor her judicial complaint and, therefore, this discovery does not appear relevant to her claims. In any event, the interrogatory is overbroad in scope and unduly burdensome. It spans a period going back to 1988 and is thus temporally overbroad. Plaintiff has overreached by far the discoverable time period typically allowed in employment discrimination cases. Indeed, one district court recently recognized that ten years was "an inordinate length of time" to permit discovery in a discrimination case. *Glenn v.*

*Williams*, 209 279, 282 (D.D.C. 2002) (limiting discovery to three year period). Federal courts have generally limited discovery to a period of two to four years around the challenged action. *See. e.g., James v. Newspaper Agency Corp.*, 591 F.2d 579, 582 (10th Cir. 1979) (finding four years prior to liability period reasonable); *Owens v. Sprint/United Management Co.*, 221 F.R.D. 649, 653 (D. Kan. 2004) (allowing discovery for two and a half year period); *Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 448 (D. Minn. 1997) (allowing discovery into the period two years after termination); *Lyoch v. Anheuser-Busch Cos., Inc.*, 164 F.R.D. 62, 67 (E.D. Mo. 1995) (four years prior to liability period reasonable); *Hicks v. Arthur*, 159 F.R.D. 468, 471 (E.D. Pa. 1995) (allowing discovery to extend to the period two years after the tenure of the plaintiffs).

In addition, this interrogatory is not limited to employees who worked at the same location or under the same supervisors or management as the plaintiff. Documents relating, for example, to an employee whose probationary period was extended a dozen years ago by different managers at a different wok location have no relevance to plaintiff's claims.

This request is also unduly burdensome. Producing these documents would require Defendants to review the personnel files for all maintenance employees going back for 17 years.

REQUEST NOS. 30 and 34:

REQUEST NO. 30. During the time that plaintiff was employed by defendant, any and all documents which relate to the circumstances under which employees (who performed the same duties as plaintiff, who worked in the same department as plaintiff, and/or who held the same position as plaintiff) had to undergo physical exams to determine if they could do a job. Your answer should include, but not limited to, any policies.

OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

<u>REQUEST NO. 34</u>. During the time that the plaintiff was employed by defendants, any and all documents which relate to the issue of any employees (working as, or applying for the position of, building maintenance person) taking, or having to take, physical examinations.

<u>OBJECTION</u>: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

<u>Discussion</u>: Again, plaintiff has raised a new allegation in her motion; i.e., that she was discriminatorily required to undergo a physical examination. In any event, this request suffers from the same infirmities as the previous request. It is overbroad and unduly burdensome. In addition, it calls for Defendants to produce documents containing the protected health information of non-parties. In the absence of a compelling need for such documents, which plaintiff has failed to make, the privacy interests of these employees should not be violated.

<u>REQUEST NO. 35</u>. During the time that plaintiff was employed by defendant and up until the present time, any and all documents which reflect, or relate to, any formal or informal complaints, statements, grievances, charges, and/or allegations by female employees (who performed the same duties as plaintiff, who held the same positions as plaintiff, who worked in the same departments as plaintiff, and/or who were supervised by the same person or persons as plaintiff) about gender discrimination and/or harassment, the manner in which they were being treated by males, managers and/or supervisors, and/or unfair and/or differential treatment by employees, supervisors, administrators, and/or managers.

<u>OBJECTION</u>: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

<u>Discussion</u>: As drafted, this request is overbroad and unduly burdensome. It is not limited to complaints about sex discrimination and/or harassment. Rather, it encompasses complaints by female employees about generic "unfair" treatment by a fellow employee. Such documents have no relevance to plaintiff's claims and are beyond the scope of discovery. Defendants have produced or are producing complaints relating to gender discrimination made

by other female employees in the department or involving the same alleged harassers.

Defendants have responded appropriately and their objections should be sustained.

> REQUEST NO. 36. During the time that plaintiff was employed by defendant and up until the present time, any and all documents which reflect, or relate to, any formal or informal complaints, statements, grievances, charges and/or allegations by any male employees (who performed the same duties as plaintiff, who held the same positions as plaintiff, who worked in the same departments as plaintiff, and/or who were supervised by the same person or persons as plaintiff) about unfair and/or differential treatment by other employees, supervisors, administrators and/or managers.
>
> OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: This request is virtually identical to the previous one, except that it asks for complaints by male employees. For the reasons discussed above, the request is overbroad, unduly burdensome, and seeks irrelevant material. Defendants are producing all grievances filed by employees during plaintiffs tenure relating to overtime, which plaintiff has alleged was discriminatorily doled out to employees in her department.

