UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CAROL A. PETRARCA | : | |
| | : | |
| v. | : | C.A. No. 04-310S |
| | : | |
| SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY | : | |

**DISCOVERY MANAGEMENT ORDER**

Before this Court are Plaintiff's Motion to Compel Further Answers to Interrogatories, (Document No. 28), and Plaintiff's Motion to Compel Further Responses to Request for Production of Documents. (Document No. 27). Defendants have objected to both Motions. Both of these Motions have been referred to me for determination. This case is "related" to Lynore Horn v. Southern Union Co., et al., C.A. No. 04-434S, which involves a different plaintiff but similar allegations, same defendants and same counsel.

This is an employment discrimination action. While this Court in no way underestimates the seriousness and importance of this case to the parties, it does not appear to present any novel legal theories or any discovery issues beyond those typically present in a case of this type. Both parties in this case are represented by skilled lawyers who are experienced in employment litigation matters and who are zealously representing their respective client's interests.

Despite the experience and expertise of the lawyers involved in this case, the parties appear unable to conduct and complete pretrial discovery without significant intervention and oversight by the Court. This Court has recently considered and acted upon a motion for protective order filed by Defendants regarding one of the first depositions actually conducted in these related cases. This

Court also previously ruled on a Motion to Compel filed by Defendants in the Horn case. In the Motions currently in dispute, Plaintiff indicates disagreement as to approximately forty different discovery requests. This is not the first hostile environment employment discrimination case of this type ever litigated, and this Court seriously doubts that the attorneys in this case have never before been involved in a case involving at least similar allegations. Thus, it is unlikely that the type of discovery issues presented in this case have never been confronted by the attorneys in past cases.

At the beginning of her Memoranda of Law, Plaintiff's counsel makes a vague reference to "Rule 37 efforts to discuss" these matters with Defendants. Plaintiff's Motions do not include a good faith "certification" as required by Fed. R. Civ. P. 37(a)(2)(B). Other than this vague reference to efforts, Plaintiff's counsel does not describe these "Rule 37 efforts" in any way – i.e., Were the efforts by phone? Face to face? How long was spent? Was anything resolved? etc. This Court firmly believes that the system is more efficient and the parties better served by taking a reasonable and cooperative approach to discovery. As counsel know, most discovery disputes are not case dispositive and simply add delay and increased expenses to the case. The attorneys, with their experience in the subject matter and detailed knowledge of this case, are in a much better position to address these issues than is this Court which has had only sporadic involvement with this matter.

Pursuant to Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 13(d), Plaintiff's counsel and Defendants' counsel are ordered to meet face to face and to confer in good faith in an effort to resolve all of the disputes presented in Plaintiff's Motions (Documents Nos. 27 and 28).[1] This meeting shall be held within ten (10) days of the date of this Order or at any other mutually agreeable

[1] Although not yet referred to me for determination, the docket reflects that Defendants recently filed their own Motion to Compel Answers to Second Request for Production of Documents (Document No. 32). The parties shall also confer in good faith regarding this Motion during their meeting and include the results in their joint report.

date. Within five (5) days following this meeting, counsel are directed to submit a joint report (not exceeding five pages) to the Court detailing the efforts to resolve each of the disputes (including the length of the meeting) and to advise the Court as to the remaining items (if any) in dispute after the meeting. After reviewing the report, the Court will take the matter under advisement and take further action on the Motions as deemed appropriate.

LINCOLN D. ALMOND
United States Magistrate Judge
November 7, 2005