UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CAROL PETRARCA,

Plaintiff,

v.

SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY

Defendants.

C.A. No. 04-310S

**DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

Defendants Southern Union Company and New England Gas Company, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, hereby request leave to amend their Answer to include three additional affirmative defenses. Attached hereto is the proposed Amended Answer, which incorporates the new defenses, Defendants' Seventh Defense, Eighth Defense, and Ninth Defense. In support of this motion, Defendants rely upon the Memorandum submitted herewith.

Respectfully submitted,

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY,

By their attorneys,

HOLLAND & KNIGHT LLP

Robert J. Crohan Jr.

Neal J. McNamara #4249
Robert J. Crohan Jr. #6516
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18 day of November, 2005 a copy of the foregoing was mailed to:

Patricia E. Andrews, Esq.
Carly B. Iafrate, Esq.
170 Westminster Street, Suite 601
Providence, RI 02903

Marilyn Lorely [signature]

# 3382230_v3

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CAROL PETRARCA,<br>Plaintiff,<br>v.<br>SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY<br>Defendants. | C.A. No. 04-310S |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

## I. Introduction

This employment discrimination suit was filed in July of 2004 by Plaintiff Carol Petrarca, who alleges that she was subject to a hostile work environment, unlawful discrimination, and retaliation on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964. The Defendants timely answered the complaint and the parties are presently engaged in discovery. Defendants now seek leave to amend their answer under Federal Rule of Civil Procedure 15(a) to add additional defenses.

## II. Legal Standard

Federal Rule of Civil Procedure 15(a) allows for the amendment of pleadings "when justice so requires." Fed. R. Civ. P. 15(a). "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed.

R. Civ. P. 15(a)). Generally, amendments are "allowed with liberality where necessary bring about a furtherance of justice and where the adverse party will not be prejudiced and the presentation of the merits will be subserved." *Fli-Fab, Inc. v. United States*, 16 F.R.D. 553, 556 (D.R.I. 1954). "This true even though a different theory of . . . defense is presented by the proposed amendment." *Id.*

## III. Discussion

Defendants seek leave to assert three additional categories of defenses to plaintiff's claims. First, they seek to assert additional equitable defenses to plaintiff's hostile work environment claim. Second, they wish to assert a defense to any claim of disparate treatment or retaliation plaintiff may pursue under a mixed-motive theory. Finally, Defendants seek leave to assert a defense to plaintiff's claims for punitive damages. The bases of these defenses will be addressed seriatim.

### A. Equitable Defenses.

In the course of discovery it has become clear that the plaintiff intends to rely upon the "continuing violation" doctrine in support of her hostile work environment claim. In *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), the Supreme Court recognized that a defendant may raise equitable defenses to claims asserted under the continuing violation doctrine, including waiver, estoppel, and laches. *See* 536 U.S. at 121-22. Defendants thus seek leave to assert waiver, estoppel, and laches as additional equitable defenses to plaintiff's claim.

### B. Defense to Mixed-Motive Claim.

Defendants seek leave to assert a defense to any "mixed-motive" discrimination or retaliation claim plaintiff may pursue. A plaintiff may succeed on a mixed-motive claim of sex discrimination if she demonstrates that her gender "was a motivating factor for any employment

practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m) (amended pursuant to the Civil Rights Act of 1991). Once such a showing has been made, the employer cannot escape liability. However, through use of a limited affirmative defense, if an employer can demonstrate that it "would have taken the same action in the absence of the impermissible motivating factor," it can restrict a plaintiff's damages to injunctive and declaratory relief, and attorney's fees and costs. 42 U.S.C. § 2000e-5(g)(2)(B).

In *Price Waterhouse* v. *Hopkins,* 490 U.S. 228 (1989), the Supreme Court instructed that in order to invoke the mixed motive theory, the plaintiff was required to proffer "direct evidence" of discrimination. *See id.* at 276 (O'Connor, J., concurring in the judgment). In the wake of *Price Waterhouse* and the 1991 Civil Rights Act, courts generally required Title VII plaintiffs to present direct evidence of discrimination to succeed on a mixed-motive theory. *See, e.g., Weston-Smith v. Cooley Dickinson Hosp., Inc.*, 282 F.3d 60 (1st Cir. 2002).

