UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CAROL PETRARCA,<br><br>Plaintiff,<br>v.<br><br>SOUTHERN UNION COMPANY and<br>NEW ENGLAND GAS COMPANY<br><br>Defendants. | C.A. No. 04-310S |

**AMENDED ANSWER**

Defendants Southern Union Company and New England Gas Company ("Defendants") respond to the allegations set forth in the Complaint as follows:

1-2. The allegations set forth in paragraphs 1 and 2 of the Complaint do not require a response.

3. Defendants admit the allegations set forth in paragraph 3 of the Complaint.

4. Defendants admit the allegations set forth in paragraph 4 of the Complaint, and affirmatively state that Southern Union Company's principal place of business is located in Pennsylvania.

5. Defendants admit the allegations set forth in paragraph 5 of the Complaint, but affirmatively state that New England Gas is the only division of Southern Union that does business in Rhode Island.

6-10. Defendants admit the allegations set forth in paragraphs 6, 7, 8, 9, and 10 of the Complaint.

11-17. Defendants deny the allegations set forth in paragraphs 11, 12, 13, 14,15, 16 and 17 of the Complaint.

18. Defendants repeat their responses to the allegations set forth in paragraphs 1-17 as if fully set forth herein.

19-20. Defendants deny the allegations set forth in paragraphs 19 and 20 of the Complaint.

21. Defendants repeat their responses to the allegations set forth in paragraphs 1-17 as if fully set forth herein.

22-23. Defendants deny the allegations set forth in paragraphs 22 and 23 of the Complaint.

24. Defendants repeat their responses to the allegations set forth in paragraphs 1-17 as if fully set forth herein.

25-26. Defendants deny the allegations set forth in paragraphs 25 and 26 of the Complaint.

First Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

Second Defense

Plaintiff's claims are barred or limited to the extent they are based upon incidents occurring outside the applicable limitations periods.

Third Defense

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any unlawful discrimination in the workplace, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendants or to avoid harm otherwise.

Fourth Defense

To the extent an unlawful employment practice is established, Defendants would have taken the same action in the absence of any unlawful motivating factor.

Fifth Defense

The relief plaintiff seeks is barred, in whole or in part, due to evidence of plaintiff's on the job wrongful activity.

Sixth Defense

Subject to proof through discovery, plaintiff has failed, in whole or in part, to mitigate her purported damages.

Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel and/or laches.

Eighth Defense

The Defendants would have taken the same the same action in the absence of any impermissible motivating factor.

Ninth Defense

Any unlawful discriminatory actions by plaintiff's managers were taken without knowledge that they were acting in violation of law and were contrary to Defendants' good-faith efforts to comply with the law.

DEFENDANTS,

SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY

By their Attorneys,

HOLLAND & KNIGHT LLP

Robert J. Crohan Jr.

Neal J. McNamara (#4249)
Robert J. Crohan Jr. (#6516)
One Financial Plaza, Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the within Amended Answer to Complaint was forwarded via first class mail, postage pre-paid, this 19th day of December, 2005 to:

Patricia E. Andrews, Esquire
Carly Beauvais Iafrate, Esquire
170 Westminster Street, Suite 601
Providence, RI 02903

/Michele Biagetti

# 3392949_v1