UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CAROL PETRARCA, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No.: 04-310 S |
| SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY, | : | |
| Defendants. | : | |

**DEFENDANTS' RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendants Southern Union Company and New England Gas Company hereby renew their motion to compel the plaintiff to produce documents responsive to Defendants' Second Request For Production of Documents. As ground therefor, Defendants state that they served the foregoing discovery request on August 19, 2005 in this employment discrimination case, requesting that plaintiff produce, *inter alia*, the following relevant documents:

> 2. All state and federal income tax returns including any schedules or attachments filed by you or on your behalf for the years 1999 to present.
>
> 3. All documents referring or relating to any application for social security disability benefits, including all documents upon which you relied in making that application.

Plaintiff failed to respond to the request or to produce the documents requested within the time limits set by Rule 34 of the Federal Rules of Civil Procedure. She subsequently requested a number of extensions of time in which to respond to the discovery request, which were agreed to by the Defendants. When plaintiff failed to respond within the extended time period agreed upon

by the parties, Defendants filed a motion to compel on October 17, 2005. That motion was ordered returned for failure to file the requisite copies. (See Docket No. 26.) Defendants re-filed the motion on October 31, 2005. (See Docket No. 32.) Plaintiff responded to the motion asserting that she needed additional time to search for and produce responsive documents (See Docket No. 42.)

On December 20, 2005, plaintiff produced a number of documents responsive to Defendants' Second Request For Production. She failed, however, to produce numerous documents requested by Defendants. More particularly, in response to Request #2, plaintiff produced Federal 1040 and RI-1040 forms for tax years 2002, 2003 and 2004. She did not produce these forms for tax years 1999, 2000, and 2001. Only a single documents appears to have been produced in response to Request #3, a Form SSA-1099 - Social Security Benefit Statement for 2004. Plaintiff produced no documents relating to her application for social security disability benefits, nor any documents upon which she relied in making that application.

Counsel for the Defendants noted these shortcomings in the production to plaintiff's counsel and inquired when the omitted documents would be forthcoming from the plaintiff. Plaintiff's counsel's response was: "You have what she has and we have." This response is insufficient and fails to fulfill plaintiff's discovery obligations under the federal rules.

Rule 34 allows parties to obtain relevant documents "which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). For purposes of federal discovery rules, documents are deemed to be within the "possession, custody or control" of a person if that person has actual possession, custody or control, or has the legal right to obtain the documents on demand. *See Cochran Consulting, Inc. v. Uwatec USA, Inc.*, 102 F.3d 1224, 1229-30 (Fed. Cir. 1996); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *Chaveriat*

*v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426 (7th Cir. 1993); *Gerling Int'l Ins. Co. v. Commissioner*, 839 F.2d 131, 140-41 (3d Cir. 1988); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992); *Weck v. Cross*, 88 F.R.D. 325, 327 (N.D. Ill. 1980).

Even presuming plaintiff has provided all responsive documents presently in her actual possession, it is clear that she has the legal right to obtain copies of her tax returns and the documents relating to her Social Security Disability Insurance application. It is incumbent upon her to make reasonable efforts to obtain these documents. She may not simply state that she has given Defendants what she has. As one court explained:

> A party to a lawsuit cannot escape the obligation to produce documents by incanting, ... "not in my possession." That a party does not possess documents is simply immaterial if those documents remain in that party's custody or control. ... A party controls documents that it has the right, authority, or ability to obtain upon demand.

*Scott v. Arex, Inc.*, 124 F.R.D. 39 (D. Conn. 1989) (citations omitted).

For the reasons stated, Defendants request an order compelling the plaintiff to obtain and produce all documents responsive to Request numbers 2 and 3 of Defendant's Second Request for Production of Documents.

## RULE 37(a)(2)(B) CERTIFICATE

Defense counsel certifies, pursuant to Federal Rule of Civil Procedure 37(a)(2)(B), that he conferred with plaintiff's counsel in an attempt to secure the discovery responses without court action.

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY

By their attorneys,

HOLLAND & KNIGHT LLP

Robert J. Crohan Jr.
Neal J. McNamara (#4249)
Robert J. Crohan Jr. (#6516)
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax (401) 553-6850

CERTIFICATE OF SERVICE

I hereby certify that on December 28th, 2005, I served a true and accurate copy of the within document via regular mail, postage prepaid to:

Patricia E. Andrews, Esq.
Carly Beauvais Iafrate, Esq.
170 Westminster Street
Providence, RI 02903

Michele Biagetti

# 3480911_v1