UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CAROL PETRARCA, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No.: 04-310 S |
| SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY, | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendants Southern Union Company and New England Gas Company hereby move to compel the plaintiff to produce documents responsive to Defendants' First Request For Production of Documents. As grounds therefor, Defendants state that they served the foregoing discovery request in January 2005 in this employment discrimination case, requesting that plaintiff produce, *inter alia*, the following relevant documents:

11. All physical and mental health records dating since January 1989, including but not limited to records, notes, memoranda, correspondence, tests, reports, and prescriptions, relating to counseling, diagnosis, testing, or treatment provided to you for any physical, mental psychiatric, psychological, or emotional injury or condition by any physical or mental health care provider, as well as any financial records, bills, invoices or other memoranda related thereto.

In particular, Plaintiff has not produced the documents requested above in connection with medical services rendered by Dr. Ruggiano, despite numerous inquiries to Plaintiff's counsel regarding production of these documents. Plaintiff's counsel have indicated that Dr. Ruggiano has retired, and they are not able to obtain the records. Defendants assert that that response in inadequate.

Rule 34 allows parties to obtain relevant documents "which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). For purposes of federal discovery rules, documents are deemed to be within the "possession, custody or control" of a person if that person has actual possession, custody or control, or has the legal right to obtain the documents on demand. *See Cochran Consulting, Inc. v. Uwatec USA, Inc.*, 102 F.3d 1224, 1229-30 (Fed. Cir. 1996); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426 (7th Cir. 1993); *Gerling Int'l Ins. Co. v. Commissioner*, 839 F.2d 131, 140-41 (3d Cir. 1988); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992); *Weck v. Cross*, 88 F.R.D. 325, 327 (N.D. Ill. 1980). It is incumbent upon the Plaintiff to make reasonable efforts to obtain these documents. As one court explained:

> A party to a lawsuit cannot escape the obligation to produce documents by incanting, … "not in my possession." That a party does not possess documents is simply immaterial if those documents remain in that party's custody or control. … A party controls documents that it has the right, authority, or ability to obtain upon demand.

*Scott v. Arex, Inc.*, 124 F.R.D. 39 (D. Conn. 1989) (citations omitted).

For the reasons stated, Defendants request an order compelling the plaintiff to obtain and produce all documents responsive to Request number 11 of Defendant's First Request for Production of Documents, specifically all such documents relating to Dr. Ruggiano.

RULE 37(a)(2)(B) CERTIFICATE

Defense counsel certifies, pursuant to Federal Rule of Civil Procedure 37(a)(2)(B), that he conferred in good faith with plaintiff's counsel in an attempt to secure these discovery responses without court action.

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY

By their attorneys,

HOLLAND & KNIGHT LLP

Neal J. McNamara (#4249)
Robert J. Crohan Jr. (#6516)
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax (401) 553-6850

CERTIFICATE OF SERVICE

I hereby certify that on January 9TH, 2006, I served a true and accurate copy of the within document via regular mail, postage prepaid to:

Patricia E. Andrews, Esq.
Carly Beauvais Iafrate, Esq.
170 Westminster Street
Providence, RI 02903

# 3501145_v1