UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CAROL A. PETRARCA | : | |
| | : | |
| v. | : | C.A. No. 04-310S |
| | : | |
| SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY | : | |

**ORDER**

Before this Court for determination are Plaintiff's Motion to Compel Further Answers to Interrogatories, (Document No. 28), Plaintiff's Motion to Compel Further Responses to Request for Production of Documents (Document No. 27) and Defendants' Motion to Compel Answers to Second Request for Production. (Document No. 32).

On November 7, 2005, pursuant to Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 13(d), Plaintiff's counsel and Defendants' counsel were ordered to meet face to face and to confer in good faith in an effort to resolve all of the disputes presented in these Discovery Motions (Document Nos. 27, 28 and 32) and to later submit a joint report to the Court detailing the efforts to resolve each of the disputes (including the length of the meeting) and to advise the Court as to the remaining items (if any) in dispute after the meeting. The parties' joint report was submitted to the Court on February 6, 2006. Based on that report and this Court's review of the parties' memoranda, the pending Discovery Motions are resolved as follows:

**I. Plaintiff's Motion to Compel Production of Documents (Document No. 27)**

A. Defendants have agreed to supplement their responses to Request Nos. 1, 4, 6, 8, 13, 14, 17, 23 and 40, and to also produce a privilege log as to Request No. 23.

B. Plaintiff's Motion is GRANTED as to Request Nos. 18 and 19 (except Defendants' breadth objection is sustained as to the persons "who worked in the same department or departments as plaintiff" and the time period for production is limited to January 1, 2000 through Plaintiff's retirement date), 32 (except the time period for production is limited to January 1, 2000 through Plaintiff's retirement date) and 59 (but only to the extent that Defendants shall produce a privilege log as to any responsive documents withheld due to privilege or work-product protection, and indicate whether any other "non-privileged" responsive documents were withheld on other grounds); and DENIED as to Request Nos. 30, 34 and 42 (Defendants' objections sustained), and 35, 36, 51 and 60 (Defendants' objections sustained in part and their narrowed production is deemed responsive).

**II. Plaintiff's Motion to Compel Answers to Interrogatories (Document No. 28)**

A. Defendants have agreed to supplement their answers as to Interrogatory Nos. 1, 2, 3, 5, 9, 11, 20, 22, 23 and 24.

B. Plaintiff's Motion is GRANTED as to Interrogatory No. 25; and DENIED, pursuant to Fed. R. Civ. P. 33(a) as excessive in number, as to Interrogatory No. 26.

**III. Defendants' Motion to Compel Answers to Second Request for Production of Documents (Document No. 32)**

A. This Motion was not addressed in the joint report and thus it is DENIED as moot.

**Conclusion**

Plaintiff's Motions to Compel (Document Nos. 27 and 28) are GRANTED in part and DENIED in part as discussed above. Defendants' Motion to Compel (Document No. 32) is DENIED

as moot. Defendants shall respond/supplement as ordered herein within twenty (20) days of the date of this ORDER.

LINCOLN D. ALMOND
United States Magistrate Judge
February 8, 2006