UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CAROL PETRARCA | : | |
| | : | |
| v. | : | C.A. No: 04-310(S) |
| | : | |
| SOUTHERN UNION COMPANY and | : | |
| NEWENGLAND GAS COMPANY | : | |

**MOTION FOR PROTECTIVE ORDER**

Now comes the Plaintiff, and moves for a protective order quashing the *subpoena duces tecum* served upon Plaintiff's former counsel, Patricia Andrews, Esq. In support of her Motion, Plaintiff relies upon the attached Memorandum of Law, attached hereto and made a part hereof.

PLAINTIFF CAROL PETRARCA
By her Attorney,

Vicki J. Bejma (6498)
Law Offices of Stephen M. Robinson
155 South Main Street
Providence, RI 02903
(401) 331-6565
(401) 331-7888 (fax)

**CERTIFICATION**

I hereby certify that pursuant to Fed. R. Civ. P. 26(c) a good faith attempt was made to resolve this dispute prior to seeking Court action.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of May, 2006, a true and complete copy of the foregoing was mailed first class postage prepaid to counsel of record for the Defendants: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CAROL PETRARCA** | : | |
| | : | |
| **v.** | : | **C.A. No: 04-310(S)** |
| | : | |
| **SOUTHERN UNION COMPANY and** | : | |
| **NEW ENGLAND GAS COMPANY** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

## I. INTRODUCTION

This matter comes before this Honorable Court on Plaintiff Carol Petrarca's Motion for Protective Order. Plaintiff has filed this Motion seeking to quash the Defendant's *subpoena duces tecum* served upon her former counsel, Patricia Andrews. That *subpoena* demands that Attorney Andrews produce: "[a]ll written communications between Carol Petrarca and Patricia Andrews and/or Carly Iafrate[1] regarding the facts of the above-captioned case." Plaintiff takes the position that the documents sought pursuant to this *subpoena* are clearly protected by the attorney-client and/or work product privileges, and are therefore not discoverable pursuant to Fed. R. Civ. P. 26(b)(1).

## II. LEGAL ARGUMENT

The genesis of this dispute is in the deposition of the Plaintiff conducted on or about April 19, 2006. At that deposition, the Plaintiff was asked whether she had reviewed any documents in order to prepare for that deposition. (Tr., p. 4-14.) In response, Plaintiff testified that among other items,[2] she had reviewed a five-page document. (Tr., Ex. M.) Plaintiff testified that her former attorney had prepared this document based upon information provided by

[1] On information and belief, Carly Iafrate is an attorney associated with Patricia Andrews.
[2] Specifically, those items included the Plaintiff's charge to the Human Rights Commission, records regarding an incident taking place at Plaintiff's workplace, notes given to Plaintiff's present counsel, Plaintiff's personal notes, and notes given her by another party. (Tr., p. 4-14, 102-03, 106-09.)

Plaintiff. (Tr., p. 116.) That document was a summary of the harassing behaviors that Plaintiff had been subjected to during her employment by the Defendants. (Tr., p. 7.)

Subsequent to this deposition, Plaintiff's counsel received a *subpoena duces tecum* demanding that Plaintiff's former counsel turn over all written communications between Plaintiff and that counsel regarding the facts of this case. On its face, this *subpoena* demands information that is protected by attorney-client and work product privileges. When Plaintiff's counsel contacted Defendants' counsel, Defendants' counsel asserted that once Plaintiff had revealed that she had reviewed that five-page summary to prepare for her deposition, Defendants' counsel was entitled to discovery of the remainder of the Plaintiff's communications with her former counsel. Plaintiff does not contest that once she had reviewed that five-page summary in preparation for the deposition, any applicable privilege may have been waived as to that summary. Plaintiff does take issue with the apparent position of Defendant's counsel, that is, that privilege has been waived as to *all* of her written communications with her former counsel.

Defendant's right to discovery of the document reviewed by Plaintiff in preparation for her deposition is established through Fed. R. Civ. P. 30(c) and Fed.R.Evid. 612. Fed. R. Civ. P. 30(c) provides, in pertinent part: "Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615." Accordingly, Fed.R.Evid. 612 applies to depositions. Fed.R.Evid. 612 supplies the right of adverse parties to examine those documents used to refresh one's memory for the purposes of testifying:

> Except as otherwise provided in criminal proceedings by section 3500 of title 18, United States Code, if a witness uses a writing to refresh memory for the purpose of testifying, either--
>
> **(1)** while testifying, or

(2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,

> an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing in camera, excise any portions not so related, and order delivery of the remainder to the party entitled thereto. Any portion withheld over objections shall be preserved and made available to the appellate court in the event of an appeal. If a writing is not produced or delivered pursuant to order under this rule, the court shall make any order justice requires, except that in criminal cases when the prosecution elects not to comply, the order shall be one striking the testimony or, if the court in its discretion determines that the interests of justice so require, declaring a mistrial.

