UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CAROL PETRARCA | : | |
| | : | |
| v. | : | C.A. No: 04-310(S) |
| | : | |
| SOUTHERN UNION COMPANY and | : | |
| NEWENGLAND GAS COMPANY | : | |

**OBJECTION TO MOTION TO COMPEL**

Now comes the Plaintiff, and objects to Defendants' Motion to Compel. In support of her Motion, Plaintiff relies upon the attached Memorandum of Law, attached hereto and made a part hereof.

PLAINTIFF CAROL PETRARCA
By her Attorney,

Vicki J. Bejma (6498)
Law Offices of Stephen M. Robinson
155 South Main Street
Providence, RI 02903
(401) 331-6565
(401) 331-7888 (fax)

**CERTIFICATION**

I hereby certify that pursuant to Fed. R. Civ. P. 26(c) a good faith attempt was made to resolve this dispute prior to seeking Court action.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of May, 2006, a true and complete copy of the foregoing was mailed first class postage prepaid to counsel of record for the Defendants: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CAROL PETRARCA** | : | |
| | : | |
| **v.** | : | **C.A. No: 04-310(S)** |
| | : | |
| **SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO MOTION TO COMPEL AND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

## I. INTRODUCTION

This matter comes before this Honorable Court on Defendants' Motion to Compel, and Plaintiff's Motion for Protective Order. While styled as two different motions, both involve exactly the same subject matter, that is, a *subpoena duces tecum* served upon Plaintiff's former counsel, Patricia Andrews. That *subpoena* demands that Attorney Andrews produce: "[a]ll written communications between Carol Petrarca and Patricia Andrews and/or Carly Iafrate[1] regarding the facts of the above-captioned case."

On its face, this *subpoena* requests documents that are protected by the attorney-client and/or work product privileges, and are therefore not discoverable pursuant to Fed. R. Civ. P. 26(b)(1). Defendant, however, apparently takes the position that Plaintiff has waived any and all of the protections involving written communications with her former counsel at her recent deposition. As outlined in our earlier Memorandum in Support of Plaintiff's Motion for Protective Orders, Plaintiff did testify that in order to prepare for her deposition, she had consulted a five-page document summarizing the events of harassment that she had endured during her employment. As our Memorandum also acknowledges, pursuant to Fed.R.Evid. 612, the Defendants certainly have the right to review that document, and have been permitted to do

[1] On information and belief, Carly Iafrate is an attorney associated with Patricia Andrews.

in their assertion that a deposition is a judicial proceeding. However, Defendants misapply this rule to this situation insofar as they assert that the document in question was placed at issue in this case.

In order to have placed a document or communication at issue into a particular case, the litigant must have utilized the communication or document in order to prove a fact germane to the case. For example, when a defendant relies upon the "advice of counsel" defense, the defendant can reasonably be said to have put the communication with his counsel at issue, because the precise nature of such communication is essential to proving the existence of that defense. It would also be fundamentally unfair to permit the defendant to selectively reveal some portions of the communication upon which he relies to support his defense, and demand the privilege to others. In those situations, the defendant could be said to have impliedly waived his privileges as to other communications on the same subject matter. *See id.*

The case of *State v. Von Bulow*, 475 A.2d 995 (R.I. 1984), cited by Defendants, also represents another classic example of an occasion on which a portion of otherwise privileged communication or documentation could be said to have been deliberately injected into litigation, and therefore causes a waiver as to the remainder of said communications or documentation. The *Von Bulow* case involved a charge of attempted murder. The defendant's wife had gone into a coma. Her children, suspicious of the defendant's behavior, retained an attorney, a former prosecutor, to investigate. *See id.* at 1001. Later, a private investigator was retained in order to perform a search of the home of the defendant and the wife. Several items were removed from the home, most particularly a black bag containing hypodermics. Testing demonstrated the presence of insulin and other drugs on said hypodermics. This black bag, and other materials collected in the search and investigation, were turned over to the State Police. Later, Defendant

attempted to perform discovery in order to obtain the full contents of the investigation. However, defendant was denied access to this investigation based upon the attorney-client and work product privileges. *See id.* at 1003-04. Defendant was convicted of attempted murder.

