UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CAROL PETRARCA                          :
                                        :
        v.                      .   :        C.A. No. 04-310S
                                        :
SOUTHERN UNION COMPANY and      :
NEW ENGLAND GAS COMPANY         :

## MEMORANDUM AND ORDER

Before the Court for determination are Plaintiff's Motion for Protective Order (Document No. 76) and Defendants' Cross-Motion to Compel Production of Subpoenaed Documents (Document No. 79). 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a).  A hearing was held on May 25, 2006.  For the reasons discussed below, Plaintiff's Motion is GRANTED, and Defendants' Cross-Motion is DENIED.

### Background

This is an employment discrimination action filed in this Court on July 22, 2004.  Plaintiff was previously represented in this action by Attorneys Patricia Andrews and Carly Beauvais Iafrate. On January 9, 2006, Plaintiff's original attorneys moved to withdraw (Document No. 52) representing to the Court that continued representation of Plaintiff was ethically precluded by a conflict of interest.  Ultimately, on February 7, 2006, Plaintiff's original attorneys were permitted to withdraw after successor counsel entered her appearance on Plaintiff's behalf.  (Document Nos. 61 and 63).

On April 27, 2006, Defendants' counsel served a document subpoena dated April 26, 2006 on Plaintiff's former attorneys.  The subpoena requests production of all written communications

Defendants broad, if not nearly unlimited, access to privileged communications between Plaintiff and her former attorneys. This Court is not convinced.

The attorney-client privilege protects confidential communications made by a client to their attorney. In re Grand Jury Subpoena, 274 F.3d 563, 571 (1st Cir. 2001). The privilege extends to those communications between client and attorney which are "confidential" and are "made for the purpose of seeking legal advice." United States v. Bollin, 264 F.3d 391, 412 (4th Cir. 2001). Further, "the party who invokes the privilege bears the burden of establishing that it applies to the communications at issue and that it has not been waived." In re Keeper of the Records, 348 F.3d 16, 22 (1st Cir. 2003) (citations omitted). While the First Circuit has recognized the possibility of such "subject matter waiver" of the attorney-client privilege, it has noted that "courts should be cautious about finding [such] implied waivers." Id. at 23 (citing In re Grand Jury Proceedings, 219 F.3d 175, 186 (2nd Cir. 2000)). Further, the First Circuit has held that "[s]uch waivers are almost invariably premised on fairness concerns." Id. at 24. In other words, whether fairness requires a full subject matter waiver to prevent a party "from using the attorney-client privilege as both a sword and a shield." Id.

Here, Plaintiff has not attempted to use the summary document as a sword to gain some tactical advantage in this case. It appears that she merely reviewed the document in preparation for her deposition, and a copy was produced to Defendants for their use in conducting Plaintiff's deposition. Plaintiff gave no indication that she intends to try to use this document to prove her case at trial. In fact, it is unlikely that this unsworn, hearsay summary would be admissible in support of Plaintiff's case-in-chief. The "best evidence" of Plaintiff's allegations would be her sworn trial testimony and not an after-the-fact unsworn written summary. Defendants' argument that Plaintiff's

between Plaintiff and her former attorneys regarding the facts of this case. In response to this subpoena, Plaintiff filed a Motion for Protective Order on May 5, 2006 asserting that the documents sought by the subpoena are privileged from disclosure by the attorney-client privilege. Defendants' Cross-Motion to Compel argues that Plaintiff's voluntary disclosure, at her deposition, of a single document given to her former attorney acts as a waiver of any privilege as to all written communications between Plaintiff and her former attorneys regarding the subject matter of such document.

## Discussion

At her deposition, Plaintiff was routinely asked about the documents, if any, that she reviewed in preparation for her deposition. One of the documents identified by Plaintiff was a five-page typewritten summary of issues arising out of her employment with Defendants. The summary was apparently prepared by Plaintiff and was given to her former attorney, Patricia Andrews, as "gave Pat" is handwritten at the top of page one.

Plaintiff voluntarily produced this document to Defendants at the deposition and does not dispute that any privilege as to that document has been waived. Plaintiff contends that production of this document was required by Fed. R. Evid. 612 and Fed. R. Civ. P. 30(c). Rule 612 generally provides that, if a witness uses a writing to refresh memory in preparation for testimony, that writing must be produced to the adverse party.

Defendants contend that the disclosure of this single document has opened the door to a broad subject matter waiver of the privilege. Defendants argue that it would be unfair to allow Plaintiff to have the benefit of using this single document to support her testimony without allowing

-2-

production, pursuant to Fed. R. Evid. 612, of a single document at her deposition acts as an implied waiver of the privilege as to "all written communications" between Plaintiff and her former attorneys simply has no basis in law or fact.

### Conclusion

For the foregoing reasons, Plaintiff's Motions for Protective Order (Document No. 76) is GRANTED, and Defendants' Cross-Motion to Compel (Document No. 79) is DENIED. Defendants' subpoena dated April 26, 2006 is quashed.

LINCOLN D. ALMOND
United States Magistrate Judge
May 26, 2006