**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CAROL PETRARCA** | : | |
| | : | |
| **v.** | : | **C.A. No: 04-310(S)** |
| | : | |
| **SOUTHERN UNION COMPANY and** | : | |
| **NEW ENGLAND GAS COMPANY** | : | |

**PLAINTIFF'S OBJECTION TO MOTION TO QUASH SUBPOENA AND AMENDED NOTICE OF DEPOSITION**

Now comes the Plaintiff, and objects to Defendants' Motion to Quash Subpoena and Amended Notice of Deposition for Alicia Goody. In support of her Motion, Plaintiff relies upon the attached Memorandum of Law, attached hereto and made a part hereof.

PLAINTIFF CAROL PETRARCA
By her Attorney,

Vicki J. Bejma (6498)
Law Offices of Stephen M. Robinson
155 South Main Street
Providence, RI 02903
(401) 331-6565
(401) 331-7888 (fax)
June 2, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June, 2006, a true and complete copy of the foregoing was mailed first class postage prepaid to counsel of record for the Defendants: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CAROL PETRARCA** | : | |
| | : | |
| **v.** | : | **C.A. No: 04-310(S)** |
| | : | |
| **SOUTHERN UNION COMPANY and** | : | |
| **NEW ENGLAND GAS COMPANY** | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER OBJECTION TO MOTIONS TO QUASH SUBPOENA AND AMENDED NOTICE OF DEPOSITION, AND IN SUPPORT OF HER MOTION TO COMPEL**

This matter comes before this Honorable Court on Defendants' Motions to Quash Plaintiff's *Subpoenae* and Amended Notices of Deposition for Royalynne Hourihan and Alicia Goody, and Plaintiff's Motion to Compel the attendance of D'Anna Soenghe at deposition. Defendants' Motions allege that these depositions were scheduled to take place beyond the deadline for the close of discovery set for May 31, 2006, and that therefore the Defendants are entitled to an order quashing the *subpoena* served on Hourihan and Goody and the amended notice of deposition. Plaintiff takes the position that the Defendants have omitted key facts surrounding this matter, and that to forbid the deposition of Hourihan and Goody at this juncture would work substantial injustice. Furthermore, Defendants are unreasonable in withholding D'Anna Soenghe's attendance at deposition.

As outlined in the attached Affidavit, it is true that Hourihan and Goody's depositions were initially scheduled for May 26, 2006. Although Attorney McNamara was not available on that date, Plaintiff's counsels' scheduling of Hourihan and Goody's deposition for that date was inadvertent. There was absolutely no reason why McNamara's co-counsel, Matthew Frankel, could not have covered those depositions. Nevertheless, once this error was pointed out, Plaintiff's counsel offered to immediately reschedule the depositions to other dates and times

prior to the May 31, 2006 closing date. In any case, the error was discovered by May 19, 2006, within ample time to resolve the matter. More importantly, McNamara's May 19, 2006 e-mail indicated that if there were scheduling problems, he would be agreeable to taking Goody and Hourihan's depositions "in the first couple of days of June." (See e-mail appended to Affidavit.)

This scheduling issue was discussed again on May 24, 2006, when other witnesses were being deposed. The parties agreed that June 1, 2006 would be the most convenient day for the depositions. It was also agreed that it would be most efficient to depose Goody and Hourihan on the same date. Attorney McNamara then indicated that he would check with Goody and Hourihan to ensure their availability for June 1, 2006. Defendants' counsel omits to mention the fact that on May 24, 2006, McNamara also expressly indicated that if they were not available for that date, he would agree to schedule the depositions for June 7, 2006 or June 8, 2006.

McNamara did not communicate with Plaintiff's counsel regarding Goody or Hourihan's availability on June 1, 2006. However, Hourihan herself notified Plaintiff's counsel that she would be unavailable on June 1, 2006. Hourihan also indicated to Plaintiff's counsel that she had a cold, and that she was going to see a doctor because she was prone to pneumonia. Therefore, Hourihan asked that her deposition be scheduled for the following week, and agreed to June 7, 2006. Based on McNamara's representation that he would be willing to have the depositions on June 7, 2006, Hourihan and Goody's depositions were re-noticed for June 7, 2006. Defendants' counsel omits the fact that Plaintiff's counsel had spoken with him regarding Hourihan's unavailability. When Plaintiff's counsel attempted to explain why the depositions were noticed for June 7, 2006, McNamara then took the position that June 7, 2006 was unacceptable. When Plaintiff's counsel attempted to have the depositions returned to June 1 or

2, 2006, McNamara then took the position that neither June 1 or 2, 2006 would be acceptable because discovery was closed.

