UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CAROL PETRARCA | : | |
| | : | |
| v. | : | C.A. No: 04-310(S) |
| | : | |
| SOUTHERN UNION COMPANY and NEWENGLAND GAS COMPANY | : | |

**PLAINTIFF'S MOTION TO COMPEL ATTENDANCE AT DEPOSITON**

Now comes the Plaintiff, and moves to compel the attendance of D'Anna Soenghe at deposition. In support of her Motion, Plaintiff relies upon the attached Memorandum of Law, attached hereto and made a part hereof.

PLAINTIFF CAROL PETRARCA
By her Attorney,

Vicki J. Bejma (6498)
Law Offices of Stephen M. Robinson
155 South Main Street
Providence, RI 02903
(401) 331-6565
(401) 331-7888 (fax)
June 2, 2006

**CERTIFICATION**

I hereby certify that pursuant to Fed. R. Civ. P. 26(c) a good faith attempt was made to resolve this dispute prior to seeking Court action.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21 day of June, 2006, a true and complete copy of the foregoing was mailed first class postage prepaid to counsel of record for the Defendants: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CAROL PETRARCA** | : | |
| | : | |
| **v.** | : | **C.A. No: 04-310(S)** |
| | : | |
| **SOUTHERN UNION COMPANY and** | : | |
| **NEW ENGLAND GAS COMPANY** | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER OBJECTION TO MOTIONS TO QUASH SUBPOENA AND AMENDED NOTICE OF DEPOSITION, AND IN SUPPORT OF HER MOTION TO COMPEL**

This matter comes before this Honorable Court on Defendants' Motions to Quash Plaintiff's *Subpoenae* and Amended Notices of Deposition for Royalynne Hourihan and Alicia Goody, and Plaintiff's Motion to Compel the attendance of D'Anna Soenghe at deposition. Defendants' Motions allege that these depositions were scheduled to take place beyond the deadline for the close of discovery set for May 31, 2006, and that therefore the Defendants are entitled to an order quashing the *subpoena* served on Hourihan and Goody and the amended notice of deposition. Plaintiff takes the position that the Defendants have omitted key facts surrounding this matter, and that to forbid the deposition of Hourihan and Goody at this juncture would work substantial injustice. Furthermore, Defendants are unreasonable in withholding D'Anna Soenghe's attendance at deposition.

As outlined in the attached Affidavit, it is true that Hourihan and Goody's depositions were initially scheduled for May 26, 2006. Although Attorney McNamara was not available on that date, Plaintiff's counsels' scheduling of Hourihan and Goody's deposition for that date was inadvertent. There was absolutely no reason why McNamara's co-counsel, Matthew Frankel, could not have covered those depositions. Nevertheless, once this error was pointed out, Plaintiff's counsel offered to immediately reschedule the depositions to other dates and times

prior to the May 31, 2006 closing date. In any case, the error was discovered by May 19, 2006, within ample time to resolve the matter. More importantly, McNamara's May 19, 2006 e-mail indicated that if there were scheduling problems, he would be agreeable to taking Goody and Hourihan's depositions "in the first couple of days of June." (See e-mail appended to Affidavit.)

This scheduling issue was discussed again on May 24, 2006, when other witnesses were being deposed. The parties agreed that June 1, 2006 would be the most convenient day for the depositions. It was also agreed that it would be most efficient to depose Goody and Hourihan on the same date. Attorney McNamara then indicated that he would check with Goody and Hourihan to ensure their availability for June 1, 2006. Defendants' counsel omits to mention the fact that on May 24, 2006, McNamara also expressly indicated that if they were not available for that date, he would agree to schedule the depositions for June 7, 2006 or June 8, 2006.

McNamara did not communicate with Plaintiff's counsel regarding Goody or Hourihan's availability on June 1, 2006. However, Hourihan herself notified Plaintiff's counsel that she would be unavailable on June 1, 2006. Hourihan also indicated to Plaintiff's counsel that she had a cold, and that she was going to see a doctor because she was prone to pneumonia. Therefore, Hourihan asked that her deposition be scheduled for the following week, and agreed to June 7, 2006. Based on McNamara's representation that he would be willing to have the depositions on June 7, 2006, Hourihan and Goody's depositions were re-noticed for June 7, 2006. Defendants' counsel omits the fact that Plaintiff's counsel had spoken with him regarding Hourihan's unavailability. When Plaintiff's counsel attempted to explain why the depositions were noticed for June 7, 2006, McNamara then took the position that June 7, 2006 was unacceptable. When Plaintiff's counsel attempted to have the depositions returned to June 1 or

2, 2006, McNamara then took the position that neither June 1 or 2, 2006 would be acceptable because discovery was closed.

Essentially, McNamara has returned cooperation and accommodation with obstructiveness. When Plaintiff was notified that May 24, 2006 would not be convenient for McNamara, Plaintiff immediately agreed to have the depositions on some other date. Plaintiff could have insisted that the depositions be held on May 24, 2006, and that Attorney Frankel be required to attend. However, in the interests of accommodating lead counsel, Plaintiff agreed to reschedule. McNamara gave a list of dates that would be acceptable to him, and tacitly agreed that he would not object to an extension of the discovery closure. Now that the Plaintiff has attempted to reschedule to those dates that McNamara already agreed to – in part due to the medical condition of one of the witnesses – McNamara would have it that none of those dates are acceptable to him. Under these circumstances, it would be manifestly unfair for McNamara to insist upon denying the opportunity to depose Alicia Goody and Royalanne Hourihan at this time. Therefore, Defendants' Motions should be denied.

Furthermore, under these circumstances, a Motion to Compel should be issued for the attendance of D'Anna Soenghe at deposition on June 9, 2006. D'Anna Soenghe's deposition was originally noticed for May 31, 2006. Nevertheless, McNamara immediately declared her to be unavailable, and refused to make her available on any other date. (See Correspondence of May 26, 2006 appended to Affidavit.) We believe that this stance is unreasonable, given the accommodations we have granted witnesses in the past. Additionally, we observe that the necessity to depose Soenghe was not clear until such time as the May 24, 2006 depositions, and also D'Anna Soenghe's final supplemental answers to interrogatories, served on May 24, 2006. Under the circumstances, a motion to compel would be proper.

PLAINTIFF CAROL PETRARCA
By her Attorney,

Vicki J. Bejma (6498)
Law Offices of Stephen M. Robinson
155 South Main Street
Providence, RI 02903
(401) 331-6565
(401) 331-7888 (fax)
June 2, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June, 2006, a true and complete copy of the foregoing was mailed first class postage prepaid to counsel of record for the Defendants: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.