FILED
JUN 19 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CAROL PETRARCA :
:
v. : C.A. No: 04-310(S)
:
SOUTHERN UNION COMPANY and :
NEWENGLAND GAS COMPANY :

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Now comes the Plaintiff, and objects to Defendants' Motion for Protective Order regarding Plaintiff's Requests for Admissions. In support of her Motion, Plaintiff relies upon the attached Memorandum of Law, attached hereto and made a part hereof.

PLAINTIFF CAROL PETRARCA
By her Attorney,

Vicki J. Bejma (6498)
Law Offices of Stephen M. Robinson
155 South Main Street
Providence, RI 02903
(401) 331-6565
(401) 331-7888 (fax)

**CERTIFICATION**

I hereby certify that pursuant to Fed. R. Civ. P. 26(c) a good faith attempt was made to resolve this dispute prior to seeking Court action.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2006, a true and complete copy of the foregoing was mailed first class postage prepaid to counsel of record for the Defendants: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

______________________________

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CAROL PETRARCA** | : | |
| | : | |
| **v.** | : | **C.A. No: 04-310(S)** |
| | : | |
| **SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY** | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER OBJECTION TO MOTION FOR PROTECTIVE ORDER AND IN SUPPORT OF HER MOTION TO COMPEL**

## I. INTRODUCTION

This matter comes before this Honorable Court on Defendants' Motion for Protective Order regarding Plaintiff's Requests for Admission, and Plaintiff's Motion to Compel responses to the same. Defendants' Motion alleges that these requests for admissions 1) are "oppressive, unduly burdensome, and calculated to harass Defendants; 2) violate the discovery deadline; and 3) will otherwise prejudice Defendants. Because the Defendants' objectives are baseless, the Defendants' Motion should be denied, and Plaintiff should be granted an order compelling responses to the admissions.

## II. LEGAL ARGUMENT

### A. THE REQUESTS FOR ADMISSIONS SHOULD BE DEEMED TIMELY FILED.

The Defendants argue that they should not be required to respond to the Plaintiffs' requests for admissions on the grounds that they were filed on May 31, 2006, the discovery closure date. This argument fails because admissions are not properly deemed general discovery that is subject to a discovery closure date. Furthermore, Defendants will suffer no prejudice by being required to respond. In fact, the interests of judicial economy demand that Defendants be required to do so.

Numerous courts have held that admissions are not a "general discovery device." *See, e.g., Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986); *T. Rowe Price v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997); *Lakehead Pipeline Company v. American Home Assurance Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997); *Dubin v. E.F. Hutton Group*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989); *State of Vermont v. Statco, Inc.*, 684 F.Supp. 822, 829 (D. Vt. 1988). The basis for this special treatment of admissions lies in their function. Unlike depositions, interrogatories, or requests for production, requests for admission do not aim at uncovering new information. Instead, they seek to have a party "concede the genuineness of a fact or opinion that the requesting party believes to be settled." *See Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 219 (D.D.C. 2001); *Russo v. Baxter Healthcare Corp.*, 51 F.Supp.2d 70, 79 (D.R.I. 1999). Their purpose is to ". . . reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *See T. Rowe* at 42; *Russo* at 79.

Because admissions are not general discovery devices, some courts have accordingly concluded that requests for admissions should not be treated as discovery for the purposes of discovery closures. *See, e.g., O'Neill v. Medad*, 166 F.R.D. 19 (E.D. Mich. 1996); *Barr v. Weber (In Re Carousel Candy Co.)*, 38 B. R. 927, 935-36 (E.D.N.Y. 1984). The rationale for not treating admissions as discovery for the purposes of discovery closures was succinctly stated in the case of *Hurt v. Coyne Cylinder Co.*, 124 F.R.D. 614 (1989):

> "Requests for admissions are not a general discovery device." *Misco, Inc. v. United States Steel Corp.,* 784 F.2d 198, 205 (6th Cir.1986); 8 C. Wright and A. Miller, *Federal Practice and Procedure* § 2253, at 706 (1970). The purpose of a request for admissions generally is not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof. Requests for admissions are designed to eliminate issues from a case prior to trial and to avoid unnecessary evidence with respect to

> issues that are not truly in contention and can be fully developed by admissions of the parties. When the intended functional purpose of Rule 36 is considered, the fact that the rule on requests for admissions is included in the discovery section of the Federal Rules of Civil Procedure seems little reason to cut off the reasonable utilization of requests for admissions before trial as is usually done with discovery. This court concludes that the Rule 36 request for admissions is not included within the parameters of a general cutoff for discovery in a scheduling order.

