**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CAROL PETRARCA** | : | |
| | : | |
| **v.** | : | **C.A. No: 04-310(S)** |
| | : | |
| **SOUTHERN UNION COMPANY and** | : | |
| **NEW ENGLAND GAS COMPANY** | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF FACTS**

Now comes the Plaintiff, and hereby submits her response to Defendants' statement of facts in support of their motion for summary judgment.

As a general matter, Plaintiff disputes and denies Defendants' Statement of Undisputed Facts to the extent that the statements are not supported by the record, are mischaracterizations of the testimony. Plaintiff also refers this Court to other relevant facts, omitted by the Defendants in their recitation. Plaintiff responds to the specific Statements of Undisputed Facts as follows:

I. The Parties and Causes of Action

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

II. Plaintiff's Employment as Spare Building Cleaner and Building Cleaner, April 1998 to July 1991

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted, except that this is not an accurate characterization of Plaintiff's work schedules and contact with Mr. Bolduc throughout her career. (See Plaintiff's Ex. 1, 19:25-20:2.)

15. Admitted.

16. Admitted.

17. Admitted, except as can be inferred that Plaintiff only complained to Bolduc on one occasion regarding Domenicone. (See Defendant's Ex. B at 42:8-14.) (See also Plaintiff's Ex. 1, 42:10.)

18. Admitted.

III. Plaintiff Applies for Building Maintenance Position

19. Admitted.

20. Admitted as to the allegation that Plaintiff "underwent a physical examination by a doctor on Reservoir Avenue. Ex. B at 28:6-7. Admitted as to the allegation that Plaintiff testified that her co-worker Bob Biber stated, "I can't believe you passed that physical because I didn't even pass it." Ex. B at 61:7-8. Denied as to the suggestion that Bob Biber took said physical for the same position for which Plaintiff applied; that inference is not supported by the record.

21. Admitted.

22. Admitted.

IV. Plaintiff's Employment in Building/Facilities Maintenance, 1991-99

23. Admitted except that Plaintiff's start date in the building maintenance position is listed as July 14, 1991. Admitted except as to the characterization of the actual restructuring of positions as a mere renaming.

24. Admitted.

25. Admitted, except as to allegation that Plaintiff admitted that Bolduc yelled at male supervisees such as Kenny Schiano and Bill Johnson.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted except as to the number of times that Kala spoke to Plaintiff, and the characterization of what precisely took place during the conversation on New Year's Eve. (See Plaintiff's Exhibit 1, 49:1-24.)

30. Admitted except as to the allegation that Bolduc was included in the meeting with Alycia Goody.

31. Admitted.

32. Denied. (See Plaintiff's Exhibit 1, 52:9, 14-17, 24; Exhibit 4, 62:8-9; Exhibit 56.)

33. Denied as to the suggestion that Plaintiff never came into contact with Kala after January 2, 1996. (See Plaintiff's Exhibit 1, 64:19-25.)

34. Admitted, except to the characterization that Kala suffered economic damage. (See Plaintiff's Exhibit 4, 27:7-15.)

35. Denied, except as to allegations regarding Plaintiff's encounters with Kala at Dexter Street, and the allegation that anything was ever done about Kala. (See Plaintiff's Exhibit 56; Plaintiff's Exhibit 4, 27:7-15.)

36. Admitted.

37. Admitted.

38. Admitted, except as to the suggestion that Plaintiff was given suitable alternative work in lieu of the missed time.

39. Admitted.

40. Denied as to the characterization of Plaintiff's reasons for objecting to Bolduc's conduct.

41. Denied.

V. The "Locker Room" Incident

42. Denied as to the characterization of the nature of the room. (See especially Plaintiff's Exhibit 14, 15, and 16.)

43. Denied as to the characterization that Plaintiff and Stamp were taking their break at an "unusual time." (See Plaintiff's Exhibit 6, 83:4-15.)

44. Denied, insofar as Plaintiff was not a direct witness to the events at Dexter Street and also was not competent to testify as to what Bolduc did or did not seen on the roof.

45. Denied, insofar as Plaintiff was not a direct witness as to what action Bolduc took after allegedly visiting the roof.

46. Admitted.

47. Admitted.

48. Admitted, except as to the characterization as to Stamp's availability.

49. Admitted.

50. Denied. (See Plaintiff's Exhibit 1, 77:3; Exhibit 62, ¶ 7.)

51. Denied, insofar as Plaintiff was not a direct witness as to whether Bolduc had ever entered the room, with or without knocking.

VI. Plaintiff's Medical Leave, Violation of the CBA, and Period of Termination

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted, except as to the dates of payments.

57. Admitted.

58. Admitted, except as to the allegation that Plaintiff had not responded to Butler's communications. (See Plaintiff's Exhibit 1, 123:20-124:3, 13-19, 125:5-24.)

59. Admitted, except as to the allegation that Plaintiff had not responded to Butler's communications. (See Plaintiff's Exhibit 1, 123:20-124:3, 13-19, 125:5-24.)

60. Denied as to the characterization of Plaintiff's conduct.

61. Admitted.

62. Admitted, except as to the allegation that Plaintiff engaged in misconduct and/or that there was just cause for her termination.

63. Admitted.

VII. Plaintiff's Grievance, Settlement Agreement, and Retirement

64. Admitted.

65. Admitted.

66. Admitted.

67. Admitted.

68. Denied. (See Plaintiff's Memorandum, Ex. 1, 142:7-17.)

69. Denied as to allegation that Plaintiff did not have the ability to return the money. (See Plaintiff's Memorandum, Ex. 1, 133:20-24. See also Plaintiff's Ex. 36.)

70. Admitted only insofar as this statement cites the testimony given

71. Admitted.

72. Admitted.

73. Denied as to the characterization of Plaintiff's reasons for retiring. (See Plaintiff's Exhibit 1, 141:13-17, 144:11-14.)

74. Admitted, except as to the characterization that Plaintiff never offered to reimburse the overpayment amounts prior to the referenced date. (See Plaintiff's Exhibit 34.)

75. Admitted.

76. Admitted.

77. Admitted.

Plaintiff,
By her attorneys,

/s/Stephen M. Robinson_____

Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
August 18, 2006
srobinson@smrobinsonlaw.com

/s/Vicki J. Bejma
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
August 18, 2006
vbejma@smrobinsonlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this _____ day of August, 2006, a true and complete copy of the foregoing was mailed first class postage prepaid to counsel of record for the Defendants: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

____________________________________