**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CAROL PETRARCA** | : | |
| | : | |
| **v.** | : | **C.A. No: 04-310(S)** |
| | : | |
| **SOUTHERN UNION COMPANY and** | : | |
| **NEW ENGLAND GAS COMPANY** | : | |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA**

Now comes the Plaintiff, and moves for protective orders and to quash the *subponae duces tecum* served on Dr. James Gallo on March 12, 2007, as well as that served on Dr. John Ruggiano on March 7, 2007. In support of said Motion, Plaintiff relies upon her Memorandum, attached hereto and made a part hereof.

Respectfully submitted,
Plaintiff,
By her attorney,

/s/Stephen M. Robinson_____
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
March 22, 2007
srobinson@smrobinsonlaw.com

/s/Vicki J. Bejma
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
March 22, 2007
vbejma@smrobinsonlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of March, 2007, a true and complete copy of the foregoing was mailed first class postage prepaid to counsel of record for the Defendants: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

/s/ Vicki J. Bejma

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CAROL PETRARCA** | **:** | |
| | **:** | |
| **v.** | **:** | **C.A. No: 04-310(S)** |
| | **:** | |
| **SOUTHERN UNION COMPANY and** | **:** | |
| **NEWENGLAND GAS COMPANY** | **:** | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA**

This matter comes before this Honorable Court on Plaintiff Carol Petrarca's Motion for Protective Order. Plaintiff has filed this Motion seeking to quash the Defendants' *subpoena duces tecum* served upon her medical providers, Dr. James Gallo and Dr. John Ruggiano. (Exhibits A and B.) Both physicians were commanded to appear for depositions on March 29, 2007 and March 26, 2007, respectively, and to produce all of Plaintiff's medical records.

The Plaintiff takes the position that these *subpoenae* are invalid. First, discovery closed long ago, on May 31, 2006. We note that in this respect, the Defendants vigorously objected to an extension of discovery when Plaintiff requested one in May. In the second place, the *subpoena duces tecum* are invalid on their face. Pursuant to R.I.G.L. § 5-37.3-6.1, *subpoena educes tecum* for health care records are invalid unless they have been served upon the party whose records have been sought, along with notice of the right to challenge within 20 days. Defendants did not comply with these requirements. Accordingly, protective orders and orders to quash should issue.

Respectfully submitted,
Plaintiff,
By her attorneys,

/s/Stephen M. Robinson
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
March 22, 2007
srobinson@smrobinsonlaw.com

/s/Vicki J. Bejma
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
March 22, 2007
vbejma@smrobinsonlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of March, 2007, a true and complete copy of the foregoing was mailed first class postage prepaid to counsel of record for the Defendants: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

/s/ Vicki J. Bejma

Case 1:04-cv-00310-S-LDA Document 129 Filed 03/16/2007 Page 1 of 3

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

Carol A. Petrarca

V.

Southern Union Co. and New England Gas Co.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-310-S

TO: Dr. James A. Gallo
West Bay Psychiatric Assoc., Ltd.
300 Centerville Rd., Suite 101
West Warwick, RI 02886

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

✓ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Nixon Peabody LLP, One Citizens Plaza, Providence, RI 02903 | 3/29/2007 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Neal J McNamara Attorney For Defendants | 3/12/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Neal J. McNamara, Esq., Nixon Peabody LLP, One Citizens Plaza, Providence, RI 02903 401-454-1000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT A**

Case 1:04-cv-00310-S-LDA Document 129 Filed 03/16/2007 Page 2 of 3

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

SERVED — DATE 3-12-07 — PLACE 300 Centerville Rd. Warwick

SERVED ON (PRINT NAME): Dr. James Gallo

MANNER OF SERVICE: *Authorized to accept service on behalf of Dr. Gallo

* Jennifer Mitchell

SERVED BY (PRINT NAME): Louis T. Capizzano

TITLE: Disinterested Party

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 3-12-07
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER
30 Birch Tree Dr.
Johnston RI 02919

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Case 1:04-cv-00310-S-LDA Document 129 Filed 03/16/2007 Page 3 of 3

**SCHEDULE A**

You are expected to bring any and all records, medical records, medical bills, and any other records in your possession, custody, or control concerning the treatment of Carol A. Petrarca, Date of Birth: May 18, 1941, Social Security Number: 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 from 1990 to the present. This includes any records of Ms. Petrarca's treatment with Dr. John Ruggiano who closed his practice in 1997 and whose practice was assumed by Dr. James Gallo. This request also includes, but is not limited to the following:

1. Correspondence to and from Ms. Petrarca;
2. Patient billings;
3. Admission and discharge summaries;
4. Reports of physical and/or mental examination;
5. Patient histories;
6. Reports of consultations;
7. Social service notes and reports;
8. Progress notes of physicians, nurses, therapists, etc.;
9. Nursing plans;
10. Test protocols and results;
11. Diagnostic imaging reports (x-rays, CT Scans, MRIs, etc.);
12. Graphs, including EKG, EEG, and EMG/Nerve conduction printouts;
13. Pathology reports; and
14. Outpatient and ambulatory care records.

Case 1:04-cv-00310-S-LDA Document 130 Filed 03/16/2007 Page 1 of 3

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

Carol A. Petrarca

V.

Southern Union Co. and New England Gas Co.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-310-S

TO: Dr. John Ruggiano
347 Broadway
Providence, RI 02909

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

✓ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see the attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Nixon Peabody LLP, One Citizens Plaza, Providence, RI 02903 | 3/26/2007 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 3/7/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Neal J. McNamara, Esq., Nixon Peabody LLP, One Citizens Plaza, Providence, RI 02903 (401) 454-1000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT B**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3-7-07 | 374 Broadway Providence |

Dr. John Russiano
SERVED ON (PRINT NAME)

Office Manager authorized to accept
MANNER OF SERVICE

SERVED BY (PRINT NAME)
Louis J. Capizzano

Disinterested Party
TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 3-7-07
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER
30 Birchtree Dr.
Johnston RI 02919

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**SCHEDULE A**

You are expected to bring any and all records, medical records, medical bills, and any other records in your possession, custody, or control concerning the treatment of Carol A. Petrarca, Date of Birth: May 18, 1941, Social Security Number: 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 from 1990 to the present. This request includes, but is not limited to the following:

1. Application(s) for coverage;
2. Correspondence to and from Ms. Parker;
3. Requests for coverage and responses thereto;
4. Patient billings;
5. Admission and discharge summaries;
6. Reports of physical and/or mental examination;
7. Patient histories;
8. Reports of consultations;
9. Social service notes and reports;
10. Progress notes of physicians, nurses, therapists, etc.;
11. Nursing plans;
12. Test protocols and results;
13. Diagnostic imaging reports (x-rays, CT Scans, MRIs, etc.);
14. Graphs, including EKG, EEG, and EMG/Nerve conduction printouts;
15. Pathology reports; and
16. Outpatient and ambulatory care records.