UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CAROL PETRARCA :
:
v. : C.A. No. 04-310S
:
SOUTHERN UNION CO. and :
NEW ENGLAND GAS CO. :

**MEMORANDUM AND ORDER**

Before the Court for determination is Plaintiff's Motion to Amend Complaint. (Document No. 127). Defendants Southern Union Co. and New England Gas Co. object to Plaintiff's Motion. (Document No. 131). The Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72. A hearing was held on April 5, 2007. For the reasons discussed below, Plaintiff's Motion to Amend Complaint (Document No. 127) is GRANTED.

**Standard of Review**

Fed. R. Civ. P. 15(a) states that after a responsive pleading has been served, a complaint may not be amended without leave of the court. However, Rule 15 also provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).

In Foman, the Supreme Court identified some of the reasons for denying a motion to amend. Those reasons included "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." 371 U.S. at 182.

A motion to amend a complaint may be denied as futile if the "complaint, as amended, would fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). In determining whether a proposed amendment would be futile, a court applies the same standard as it would apply to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Id. The court must accept the well-pleaded factual allegations as true and must draw all reasonable inferences favorable to the plaintiff but need not credit bald assertions or legal conclusions. Id. at 628. Thus, the motion should be denied only when it is clear that the plaintiff would not be able to prove any set of facts that would entitle it to relief. Howard v. State of Rhode Island Resources Bd., No. 96-064T, 1996 WL 33418794 at *2 (D.R.I. December 31, 1996).

**Discussion**

Plaintiff commenced this action on July 22, 2004 alleging employment discrimination. In the original complaint, Plaintiff named Southern Union Co. and New England Gas Co. as Defendants. New England Gas Co. was a division of Southern Union Co. In August 2006, National Grid USA, through its wholly-owned subsidiary, Narragansett Electric Co., purchased the assets of New England Gas Co. from Southern Union Co. Plaintiff's proposed amendment seeks to add both National Grid USA and Narragansett Electric Co. as defendants. Plaintiff argues that both are proper defendants because National Grid USA entered into an agreement with Southern Union Co. regarding the purchase of New England Gas Co. and because Narragansett Electric Co. has taken over the operation of New England Gas Co. Document No. 135, p. 1.

Defendants do not object to the Motion to Amend Complaint with regard to adding Narragansett Electric Co. as a defendant. However, Defendants do object to the Motion to Amend Complaint with respect to adding National Grid USA. In support of their argument, Defendants rely

on the Rhode Island Public Utilities Commission ("RIPUC") decision approving the sale of the assets of New England Gas Co. to Narragansett Electric Co.

In a lengthy report and order, the RIPUC approved the purchase by Narragansett Electric Co. of the assets associated with the regulated gas distribution business owned and operated by Southern Union Co. in Rhode Island as New England Gas Co. Commission Report p. 84, Docket No. D-06-13. The Petition for Approval with the RIPUC was filed by National Grid USA through Narragansett Electric Co. Id. National Grid USA is a wholly-owned subsidiary of National Grid plc, a UK corporation. Id. at 8. National Grid USA is a holding company which is incorporated in Delaware and owns several utilities, including Narragansett Electric Co. Id. To acquire the assets of New England Gas Co., National Grid USA agreed to pay Southern Union Co. approximately $575 million. Id. at 9. Although the RIPUC approved Narragansett Electric Co.'s asset purchase of New England Gas Co., the Purchase and Sale Agreement (hereinafter "Agreement") is unambiguous as to the identity of the Buyer and Seller. Under the Agreement, Southern Union Co. is identified as the "Seller" and National Grid USA is identified as the "Buyer." Document No. 135 p. 2.

Since National Grid USA is identified as the Buyer in the Agreement, National Grid USA, or one of its subsidiaries, is obligated to satisfy certain liabilities or obligations as provided in the Agreement. In particular, Section 2.2 of the Agreement regarding "Assumed Liabilities" provides that the Buyer, National Grid USA, "will assume and agree to pay, perform and discharge when due, or cause the appropriate subsidiary to pay, perform and discharge when due" certain listed and scheduled "liabilities and obligations" including those described in Schedule 2.2. (emphasis added). This litigation is specifically identified in Schedule 2.2. Thus, under the Agreement, National Grid USA is obligated to either itself satisfy any liability arising out of this case or to cause its appropriate

subsidiary, i.e., Narragansett Electric Co., to satisfy any such liability. Thus, both entities are proper defendants in this case.

For the foregoing reasons, Plaintiff's Motion to Amend (Document No. 127) is GRANTED. Plaintiff shall file her Amended Complaint within seven (7) calendar days of the date of this Order.

SO ORDERED

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 5, 2007