**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CAROL A. PETRARCA,**
**Plaintiff,**
**v.** **C.A. No. 04-310S**

**SOUTHERN UNION COMPANY,**
**NEW ENGLAND GAS COMPANY,**
**NATIONAL GRID USA, and**
**THE NARRAGANSETT ELECTRIC COMPANY**
**Defendants**

# AMENDED COMPLAINT

1. This Complaint arises out of allegations of employment discrimination based on sex and retaliation in violation of federal laws.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000e et seq.

## PARTIES

3. Plaintiff, Carol A. Petrarca (hereinafter "Plaintiff") is a female citizen of the United States and a resident of the State of Rhode Island.

4. Defendant Southern Union Company ("Defendant') is a Delaware Corporation duly licensed and doing business in Rhode Island.

5. Defendant New England Gas Company ("Defendant') is a division of Southern Union and one of its local gas distribution companies located in Providence, Rhode Island.

6. Defendant, National Grid USA, (“Defendant”) is a Delaware Corporation.

7. On or about August 24, 2006, Defendants National Grid USA and Southern Union entered into a purchase and sales agreement whereby National Grid USA was to purchase Southern Union’s assets in the so-called New England Gas Company, or designate an appropriate subsidiary to do so.

8. Pursuant to said purchase and sales agreement, Defendant National Grid USA has agreed to assume liability in the above-captioned matter, or cause the appropriate subsidiary to do so.

9. The Narragansett Electric Company (“Defendant) is a Rhode Island corporation duly licensed and doing business in Rhode Island.

10. The Narragansett Electric Company is a subsidiary of National Grid USA.

11. Defendant National Grid USA has designated The Narragansett Electric Company as the appropriate subsidiary to implement the purchase and sales agreement regarding Southern Union's assets in the New England Gas Company.

12. The Narragansett Electric Company has therefore agreed to assume said liability.

ADMINISTRATIVE PROCEDURES

13. On or about February 25, 2000, charges of employment discrimination on behalf of Plaintiff, based upon sex, were filed with the Commission for Human Rights for the State of Rhode Island (the "Commission") and the Equal Employment Opportunity Commission ("EEOC").

14. On or about August 21, 2003, the Commission found probable cause to believe that Defendants discriminated against Plaintiff on the basis of sex.

15. On or about April 27, 2004, the EEOC issued a "Notice of Right To Sue" to Plaintiff.

16. This Complaint has been filed within ninety (90) days of the receipt of the Notice of Right to Sue.

STATEMENT OF FACTS

17. Plaintiff was employed by Defendant New England Gas and its predecessor Providence Gas Company for approximately ten years. At the time of her separation from the company she held the position of maintenance person.

18. During the time that Plaintiff has been employed by Defendants, she has been subjected to unwelcome, severe, and pervasive sexual discrimination and. harassment, which forced her to work in a hostile environment.

19. The discrimination and harassment to which Plaintiff was subjected includes, but is not limited to the following: (a) Plaintiff has been continually subjected to offensive and sexist comments by male co-workers and supervisors; (b) Plaintiff has been continually subjected to offensive and sexist conduct by male co-workers and supervisors; and (c) Defendants have continually treated Plaintiff differently than similarly-situated male employees based upon her sex.

20. To no avail, Plaintiff complained to supervisors and management about the conduct to which she was subjected.

21. Other similarly-situated female employees have also been subjected to the same type of discrimination and harassment.

22. The unwelcome sexual harassment was sufficiently severe or pervasive so as to unreasonably interfere with the Plaintiffs work performance and/or create an intimidating, hostile or offensive working environment.

23. After filing charges of discrimination, Plaintiff was also retaliated against when she was terminated and ultimately forced to retire.

24. Plaintiff always performed her duties and responsibilities in at least a satisfactory manner.

COUNT I

Title VII 42 U.S.C. §§ 2000e et seq.
(Hostile Work Environment)

25. Plaintiff incorporates by reference Paragraphs I through 24 as if fully set forth herein.

26. By the aforesaid actions, Defendants New England Gas Company (and its predecessor, Providence Gas Company) and Southern Union intentionally violated Title VII by subjecting Plaintiff to a hostile work environment based upon her sex.

27. Plaintiff is damaged as a proximate result of the intentional conduct of Defendants New England Gas Company (and its predecessor, Providence Gas Company) and Southern Union.

28. National Grid USA has agreed to assume liability for the conduct of Defendants New England Gas Company (and its predecessor, Providence Gas Company) and Southern Union in this matter.

29. The Narragansett Electric Company has agreed to assume liability for the conduct of Defendants New England Gas Company (and its predecessor, Providence Gas Company) and Southern Union in this matter.

COUNT II

Title VII 42 U.S.C. §§ 2000e et seq.
(Disparate Treatment)

30. Plaintiff incorporates by reference Paragraphs 1 through 24 as if fully set forth herein.

31. By the aforesaid actions, Defendants New England Gas Company (and its predecessor, Providence Gas Company) and Southern Union intentionally violated Title VII by discriminating against Plaintiff based upon her sex.

32. Plaintiff is damaged as a proximate result of the intentional conduct of Defendants New England Gas Company (and its predecessor, Providence Gas Company) and Southern Union.

33. National Grid USA has agreed to assume liability for the conduct of Defendants New England Gas Company (and its predecessor, Providence Gas Company) and Southern Union in this matter.

34. The Narragansett Electric Company has agreed to assume liability for the conduct of Defendants New England Gas Company (and its predecessor, Providence Gas Company) and Southern Union in this matter.

## COUNT III

Title VII
42 U.S.C. §§ 2000e et seq.
(Retaliation)

35. Plaintiff incorporates by reference Paragraphs I through 24 as if fully set forth herein.

36. By the aforesaid actions, Defendants New England Gas Company (and its predecessor, Providence Gas Company) and Southern Union intentionally violated Title VII by retaliating against Plaintiff.

37. Plaintiff is damaged as a proximate result of the intentional conduct of Defendants New England Gas Company (and its predecessor, Providence Gas Company) and Southern Union.

38. National Grid USA has agreed to assume liability for the conduct of Defendants New England Gas Company (and its predecessor, Providence Gas Company) and Southern Union in this matter.

39. The Narragansett Electric Company has agreed to assume liability for the conduct of Defendants New England Gas Company (and its predecessor, Providence Gas Company) and Southern Union in this matter.

## PRAYER FOR RELIEF

Plaintiff prays that this Court:

(1) declare that the Defendants' actions complained of are unlawful;
(2) order the Defendants to make the Plaintiff whole;
(3) order that the Defendants pay Plaintiff compensatory damages;
(4) order that the Defendants pay Plaintiff punitive damages;
(5) retain the jurisdiction of this action to ensure full compliance;
(6) order the Defendants to pay Plaintiff costs and expenses and reasonable attorney's fees;
(7) grant such other relief to Plaintiff as the court deems just and proper.
Court.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court

JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,
Plaintiff,
By her attorneys,

/s/ Stephen M. Robinson
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
April 6, 2007
srobinson@smrobinsonlaw.com

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
April 6, 2007
vbejma@smrobinsonlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of April, 2007, a true and complete copy of the foregoing was electronically filed with counsel of record for the Defendants: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

/s/ Vicki J. Bejma