REQUESTS NOS. 39 and 41:

> REQUEST NO. 39. Any and all documents which relate to any problems which any females, including plaintiff, other employees, customers and even non-employees, had with Richard Kayla.
>
> OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.
>
> REQUEST NO. 41. Any and all documents which relate to any problems which any female, including plaintiff, other employees, customers and even non-employees, had with Ed Bolduc.
>
> OBJECTION: Defendants object to this Request on the grounds that it is vague and ambiguous, overly broad, and not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: Defendants' objections are well-founded. The request is vague and overbroad in calling for the production of documents relating to "any problems" anyone had with Kala and Bolduc. Defendants have produced are producing documents concerning any discrimination/harassment complaints made against Kala and Bolduc by female employees, and any disciplinary records of Kala and Bolduc. Moreover, the production of such potentially wide-ranging documents implicates the privacy interests of non-parties to this action.

> REQUEST NO. 40. For the period during which the plaintiff worked until the present time, the identity (by name, current and/or former business and home address, telephone number, and position) of all females who worked for defendant.
>
> OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: This purported request for production of documents is essentially an interrogatory, in that it requests "the identity" of certain present and former employees. Moreover, it seeks documents that are not relevant to plaintiff's claims. As drafted, this request would require Defendants to produce documents concerning all female employees. This would encompass everyone from an office secretary to corporate officers. Defendants' objections should be sustained.

> REQUEST NO. 42. During the time that plaintiff worked for defendant and up until the present time, and all documents which reflect the identity (by position or title and gender) of all employees who applied for, and/or were out on, long-term disability.
>
> OBJECTION: Defendants object to this Request on the ground that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: Long-term disability ("LTD") is not an issue in this case. Plaintiff has not alleged any discriminatory conduct with respect to LTD. Moreover, providing documents

relating to other employees' applications for LTD would be invasive of the privacy rights of those employees, as these documents would contain confidential protected health information.

Plaintiff's argument that she needs these documents to compare herself to similarly-situated male employees is without merit. She is not alleged to have engaged in misconduct with respect to LTD. Rather, she was terminated for receiving 100 percent of her company pay while at the same time receiving TBI benefits from the state of Rhode Island, in knowing contravention of the CBA. Employees similarly situated to the plaintiff would be those who engaged in the same or substantially similar misconduct. *See, e.g., Gilmore v. AT&T*, 319 F.3d 1042, 1046 (8th Cir. 2003) (instructing that to be similarly situated, the comparable employees "must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.") (quotation and citation omitted). Defendants have identified the only other employee to have engaged in the same misconduct as the plaintiff, Keith Cotnoir, and are producing documents concerning the matter.

Moreover, the policy governing the receipt of pay from the company while out of LTD is separate from the CBA provisions governing the receipt of pay while receiving TDI benefits.

REQUEST NOS. 50, 51, 60:

REQUEST NO. 50. During the period which plaintiff worked for defendant and up until the present time, any and all documents which reflect, or relate to, the wrongful, improper, mistaken, fraudulent, and/or negligent receipt of sick leave benefits by an employee.

OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 51. During the period during which plaintiff worked for defendant and up until the present time, any and all documents which relate to any allegation or claim that any current or former employee: had been over paid by defendant for any

reason, owed money to defendant for any reason, had wrongfully, improperly mistakenly, fraudulently and/or negligently received any benefits in excess of that to which he or she was entitled, had received money from defendant under improper, false, and/or mistaken circumstances or pretenses, has to repay money, or make restitution, to defendant, had stolen any money or property from defendant, and/or had defrauded defendant in any way.

OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 60. For the period during which plaintiff was employed by defendants and up until the present time, any and all documents which relate to any employee violating and/or failing to comply with any policy, practice, provision and/or rule relating to the receipt of sick benefits and/or temporary disability insurance benefits ("TDI").

OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: Defendants have identified an employee who engaged in the same form of misconduct as plaintiff and are producing documents relating to that matter. Defendants are also producing documents relating to a theft of customer property and instances of alleged time sheet falsification by employees. Defendants are aware of no other specific instances of an employee fraudulently receiving or taking company pay or property.

To the extent the foregoing requests encompass matters beyond Defendants' response, e.g., an employee being overpaid "for any reason," it is overbroad and unduly burdensome. This is so broad to require the Defendants to identify and produce documents concerning every time over the course of the past 17 years an employee may have been overpaid as a result of innocent errors in calculating earnings. Defendants would be required to review payroll records for perhaps thousands of employees going back for 17 years. This is unduly burdensome on its face.

REQUEST NO. 54. During the period during which the plaintiff was employed by defendant and up to the present time, any and all documents which reflect communications to or from defendant and which relate to inquiries about whether or not an employee was receiving, or had applied for temporary disability insurance benefits.

OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: This request is overbroad and seeks documents not relevant to plaintiff's claims. The request seeks any and all documents reflecting any employee's application and/or receipt of TDI benefits over the past 17 years. This is clearly overbroad. In addition, plaintiff has failed to make any showing that these documents are relevant. Moreover, the request implicates the privacy interests of these non-party employees, whose protected health information may be contained on the requested documents.

REQUEST NO. 58. For the period during which plaintiff worked for defendant and up to the present time, any documents which reflect instances in which defendant has incorrectly paid an employee.

OBJECTION: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: This request is so broad as to encompasses employees who may have been "incorrectly paid" as a result of bookkeeping errors, math errors, computer errors, etc. Any such employee would not be similarly situated to the plaintiff, who failed to inform the Company that she was receiving TDI benefits and continued to receive 100 percent of her pay from the Company in knowing violation of policy and the CBA. Moreover, even if the documents were somehow marginally relevant to the plaintiff's claims, the request is unduly burdensome. Defendants do not maintain a central file which would contain these documents. There is virtually no way of ascertaining responsive documents. Finally, revealing the salary information

of other employees implicates their privacy rights and should not be permitted given the lack of relevance.

Plaintiff seeks to compel Defendants to provide supplemental responses to a number of her requests for production. With respect to many of these requests, plaintiff asserts that it is unclear whether any responsive documents that are not privileged have been withheld.

> REQUEST NO. 1. All documents which relate to plaintiff's employment. Your answer should include, but not necessarily be limited to, plaintiff's personnel file, any documents reflecting communication to, from or about plaintiff, and documents relating to plaintiff's job performance, and documents relating to any alleged misconduct on the part of the plaintiff, any grievances filed by plaintiff, any documents which relate to problems plaintiff was having on the job, any records pertaining to her duties, any records relating to any complaints by plaintiff, any investigations relating to plaintiff, any interviews of employees which relate to plaintiff, any documents signed by plaintiff which reflect that she received, or knew about, any of your policies including any sexual harassment policies, any documents relating to how, when and why plaintiff retired, any documents signed by plaintiff regarding the cessation of her employment with you, and any records pertaining to any discipline imposed upon plaintiff.
>
> OBJECTION AND RESPONSE: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, see documents produced by Defendants in their Rule 26 initial disclosure, bates nos. 1-294, and additional documents produced in connection with Defendants' response to Plaintiff's First Request For Production of Documents.

Discussion: Plaintiff's argument is disingenuous. First, Defendants have agreed to produce a privilege log identifying documents withheld from production based on any asserted privilege. Second, her contention that the she does not know what "additional documents produced" by the Defendants are responsive to this request should not be well-taken. Surely the plaintiff can ascertain which documents produced by the defendants "relate to plaintiff's employment." Plaintiff's motion should be denied.

With respect to requests numbered 4, 5, 7, 8, 10, 13, 57, and 59, Plaintiff contends it is unclear whether the Defendants have withheld any non-privileged documents based on their

objections. Defendants have produced all non-privileged documents responsive to these requests. Any documents withheld pursuant to privilege will be identified on Defendants' Privilege Log.

REQUEST NO. 45. Any and all documents between defendant and any person representing, affiliated with and/or working for a union which related to plaintiff.

RESPONSE: In addition to documents previously produced by Defendants, see documents being produced herewith, bates nos. 786-789.

Discussion: Plaintiff takes issue because Defendants have not identified what "documents previously produced" are responsive to this request. Defendants are at a loss to understand how the plaintiff cannot quickly and easily determine what documents are responsive to this request. Nonetheless, Defendants will specify these documents in their supplemental response.

REQUEST NO. 52. Any and all documents which reflect the procedure for reporting sexual harassment which were in effect for the year: [1988 - 2000]

RESPONSE: See documents produced herewith.

Discussion: Again, Defendants fail to see how plaintiff cannot easily determine what documents are responsive to this request. Nonetheless, Defendants will specify these documents in their supplemental response.

REQUEST NO. 56. Any and all documents which reflect, or relate to, any employee being disciplined, reprimanded, suspended and/or terminated for the same, or similar, reason or reasons that plaintiff was terminated.

OBJECTION AND RESPONSE: Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties. Subject to and without waiver of the foregoing objection, none.

Discussion: Defendants have supplemented this request to identify documents concerning another instance where an employee engaged in the same misconduct as the plaintiff. Defendants are not withholding any non-privileged documents responsive to this request.

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY,
By its attorneys,

HOLLAND & KNIGHT LLP

Robert J. Crohan Jr.

Neal J. McNamara #4249
Robert J. Crohan Jr. #6516
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2d day of November, 2005 a copy of the foregoing was mailed to:

Patricia E. Andrews, Esq.
Carly B. Iafrate, Esq.
170 Westminster Street, Suite 601
Providence, RI 02903

Robert J. Crohan Jr.

# 3333628_v1