Recently, however, in *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003), the Supreme Court abrogated these holdings, concluding on the basis of the plain language of § 2000e-2(m) that "direct evidence of discrimination is not required in mixed-motive cases." 539 U.S. at 101-02. As a result of *Desert Palace* and its progeny, plaintiff may seek to recover under a mixed motive claim of gender discrimination. Defendants should be allowed to assert the defense made available under the Civil Rights Act of 1991 to limit the available remedies in the event plaintiff prevails on such a claim.

With respect to mixed-motive retaliation claims, *Price Waterhouse* continues to apply to provide a defense to liability. Courts have consistently held that the mixed-motive provisions of the Civil Rights Act of 1991 do not apply to retaliation claims. *See Tanca v. Nordberg*, 98 F.3d 680 (1st Cir. 1996); *see also Pennington v. City of Huntsville*, 261 F.3d 1262 (11th Cir. 2001);

*Speedy v. Rexnord Corp.*, 243 F.3d 397 (7th Cir. 2001); *Matima v. Celli*, 228 F.3d 68 (2d Cir. 2000); *Norbeck v. Basin Elec. Power Coop.*, 215 F.3d 848 (8th Cir. 2000); *Kubicko v. Ogden Logistics Servs.*, 181 F.3d 544 (4th Cir. 1999); *Woodson v. Scott Paper Co.*, 109 F.3d 913 (3d Cir. 1997). Accordingly, even if the plaintiff establishes that she was subject to a retaliatory employment action, Defendants may escape liability entirely by demonstrating that they would have taken the same action in the absence of the impermissible motivating factor. They should be permitted to assert this defense.

**C. Defense to Punitive Damages Claims.**

Title VII authorizes punitive damages when a plaintiff demonstrates that the defendant engaged in intentional discrimination "with malice or reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981(a)(b)(1). The Supreme Court has provided a three-part framework for determining whether a punitive damage award is proper under the statutory standard. *See Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999).

To qualify for punitive damages, a plaintiff must first demonstrate that the employer acted with malicious or reckless indifference to the plaintiff's federally protected rights. *See id.* at 535-36. Once a plaintiff has adduced such proof, she then must establish a basis for imputing liability to the employer. *See id.* at 539. But even if the plaintiff makes these showings, the employer still may avoid punitive liability by showing that it engaged in good faith efforts to comply with the requirements of Title VII. *See id.* at 545. An employer's good faith effort to comply with Title VII demonstrates that the employer itself did not act with the culpable mental state, thus making it inappropriate to punish the employer for the manager's conduct. *See id.* at 544-45. The First Circuit has instructed that demonstrating good faith compliance is an

affirmative defense to a punitive damages claim. *See Romano v. U-Haul Int'l*, 233 F.3d 655, 670 (1st Cir. 2000).

In the present case, plaintiff has made claims for punitive damages. Defendants contend they cannot be held liable for punitive damages because they engaged in good faith efforts to comply with the requirements of Tile VII by, *inter alia*, promulgating and disseminating anti-discrimination and harassment policies, conducting training, and adequately responding to any complaints of harassment or discrimination made by the Plaintiff. Defendants should be granted leave to assert this defense.

**D. Circumstances of Instant Motion to Amend.**

None of the reasons justifying denial of leave to amend are present in this case. First, Defendants have not unduly delayed in moving to amend. Discovery is ongoing and depositions have only recently begun. The discovery cut-off is February 17, 2006. Second, leave to amend is not being sought in bad faith or for dilatory motive on the part of the Defendants. Amendment will not result in any delay in the proceedings. Neither the discovery deadline nor the trial date will need to be pushed back if leave to amend is granted. Third, Plaintiff will not be unduly prejudiced by the amendment. Again, depositions have just begun and sufficient time remains for any additional written discovery plaintiff may desire to undertake based on the additional defenses. In any event, the additional defenses pose primarily legal questions requiring "little or no additional discovery." *Burns & Roe, Inc. v. Central Me. Power Co.*, 659 F. Supp. 141, 143 (D. Me. 1987). Finally, the amendment is not futile. As discussed above, the defenses sought to be added are viable defenses to plaintiff's claims. *See* 6 Wright, Miller, & Kane, *Federal Practice & Procedure* § 1487, at 637-43 (1990) ("If a proposed amendment is not clearly futile,

then denial of leave to amend is improper."); *Schock v. United States*, 21 F. Supp. 2d 115, 124-25 (D.R.I. 1998).