When construing Fed. R. Civ. P. 30(c) and Fed.R.Evid. 612 together, courts in this Circuit have held that a deponent may be required to produce those documents that the deponent used to prepare for a deposition. *See, e.g., Derderian v. Polaroid Corp.*, 121 F.R.D. 13, 16 (D. Mass. 1988), *citing Smith & Wesson v. United States*, 782 F.2d 1074, 1083 (1st Cir. 1986). The rationale for this ruling is that the deposing party ought to have the ability to test the deponent's credibility through an examination of what extent, if any, the deponent's testimony has been shaded by another's recitation of the facts. *See, e.g., In re Comair Air Disaster Litigation*, 100 F.R.D. 350, 353 (E.D. Ky. 1983), *citing James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138 (D.De.. 1982).

This disclosure requirement, however, is not automatically invoked whenever a deposition has been held. It must first be determined: 1) whether the witness used a writing to refresh his or her memory; 2) for the purpose of testifying; and 3) whether, in the interests of justice the adverse party should be granted the writing. *See, e.g., Nutramax Laboratories, Inc. v. Twin Laboratories, Inc.*, 183 F.R.D. 458, 468 (D. Md. 1998). In some instances, courts have held that the interests of justice will require the production of such documents, notwithstanding

any privileged status they may otherwise have had. *See id.* at 472. In making these determinations, courts have attempted to balance the need to protect privilege with the need to test the extent to which the deponent's testimony has been shaded. *See, e.g., Al-Rowaishan Establishment Universal Trading & Agencies Ltd. v. Beatrice Foods*, 92 F.R.D. 779, 780 (S.D.N.Y. 1982). In order to achieve that balance, ". . . a determination must be made as to the extent which the documents were consulted and relied upon, and the extent to which opinions and conclusions reflected therein, as opposed to factual recitations, ought to be redacted in the interest of preserving the policies underlying attorney-client or work product privilege." *See Comair*, at 353, *citing* S. Saltzburg & K. Redden, *Federal Rules of Evidence Manual* 418 (3d Ed. 1982).

Courts have also examined whether the document in question contained recitations of fact that were accessible to the deposing party. In such cases, the balance weighs heavily against ordering the production of a privileged document. *See, e.g., Derderian*, at 17.

Even if the use of the document for purposes of preparing for deposition testimony waived the work-product privilege and/or attorney-client privileges as to that particular five-page summary, there is no support in Rule 612 for the proposition that the Plaintiff has automatically waived any work-product privilege and/or attorney-client privilege as to other documents. The text of the rule itself militates against such wholesale disclosures, for it specifically provides that portions of the document reviewed that were not germane to the testimony may be withheld. Furthermore, such a wholesale disclosure does not answer the purposes of Rule 612. As the Third Circuit held in the case of *Sporck v. Peil*, 759 F.2d 312, 317 (3d Cir. 1985), the *sole* purpose of Rule 612 is to test the deponent's credibility. Accordingly, courts have insisted that the documents sought pursuant to Rule 612 have at least actually been reviewed and relied upon

in preparation for the deposition. A determination of whether the documents were reviewed *and* relied upon must be made even before reaching the question of whether the interests of justice require that the document be produced despite its privileged status. *See id. See also Baba-Ali v. City of New York*, 1993 WL 427425 (S.D.N.Y. 1993); *U.S. ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 565-66 (C.D. Cal. 2003); *Wheeling-Pittsburgh Steel Corp. v. Underwriters Laboratories*, 81 F.R.D. 8, 11 (N.D. Ill. 1978); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 74 F.R.D. 613, 615-16 (S.D.N.Y. 1977).

In the case of the five-page summary referenced at the deposition, there was at least testimony on the record indicating that the Plaintiff had reviewed that document prior to the deposition. However, there is nothing suggesting that the Plaintiff had reviewed each and every communication with her former counsel prior to the deposition. Accordingly, Defendants cannot rely upon Rule 612 in order to obtain access to each and every communication between Plaintiff and her counsel.

Furthermore, Defendants cannot find any support for their position in the general laws regarding waiver of privilege. It is true that in some instances, a waiver of privilege as to one communication may have a "ripple effect," stripping other communications of their privileged status. *See In re Keeper of the Records, XYZ Corp. v. U.S.*, 348 F.3d 16 (1st Cir. 2003). The First Circuit, however, has cautioned that this "ripple effect" should only be applied only in very limited instances, such as where the party asserting the privilege placed the protected communication at issue in a judicial proceeding. *See id.* at 24. This, however, is not a case in which the "ripple effect" ought to apply. Plaintiff did not offer testimony as to her communications with counsel in order to gain an advantage over Defendants; she merely answered a question as to which documents that she utilized to prepare for her deposition. To

require wholesale disclosure of documents every time a Plaintiff reveals that she reviewed one privileged document in preparation of a deposition would work to eviscerate the privilege.

Accordingly, the Plaintiff is entitled to retain the privileged status of the communications between herself and her attorneys. For that reason, the *subpoena duces tecum* should be quashed.

## III. CONCLUSION

For the above-referenced reasons, the Plaintiff's Motion for Protective Order should be GRANTED, and Defendants' *subpoena duces tecum* quashed.

PLAINTIFF CAROL PETRARCA
By her Attorney,

Vicki J. Bejma (6498)
Law Offices of Stephen M. Robinson
155 South Main Street
Providence, RI 02903
(401) 331-6565
(401) 331-7888 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this ~~1st~~ 5th day of May, 2006, a true and complete copy of the foregoing was mailed first class postage prepaid to counsel of record for the Defendants: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.