On appeal, defendant argued that the attorney-client and work product privileges had been waived as to the entire investigation, based upon the disclosure of some portions of the investigation. The court agreed. The court observed that enough of the investigation and communications between the prosecutor and the wife's children had been disclosed as to begin criminal proceedings. *See id.* at 1008-1011. In short, the wife's children had attempted to selectively disclose only those portions of the investigation and communications that would support their claim that the defendant had made an attempt on their mother's life, but withhold any portions which might undermine their claim. In such a situation, the court held, considerations of basic fairness must dictate that the defendant be allowed complete information about the investigation. *See id.*

The situation presented here is vastly different from the ones described above. Simply put, Plaintiff did not make the communication or document an issue in this case, nor did she ever intend to do so. She merely reviewed the document in order to prepare for her deposition, and produced it only because Rule 612 required her to do so. The mere review of a document to refresh one's memory is obviously not the same as using it as evidence that a particular event did or did not take place, or otherwise prove facts germane to the issues at hand. In this case of sexual harassment and discrimination, what the Plaintiff may have told or not told her attorney is not at issue; what is at issue what happened during the course of her employment. The document itself is not proof of those events. Therefore, the Plaintiff did not place the document or any other communication with her former counsel into this litigation.

The Defendants cannot claim that there are fairness concerns created by not permitting them to review all other written communications between the Plaintiff and her former counsel. In support of this argument, Defendants ask this Court to assume that Plaintiff will attempt to use that document in order to support her claims and credibility. Defendants then claim that they will be injured in that they will not have been able to compare that document with other written communications made between Plaintiff and former counsel to determine their consistency. This argument, however, is based upon a warrantless assumption that the Plaintiff will use the document as evidence of the events that she claims took place or otherwise bolster her credibility. Plaintiff has not announced such intent. It is highly dubious that she could do so in any instance. After all, the document itself is pure hearsay, and could not stand as substantive evidence of any event.

Defendants also try to argue that the five-page document has become relevant to this case in that it was used to refresh Plaintiff's memory, and that they therefore need to view any similar documents in order to test the extent to which they affected her testimony at deposition. However, as we argued in our earlier Memorandum, Fed. R. Evid. 612 already protects Defendants' ability to test the extent to which Plaintiff's testimony was affected by review of documents. That Rule does not authorize a general fishing expedition into privileged communications between attorney and client; it only authorizes the review of documents that were actually reviewed and relied upon in preparation of the deposition. *See Sporck v. Peil*, 759 F.2d 312, 317 (3d Cir. 1985). Defendants have already had the opportunity to fully examine Plaintiff regarding the documents that she utilized in order to prepare for deposition. Questions regarding what documents Plaintiff reviewed have been asked and answered. The documents

that were reviewed have been given to Defendants. Defendants, then, have long since been given all that they are entitled to in order to test Plaintiff's independent recollection.

Accordingly, the Plaintiff should not be deemed to have waived the privileged status of her other communications between herself and former counsel. For that reason, Defendants should not be permitted to compel the production of those communications.

## III. CONCLUSION

For the above-referenced reasons, the Plaintiff's Motion for Protective Order should be GRANTED, and Defendants' *subpoena duces tecum* quashed. Defendant's Motion to Compel should be DENIED.

PLAINTIFF CAROL PETRARCA
By her Attorney,

Vicki J. Bejma (6498)
Law Offices of Stephen M. Robinson
155 South Main Street
Providence, RI 02903
(401) 331-6565
(401) 331-7888 (fax)
May 19, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of May, 2006, a true and complete copy of the foregoing was mailed first class postage prepaid to counsel of record for the Defendants: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.