Essentially, McNamara has returned cooperation and accommodation with obstructiveness. When Plaintiff was notified that May 24, 2006 would not be convenient for McNamara, Plaintiff immediately agreed to have the depositions on some other date. Plaintiff could have insisted that the depositions be held on May 24, 2006, and that Attorney Frankel be required to attend. However, in the interests of accommodating lead counsel, Plaintiff agreed to reschedule. McNamara gave a list of dates that would be acceptable to him, and tacitly agreed that he would not object to an extension of the discovery closure. Now that the Plaintiff has attempted to reschedule to those dates that McNamara already agreed to – in part due to the medical condition of one of the witnesses – McNamara would have it that none of those dates are acceptable to him. Under these circumstances, it would be manifestly unfair for McNamara to insist upon denying the opportunity to depose Alicia Goody and Royalanne Hourihan at this time. Therefore, Defendants' Motions should be denied.

Furthermore, under these circumstances, a Motion to Compel should be issued for the attendance of D'Anna Soenghe at deposition on June 9, 2006. D'Anna Soenghe's deposition was originally noticed for May 31, 2006. Nevertheless, McNamara immediately declared her to be unavailable, and refused to make her available on any other date. (See Correspondence of May 26, 2006 appended to Affidavit.) We believe that this stance is unreasonable, given the accommodations we have granted witnesses in the past. Additionally, we observe that the necessity to depose Soenghe was not clear until such time as the May 24, 2006 depositions, and also D'Anna Soenghe's final supplemental answers to interrogatories, served on May 24, 2006. Under the circumstances, a motion to compel would be proper.

PLAINTIFF CAROL PETRARCA
By her Attorney,

Vicki J. Bejma (6498)
Law Offices of Stephen M. Robinson
155 South Main Street
Providence, RI 02903
(401) 331-6565
(401) 331-7888 (fax)
June 2, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June, 2006, a true and complete copy of the foregoing was mailed first class postage prepaid to counsel of record for the Defendants: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CAROL PETRARCA | : | |
| | : | |
| v. | : | C.A.No: 04-310(S) |
| | : | |
| SOUTHERN UNION COMPANY and | : | |
| NEWENGLAND GAS COMPANY | : | |

**AFFIDAVIT OF NOELLE K. CLAPHAM**

Being duly sworn, I, Noelle K. Clapham, hereby depose and say:

1. Deposition notices were issued in the above-captioned action for the following witness: Royalynne Hourihan (former VP of Human Resources with the Defendants), Alisha Goody (former in-house counsel of the Defendants) and Dianne Songee (person who signed Defendants interrogatories) (See attached).

2. The subpoenas and deposition notices for Royalynne Hourihan and Alisha Goody were personally served on them by a duly licensed constable.

3. The subpoenas and notices for Royalynne Hourihan and Alisha Goody initially noticed the depositions of these witnesses for May 26, 2006.

4. Attorney McNamara requested that the depositions of these witnesses be continued to a new date due to his unavailability on May 26, 2006.

5. I accommodated Attorney McNamara's request and agreed to reschedule the depositions.

6. I offered other dates and times for these depositions prior to the close of discovery including, May 29, 2006 (Memorial Day).

7. Attorney McNamara stated that he was not available and that he would allow me to take the depositions on June 1, 2006 or June 2, 2006 instead (See attached).

8. On May 24, 2006 I deposed Richard Kala and Maureen Morancey in the above-captioned action.

9. Following these two depositions, Attorney McNamara, Attorney Stepehen Robinson and I had a meeting to confer regarding the scheduling of depositions for Royalynne Hourihan and Alisha Goody.

10. All three of us agreed that the most convenient day to schedule these two depositions was June 1, 2006, and that it made sense to depose these two witnesses on the same day as that had proved convenient and time efficient for all of us with respect to Kala and Morancey.

11. Attorney McNamara advised us that he needed to check with Hourihan and Goody to ensure that they would be available June 1, 2006, but if they were not then he would agree to schedule them the following week on June 7, 2006 or June 8, 2006, which we all had available.

12. None of us heard back from Attorney McNamara regarding Goody's or Hourihan's availability.

13. Attorney Robinson received a telephone call from Hourihan, which was made a speaker phone conference call attended by both myself and Attorney Bejma.