*Id.* at 615.

It is true, as Defendant argues, that not every jurisdiction agrees with the proposition that admissions are not a discovery device, and should therefore be excluded from discovery deadlines. Sometimes, there are splits of opinion on this matter even within circuits. *See, e.g., Greenfield v. Memorial Sloan Kettering Hospital*, 2000 WL 351395 at *4 (S.D.N.Y. 2000). However, it would appear that even if one considers admissions subject to discovery deadlines, it does not automatically follow that a protective order should be given when admissions are filed outside of the discovery deadline. In one of the cases cited by Defendants, that of *Kershner v. Beloit Corp.*, 106 F.R.D. 498 (D. Me. 1985), the district court disagreed with the proposition that admissions were not discovery devices subject to discovery deadlines. Nevertheless, the court refused to grant a motion to quash requests for production served approximately one month after the discovery deadline had taken place:

> Such objection [for untimeliness] need not be fatal, however, considering the absence of any prejudice to the objecting party and the unique and generally beneficent effect of such admissions of fact in isolating the actually disputed factual issues for trial and in accomplishing significant judicial economy in the trial phases of the case. *See* 8 C. Wright and A. Miller, *Federal Practice and Procedure;* Civil § 2253, at 706. The principal use of admissions of fact is to serve the purpose of expediting the trial and to relieve the parties of the burdens and expense of proving at trial facts which are undisputed. *Id.* at 705. The achievement of such purposes serves the interests of the Court, the parties, and the public in the administration of justice. For this reason, Rule 36 is to be liberally construed in its application. *Walsh v. Connecticut Mut. Life Ins. Co.*, 26 F.Supp., 566 (D.C.N.Y.1939).

*Id.* at 499.

Our own jurisdiction apparently has never confronted this question, at least not in the context of a published opinion. Our Local Rules never clarified the point. We therefore have an ambiguity as to whether the discovery order date encompassed admissions. Given this ambiguity as to whether the discovery order encompassed admissions, it would seem at very least that this Court should take the approach adopted by *Kersher*. This approach would deal with the problem of the ambiguity of the order, and also serve the interests of justice by balancing the interests of the speedy operation of the courts versus undue hardship to a litigant.

The *Kersher* Court allowed the use of admissions after the deadline in part because no prejudice would be wrought on the party from whom the admissions were served. Under the present circumstances, it is difficult to fathom precisely how the Defendants would be prejudiced by being required to respond to the requests for admissions. This is not, as the Defendants attempt to assert, an instance wherein the deadlines for responding to the admissions and drafting dispositive motions are being compressed into one, with a resultant hardship in terms of deprivation of preparation time. Even if the Defendants take the entire 30 days to respond to the admissions allotted under Rule 36, they will still have approximately three weeks to prepare dispositive motions in time for the July 21, 2006 deadline.[1] For that matter, responding to these discovery requests would not be necessarily incompatible with preparing the dispositive motions. After all, the purpose of dispositive motions is to narrow the issues at trial. Certainly, when preparing the dispositive motions, the Defendants will be reviewing all of the discovery compiled thus far, and determining whether there are or are not any disputes as to facts in various instances. This review process, of course, is little different than what the Defendants would be

---

[1] At this juncture, given the difficulties with scheduling depositions, this deadline may continued further. Additionally, during the June 8, 2006 telephone conference, Magistrate Almond observed that Judge Smith would be involved in a length trial soon, and therefore this matter would not be expected to go trial for some time.

doing in responding to the requests for admissions. If anything, then, reviewing and responding to these admissions may well aid the process of determining whether there are any issues of fact to be litigated.

Defendants attempt to argue that the admissions are disruptive to the dispositive motion process by raising the possibility that the admissions will be evidence for the purposes of a dispositive motion. From there, Defendants posit that there might be a dispute regarding the adequacy of the responses that could not be resolved before the deadline for dispositive motions, and that this will somehow work to prejudice them unfairly. This argument is puzzling. If there was a question as to whether the Defendants responded to an admission adequately, it would seem that the hardship would be on the Plaintiff, not the Defendants. After all, the Plaintiff would not have received an adequate response in time to utilize it for her dispositive motions.