## IV. Conclusion

For the foregoing reasons, Defendants respectfully request that their Motion For Leave to Amend the Answer be granted.

Respectfully submitted,

DEFENDANTS,
SOUTHERN UNION COMPANY AND
NEW ENGLAND GAS COMPANY,
By their attorneys,

HOLLAND & KNIGHT LLP

Neal J. McNamara #4249
Robert J. Crohan Jr. #6516
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of November, 2005 a copy of the foregoing was mailed to:

Patricia E. Andrews, Esq.
Carly B. Iafrate, Esq.
170 Westminster Street, Suite 601
Providence, RI 02903

# 3382841_v2

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CAROL PETRARCA,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY<br><br>Defendants. | C.A. No. 04-310S |

# AMENDED ANSWER

Defendants Southern Union Company and New England Gas Company ("Defendants") respond to the allegations set forth in the Complaint as follows:

1-2. The allegations set forth in paragraphs 1 and 2 of the Complaint do not require a response.

3. Defendants admit the allegations set forth in paragraph 3 of the Complaint.

4. Defendants admit the allegations set forth in paragraph 4 of the Complaint, and affirmatively state that Southern Union Company's principal place of business is located in Pennsylvania.

5. Defendants admit the allegations set forth in paragraph 5 of the Complaint, but affirmatively state that New England Gas is the only division of Southern Union that does business in Rhode Island.

6-10. Defendants admit the allegations set forth in paragraphs 6, 7, 8, 9, and 10 of the Complaint.

11-17. Defendants deny the allegations set forth in paragraphs 11, 12, 13, 14,15, 16 and 17 of the Complaint.

18. Defendants repeat their responses to the allegations set forth in paragraphs 1-17 as if fully set forth herein.

19-20. Defendants deny the allegations set forth in paragraphs 19 and 20 of the Complaint.

21. Defendants repeat their responses to the allegations set forth in paragraphs 1-17 as if fully set forth herein.

22-23. Defendants deny the allegations set forth in paragraphs 22 and 23 of the Complaint.

24. Defendants repeat their responses to the allegations set forth in paragraphs 1-17 as if fully set forth herein.

25-26. Defendants deny the allegations set forth in paragraphs 25 and 26 of the Complaint.

First Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

Second Defense

Plaintiff's claims are barred or limited to the extent they are based upon incidents occurring outside the applicable limitations periods.

Third Defense

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any unlawful discrimination in the workplace, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendants or to avoid harm otherwise.

Fourth Defense

To the extent an unlawful employment practice is established, Defendants would have taken the same action in the absence of any unlawful motivating factor.

Fifth Defense

The relief plaintiff seeks is barred, in whole or in part, due to evidence of plaintiff's on the job wrongful activity.

Sixth Defense

Subject to proof through discovery, plaintiff has failed, in whole or in part, to mitigate her purported damages.

Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel and/or laches.

Eighth Defense

The Defendants would have taken the same the same action in the absence of any impermissible motivating factor.

Ninth Defense

Any unlawful discriminatory actions by plaintiff's managers were taken without knowledge that they were acting in violation of law and were contrary to Defendants' good-faith efforts to comply with the law.

DEFENDANTS,

SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY

By their Attorneys,

HOLLAND & KNIGHT LLP

______________________________

Neal J. McNamara (#4249)
Robert J. Crohan Jr. (#6516)
One Financial Plaza, Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the within Amended Answer to Complaint was forwarded via first class mail, postage pre-paid, this _______ day of November, 2005 to:

Patricia E. Andrews, Esquire
Carly Beauvais Iafrate, Esquire
170 Westminster Street, Suite 601
Providence, RI 02903

______________________________

# 3392949_v1