14. During that telephone conference Hourihan stated that she was unavailable June 1, 2006, that she had a cold, and that she was going to see a doctor because she was prone to pneumonia. Hourihan asked that we schedule her deposition for the following week. Hourihan agreed to June 7, 2006.

15. Based upon Attorney McNamara's prior representations that he was willing to have the depositions on June 7, 2006 or June 8, 2006, if more convenient for Hourihan and Goody, Attorney Bejma re-noticed the two depositions for June 7, 2006.

16. Attorney McNamara then communicated his unwillingness to extend the discovery cut off date.

17. I explained to Attorney McNamara why the depositions had been re-noticed for that date, and that it was my understanding that he had specifically agreed to have the depositions that week if more convenient for Hourihan and/or Goody.

18. Attorney McNamara then advised me that he would have to consult with his client.

19. I then emailed Attorney McNamara and advised him that I would be willing to depose Goody and Hourihan on June 1, 2006 or June 2, 2006 at any time.

20. Attorney McNamara advised me that he would not agree to this further rescheduling, that he considered Attorney Bejma's notice of the depositions for June 7, 2006 to be the final scheduling with respect to these depositions and that he would not agree to any rescheduling for June 1, 2006 or June 2, 2006 despite his prior communications.

21. Attorney McNamara communicated to me that it was his client's position that discovery was officially closed.

22. After the Kala and Morancey depositions it became clear that a deposition of Dianna Songee, the person who signed Defendants' interrogatory answers was necessary.

23. Dianna Songee's deposition was noticed for May 31, 2006.

24. Attorney McNamara advised Attorney Robinson that Songee was not available that date due to other commitments and that it was his position that he did not have any obligation to produce her on any other date (See attached).

The foregoing is true and correct to the best of my knowledge.

Noelle K. Clapham

Noelle K. Clapham

NOTARY PUBLIC

Sworn and subscribed to before me on this 2nd day of June, 2006.

Stephen M. Robinson

**Noelle Clapham**

**From:** "McNamara, Neal " <nmcnamara@nixonpeabody.com>
**To:** "Noelle Clapham" <claphamlaw@verizon.net>
**Sent:** Friday, May 19, 2006 11:14 AM
**Subject:** RE: Discovery

I will accept for Kala. the 29th is Memorial Day, so that won't work. the 31st is fine foe me. If for any reason it is not good for Hourihan or Goody, I will agree that you can take the depsoitions in the first couple of days of June. I will also accept service for Cardin and Alderman. You can do them on June 1 or 2.

-----Original Message-----
**From:** Noelle Clapham [mailto:claphamlaw@verizon.net]
**Sent:** Friday, May 19, 2006 11:01 AM
**To:** McNamara, Neal
**Subject:** Re: Discovery

Thanks for your help trying to contact Goody. I have not been successful either. I did tag Maureen Morancey. I have had some difficulty tagging Richard Kala. They are both noticed for 5/24. Can you agree to accept service for Kala or arrange a time for my contable to serve him? I realized after the notices were issued that the 26th was one of your 2 bad days. I haven't tagged Goody yet, and if I do then I will try to move her to the 29th or 31st. I would also like a couple quick depos from Paul Cardin and Barbara Alderman. Do you want me to tag them or just notice them through you? I'm not in the office today so the best way to reach me is through email or on my cell 255-9321. Noelle

> ----- Original Message -----
> **From:** McNamara, Neal
> **To:** CLAPHAMLAW
> **Sent:** Wednesday, May 17, 2006 12:32 PM
> **Subject:** RE: Discovery
>
> I apologize. I will get them to you ASAP. Did you get my message re the depositions? I have not heard back from Goody.
>
> -----Original Message-----
> **From:** CLAPHAMLAW [mailto:CLAPHAMLAW@VERIZON.NET]
> **Sent:** Wednesday, May 17, 2006 12:23 PM
> **To:** McNamara, Neal
> **Subject:** Discovery
>
> Neal, Pursuant to the Court's 2/8/06 Order we were expecting supplemental discovery responses with respect to the Petrarca matter. I have never received the supplemental responses. If you forwarded them to me I did not receive them. Could you please send me another copy? If you have not forwarded them, please let me know so that I can file an appropriate motion. Noelle Clapham

**Noelle Clapham**

**From:** "McNamara, Neal " <nmcnamara@nixonpeabody.com>
**To:** "Noelle Clapham" <claphamlaw@verizon.net>
**Sent:** Wednesday, May 31, 2006 5:53 PM
**Subject:** Petrarca