Under the circumstances of this case, then, Defendants should not be deemed entitled to a protective order permitting them to avoid responding to the Plaintiff's requests for admissions. Simply put, the duty to respond to requests for admissions is part and parcel of the narrowing of factual issues and reducing trial time. That narrowing of factual issues and reduction of trial time is an ongoing duty for *all* litigants. As such, admissions should not be treated as general discovery subject to a closure date.

**B. THE REQUESTS FOR ADMISSIONS ARE NOT EXCESSIVE IN NUMBER AND SCOPE.**

The Defendants also object to the number and scope of the requests for admissions. Specifically, the Defendants would have it that the number of requested admissions is *per se* objectionable. The Defendants also claim that Plaintiffs have requested admissions are burdensome because they are irrelevant. Both propositions are incorrect.

First, Rule 36 does not place any restriction on the number of requests for admissions. All that is required is that the requests not be "unduly burdensome." Whether the requests are unduly burdensome is to be judged on a case-by-case basis. *See Wigler v. Electronic Data Systems Corp.*, 108 F.R.D. 204, 205 (D. Md. 1985). In this case, the relevant facts stretch back over 15 years. Furthermore, there are numerous documents to authenticate. Obviously, every effort must be made to agree upon whether the truth of a particular historical fact or the authenticity of a document is at issue prior to trial. This is precisely what most of the requests for admissions aim at.

Although at first blush responding to these requests may seem very time-consuming, that perception must be tempered by the realization that far more time will be consumed by the attorneys and litigants – not to mention this Court, witnesses, and potential jurors – if the factual issues are not narrowed down somewhat. In any case, Defendants have in most cases already compiled the information that would allow them to respond to these requests quickly, as most of the documentation and information was already compiled in Defendants' responses to Interrogatories and Requests for Production. The admissions are in fact largely geared towards confirming the facts gained during the course of discovery.[2]

Furthermore, Defendants also apparently do not comprehend the relevancy of many of the requests. Defendants claim that many of the incidents that are the subject of admissions are time-barred and therefore will not be at issue during trial. However, this is a case involving discrimination. It is by now well-recognized that discriminatory acts, even if taking place beyond the limitations period, can be at least be probative of present discriminatory intent. *See, e.g., Plotke v. White*, 405 F.3d 1092, 1106-07 (10th Cir. 2005), *citing Goodwin v. General Motors*

---

[2] Plaintiff's counsel has only in the case for several months, while Defendants' counsel has been in the case for several years. Defendants, then, should be far more conversant with the facts in any case.

*Corp.*, 275 F.3d 1005 (10th Cir. 2002). For that matter, they can be probative of a continuing violation claim. *See O'Rourke v. City of Providence*, 235 F.3d 713, 730-31 (1st Cir. 2001) Accordingly, seeking admissions regarding pre-1999 events is entirely legitimate.

The Defendants also apparently fail to see the relevance of the some of the specific requests for admissions. The requests regarding other employees' disciplines are aimed towards a highly relevant point, that of showing that the sanction of termination given to the Plaintiff far outweighed that meted out to male employees. Defendant also appears to object to a number of requests for admissions that are aimed at confirming whether Defendants are in agreement with the Plaintiff's interpretation or synopsis of a document or testimony. Such requests for admission, however, are entirely permissible. *See Lakehead*, at 457. By extension, the admissions regarding the contradicting testimony are relevant to determining precisely what position the Defendants are taking as to various events.

In summary, the requests for admissions are not unduly burdensome or prejudicial. Although they may be somewhat large in number, that situation is a product of the factual complexity of this case rather than any attempt to harass the Defendants. Plaintiff's requests for admissions merely seek to ascertain whether Defendants intend to dispute a number of the facts that were gleaned from the discovery already performed.[3] This narrowing of factual issues, of course, is precisely the purpose of admissions, and is better done at this time than at trial.

## III. CONCLUSION

For the above-referenced reasons, the Defendants' Motion for Protective Order should be DENIED, and the Plaintiff's Motion to Compel GRANTED.

[3] We observe here that Defendants failed to produce some documents until May 19, 2006, and therefore could not have formulated requests for admissions within 30 days before May 31, 2006.

PLAINTIFF CAROL PETRARCA
By her Attorney,

Vicki J. Bejma (6498)
Law Offices of Stephen M. Robinson
155 South Main Street
Providence, RI 02903
(401) 331-6565
(401) 331-7888 (fax)
June 16, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16 day of June, 2006, a true and complete copy of the foregoing was mailed first class postage prepaid to counsel of record for the Defendants: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.