Noelle: I have not been able to reach Alycia Goody. Neal

NIXON PEABODY LLP
ATTORNEYS AT LAW

Neal J. McNamara
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Office: 401.454.1019
Fax: 401.454.1030
nmcnamara@nixonpeabody.com
www.nixonpeabody.com

**This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system. Thank you.**

**Noelle Clapham**

**From:** "McNamara, Neal " <nmcnamara@nixonpeabody.com>
**To:** <claphamlaw@verizon.net>
**Sent:** Thursday, June 01, 2006 9:26 AM
**Subject:** RE: Petrarca

Noelle: I suggested June 1 or 2 in an email on May 19 for Goody/Hourihan, as an accommodation to you despite the fact that discovery closed on May 31. At the Kala/Morancy depositions we agreed on June 1 for Goody/Hourihan. I do not remember saying anything re the following week. In any event, as I have noted, we agreed on June 1. Vicki took June 1 off the table unilaterally when she sent deposition notices for June 7, which I received yesterday. I am not available tomorrow, nor could I have been expected to keep that day open. Our position is that discovery is over. Neal

-----Original Message-----
From: claphamlaw@verizon.net [mailto:claphamlaw@verizon.net]
Sent: Wednesday, May 31, 2006 7:23 PM
To: McNamara, Neal
Subject: Re: Petrarca

>From: "McNamara, Neal " <nmcnamara@nixonpeabody.com>
>Date: Wed May 31 16:53:59 CDT 2006
>To: Noelle Clapham <claphamlaw@verizon.net>
>Subject: Petrarca

Okay. Please keep trying. I will depose both her and Royalynne anytime tomorrow or Friday. I will call Royalynne tomorrow and explain the situation. You did state in your prior email that you would be willing to let these 2 depositions go forward on either 6/1 or 6/2. In addition, you did say after the Kala and Morancey depos that if it was more convenient for Goody and Hourihan to have the depos the following week that you would agree to do that, although you would rather have them this week. That is why Steve accomodated Houihan by scheduling her for 6/7. However, if you are firm in your position I will depose them anytime tomorrow or Friday. Noelle

>MessageNoelle: I have not been able to reach Alycia Goody. Neal
>
> Neal J. McNamara
>Nixon Peabody LLP
>One Citizens Plaza
>Providence, RI 02903
>Office: 401.454.1019
>Fax: 401.454.1030 nmcnamara@nixonpeabody.com
>www.nixonpeabody.com
>This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and

NIXON PEABODY LLP
ATTORNEYS AT LAW

Suite 500
One Citizens Plaza
Providence, Rhode Island 02903-1345
(401) 454-1000
Fax: (401) 454-1030

Matthew J. Frankel
Direct Dial: (401) 454-1046
E-Mail: mfrankel@nixonpeabody.com

May 26, 2006

**VIA FACSIMILE & U.S. MAIL**

Stephen M. Robinson, Esq.
155 South Main Street, Suite 402
Providence, RI 02903-7115

RE: Carol Petrarca v. Southern Union Company and New England Gas Company, C.A. No. 04-310-S

Dear Steve:

We are in receipt of the Notice of Deposition of D'Anna Soehnge for May 31, 2006. This office has checked with Ms. Soehnge and she is not available for a deposition that day. Her commitments that day are such that they cannot be rescheduled.

Sincerely,

Matt Frankel

Matthew J. Frankel

NJM/ml

P134975.1

MAY 30 2006

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CAROL PETRARCA** | : | |
| | : | |
| **v.** | : | **C.A. No: 04-310(S)** |
| | : | |
| **SOUTHERN UNION COMPANY and NEWENGLAND GAS COMPANY** | : | |

**TO:** Neal J. McNamara, Esq.
Matthew J. Frankel, Esq.
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903.

Allied Court Reporters
115 Phenix Avenue
Cranston, RI 02920-4296

**NOTICE OF DEPOSITION**

Please be advised that the Plaintiff will take the deposition of D'ANNA SOEHNGE, Vice President of Human Resources of New England Gas Company, at THE LAW OFFICES OF STEPHEN M. ROBINSON on May 31, 2006 at 11:00 a.m.

This deposition will be recorded by stenographic methods. You are hereby invited to attend and take such part therein as you deem proper.

Respectfully submitted,
Plaintiff
By her attorney,

Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
May 24, 2006

Case 1:04-cv-00310-S Document 87 Filed 05/26/2006 Page 2 of 2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25 day of May, 2006, a true and complete copy of the foregoing was mailed first class postage prepaid to counsel of record for the Defendants: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

/Maureen [signature]