**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CAROL A. PETRARCA,**
**Plaintiff,**
**v.** **C.A. No. 04-310S**

**SOUTHERN UNION COMPANY,**
**NEW ENGLAND GAS COMPANY,**
**NATIONAL GRID USA, and**
**THE NARRAGANSETT ELECTRIC COMPANY**
**Defendants**

# PRETRIAL MEMORANDUM

Pursuant to the Order of this Court, Plaintiff submits her Pretrial Memorandum.

## I. PROOF

Plaintiff has brought three separate counts under 42 U.S.C. §§ 2000e *et seq.* against Defendants in connection with her employment. 42 U.S.C. 2000e-2(a)(1) *et seq.* forbids employers ". . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin" Furthermore, 42 U.S.C. § 2000e-3(a) prohibits retaliation against an employee because that employee opposed any act of discrimination, or participated in a Title VII proceeding or investigation.

Count I alleges that the provisions of 42 U.S.C. 2000e-2(a)(1) was violated in Defendants subjected Plaintiff to a hostile working environment based upon her sex. Count II alleges that Defendants discriminated against Plaintiff based upon her sex in reference to her termination from employment. Count III alleges that Defendants took retaliatory actions against Plaintiff as a result of her having made a complaint about the hostile working

environment to which she had been subjected. Plaintiff discusses below the necessary elements to be proven for each claim, along various outstanding legal issues.

***A. Hostile Working Environment***

Subjection to a hostile working environment because of one's sex has long been understood as a form of sex discrimination prohibited by 42 U.S.C. § 2000e-2(a)(1). *See* Provencher v. CVS Pharmacy, 145 F.3d 5,13 (1st Cir. 1998). Such a hostile environment exists where ". . . the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *See* Harris v. Forklist Sys., Inc., 510 U.S. 17, 22, 114 S.Ct 267, 367, 126 L.Ed.2d 295 (1993)

In order to succeed on her claim of hostile work environment, Plaintiff must establish that 1) she is a member of a protected class; 2) that she was subjected to unwelcome sexual harassment; 3) that the harassment was based upon sex; 4) that the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiff's employment and create an abusive work environment; 5) that sexually objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and 6) that some basis for employer liability has been established. *See* O'Rourke v. City of Providence, 235 F.3d 713, 728 (1st 2001). It is important to note that it is not required that the harassing conduct be motivated by sexual desire in order to support an inference of discrimination based upon sex. *See id.* Furthermore, other types of harassing conduct that are not overtly sexual, such as workplace sabotage, failure to provide support, undeserved discipline or reprimands, isolation or the

"silent treatment," may be considered as part of a pattern of harassment based upon sex. *See id*. *See also* Lipsett v. University of Puerto Rico, 864 F.2d 881 (1st Cir. 1988).

The first prong of this test is undisputed. The Plaintiff, a female, is a member of a protected class. The Plaintiff will present evidence regarding the behavior of her supervisors and co-workers throughout the history of her employment to demonstrate that she was subjected to unwelcome harassment, and that the conduct was objectively and subjectively offensive, such that a reasonable person would find it hostile and abusive. The Plaintiff will also present evidence demonstrating that the harassment was so severe and pervasive that it altered the terms and conditions of her employment.

The Plaintiff can also establish employer liability, in that the harassment perpetrated by her supervisors culminated in a tangible job action, that is, her termination. *See* Pennsylvania State Police v. Suders, 542 U.S. 129, 143, 124 S.Ct. 2342, 2352 (2004). Even if the harassment by supervisors is found not to have culminated in a tangible job action, employer liability still exists in that the Defendants did not take reasonable care to prevent and correct sexual harassment. *See id.* In fact, Defendants offered no effective means to internally correct sexual harassment, despite Plaintiff's repeated complaints.

The Plaintiff also alleges that she was subjected to a hostile working environment by her co-workers. Plaintiff can establish liability in that Defendants' management level employees that management level employees actually knew, or should have known, of the sexually hostile work environment and failed to take prompt and appropriate remedial action to stop the harassment. *See* O'Rourke v. City of Providence, 235 F.3d 713, 728, 736 (1st 2001).

Plaintiff seeks to recover for the hostile working environment that she endured throughout the entire period of employment, that is, beginning in 1989. Although Plaintiff

did not file a charge of discrimination with the Human Rights Commission until February, 2000, the Plaintiff may recover for the hostile environment which she endured under a "continuing violation" theory. *See, e.g.,* National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 117-18, 122 S.Ct. 2061, 2064 (2002); O'Rourke v. City of Providence, 235 F.3d 713, 728 (1st Cir. 2001). As discussed in her earlier Memorandum in Support of Her Objection to Defendants' Motion for Summary Judgment, Plaintiff can establish that such a serial violation existed, in that the harassing actions were connected to and reinforced one another.

***B. Disparate Treatment***

Plaintiff has also filed a complaint of disparate treatment, alleging that her termination was motivated by her sex. Plaintiff is not required to show direct evidence that her termination was motivated by her sex; indeed, that type of proof seldom exists. Instead, a burden-shifting test has been adopted, by which the plaintiff must first establish a *prima facie* case. To establish this *prima facie* case, Plaintiff must establish **that:** (1) she is a member of a protected class; (2) she was qualified for her position; (3) she experienced an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *See* Fonseca v. Sysco Food Services of Arizon, 374 F.3d 840, 848 (9th Cir. 2004).

Once a *prima facie* case is established, the Defendants must then assert a legitimate non-discriminatory reason for the adverse employment action. Plaintiff must then be afforded the opportunity to prove by a preponderance of evidence that the reasons offered were not true reasons, but were a pretext for discrimination. *See* Reeves v. Sanderson

Plumbing Prods., Inc. 530 U.S. 133, 143, 120 S.Ct. 2097, 2106 (2000). It is permissible for the jury to reach the conclusion that a proffered reason is a pretext for discrimination if it disbelieves the proffered reason. *See id.* at 147, 2109.

It is not necessary that the jury find that the Plaintiff's sex was the only reason for her termination; it is only necessary that her sex be a motivating factor. 42 U.S.C. § 2000e-2(m). The burden is on the Defendants to show that it would have taken the same action despite the Plaintiff's sex. 42 U.S.C. § 2000e-2(n). If the Defendant is successful in showing that it would have taken the same action despite the Plaintiff's sex, Plaintiff may obtain declaratory and injunctive relief, and attorney's fees, but not other damages, such as monetary relief or reinstatement. 42 U.S.C. § 2000e-2(o).

Once again, there is no dispute that Plaintiff is a member of a protected class. Defendants have already sought summary judgment on the retaliation claim, arguing that the Plaintiff's termination did not constitute an "adverse employment action," given that at the time that she was terminated, she had suffered an automobile accident that had left her unable to work for a substantial period. They also argued that the rescission of the termination through the grievance procedure similarly meant that no adverse action had been taken. This motion was denied.

We anticipate that the most heavily contested issue will be whether Plaintiff's sex was the determinative factor for her termination. Defendants have claimed that Plaintiff was terminated because she had received sick leave benefits from the Defendants while collecting temporary disability insurance (TDI). Plaintiff asserts that this stated reason is a pretext for unlawful discrimination. In support of her claim of pretext, Plaintiff relies upon evidence demonstrating that Defendants deviated from their established procedure of automatically

stopping sick pay benefits once they received notice that an employee was receiving TDI. Plaintiff also relies upon evidence demonstrating that Defendants deviated from their usual practice of permitting male employees to return overpayments in similar cases, and instead insisted upon her termination. Plaintiff also relies upon evidence demonstrating that the penalty of termination was disproportionate when compared to that dealt out by male employees accused of theft.

### *C. Retaliation*

In order to establish her claim of retaliation in violation of 42 U.S.C. § 2000e-3(a), Plaintiff must establish 1) that she engaged in the conduct protected by 42 U.S.C. § 2000e-3(a); 2) that she suffered adverse employment action; and 3) that there was a causal nexus between the adverse employment action and the protected conduct. *See* Russell v. Enterprise Rent-a-Car Company of Rhode Island, 160 F.Supp.2d 239, 264 (D.R.I. 2001). However, Defendants may avoid liability if they succeed in showing that they would have taken the same action absent a retaliatory motive in order to avoid liability. *See* Tanca v. Nordberg, 98 F.3d 680, 684-85 (1st Cir. 1996).

There should be little or no dispute as to whether Plaintiff engaged in protected conduct, that is, filing both internal and external complaints of sexual harassment and discrimination against the Defendants. Defendants have already sought summary judgment on the retaliation claim, arguing that the Plaintiff’s termination did not constitute an “adverse employment action,” given that at the time that she was terminated, she had suffered an automobile accident that had left her unable to work for a substantial period. This motion was denied. We anticipate that the most heavily contested issue will be whether there was a causal nexus between the adverse employment action and the protected conduct.

The Defendants have asserted that they had a legitimate, non-discriminatory reason for Plaintiff's termination, alleging that Plaintiff had improperly accepted sick leave pay while collecting TDI. Plaintiff, on the other hand, asserts that the Defendants' proffered reason for her termination is pretextual. In support of her claim of pretext, Plaintiff relies on the temporal proximity between her complaints and her termination. Plaintiff also relies upon evidence demonstrating that Defendants deviated from their established procedure of automatically stopping sick pay benefits once they received notice that an employee was receiving TDI. Plaintiff also relies upon evidence demonstrating that Defendants deviated from their usual practice of permitting employees to return overpayments in similar cases, and instead insisted upon her termination. Plaintiff also relies upon evidence demonstrating that the penalty of termination was disproportionate when compared to that dealt out by other employees accused of theft.

***D. Damages***

The First Circuit has ruled that in Title VII cases, although the jury may give compensatory damages, such as those for emotional damages, equitable remedies must be imposed by the Court. *See* Criado v. IBM, 145 F.3d 437 (1st Cir. 1998). The Plaintiff intends to request all available equitable remedies, including, but not limited to, back pay, front pay, reinstatement, and prejudgment interest.

The Plaintiff alleges, among other things, that she suffered emotional damages as a result of the discrimination, retaliation, and harassment that she has suffered at the hands of the Defendants. It is not necessary to present expert testimony in support of said claims. *See* Molloy v. Blanchard, 115 F.3d 86, 93 (1st Cir. 1997).

Plaintiff has also requested an instruction regarding punitive damages. In Title VII cases, an instruction for punitive damages is warranted where intentional discrimination is found, that is, where the employer acts ". . . with malice or reckless indifference to the plaintiff's federally protected rights." *See* Che v. Massachusetts Bay Transportation Authority, 342 F.3d 31, 41 (2003), *citing* Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 534, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999). A punitive damage instruction is particularly appropriate in cases where retaliation is alleged. *See id.* at 41-42. Defendants may avoid punitive damages if they establish that the decisions were contrary to its good-faith efforts to comply with Title VII. *See* Kolstad, 527 U.S. at 545-46.

## II PROPOSED WITNESSES AND EXHIBITS

Plaintiff's list of proposed witnesses and exhibits are contained in her separate, conventionally-filed document.

## III. PROBABLE LENGTH OF TRIAL

Plaintiff anticipates that the trial will last five to seven days.

## IV. JURY INSTRUCTIONS

See attached.

Respectfully submitted,
Plaintiff,
By her attorneys,

/s/ Stephen M. Robinson
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
April 16, 2007
srobinson@smrobinsonlaw.com

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
April 16, 2007
vbejma@smrobinsonlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April, 2007, a true and complete copy of the foregoing was electronically filed with counsel of record for the Defendants: Neal J. McNamara, Esquire and Matthew J. Frankel, Esquire, Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903.

/s/ Vicki J. Bejma

**JURY INSTRUCTIONS**

***A. Hostile Environment***

The Plaintiff has brought a claim under Title VII of the Civil Rights Act, claiming that throughout her history of employment with the Defendants, she was subjected to sexual harassment causing a hostile work environment.

In order to prevail upon her claim, Plaintiff must prove, by a preponderance of evidence:

1) she is a member of a protected class;

2) that she was subjected to unwelcome sexual harassment;

3) that the harassment was based upon sex;

4) that the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiff's employment and create an abusive work environment;

5) that sexually objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and

6) that some basis for employer liability has been established.

An explanation of the term "preponderance of evidence" is in order. To prove something by a preponderance of evidence means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered with that opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. Where the evidence adduced either for or against a given proposition outweighs opposing evidence, that evidence is said to preponderate. So, proof by the preponderance of the evidence means proof by the greater

weight of the evidence. In other words, a claim must be proved by evidence that weighs more persuasively in the minds of jurors.

Sexual Harassment

Sexual harassment can take the form of sexual advances, requests for sexual favors, displays of sexually graphic materials, or other verbal or physical conduct of a sexual nature. It can also include acts that do not have clear sexual overtones; rather, any harassment directed at an employee because of that employee's gender is sexual harassment. Harassment can include, alongside of conduct with explicit sexual overtones, behaviors such as the "silent treatment," workplace sabotage, denial of support, humiliation, or being singled out for disparate or undeserved discipline or reprimands.

Hostile Environment

The harassing conduct must be so severe and pervasive that it has the purpose or effect of unreasonably interfering with the employee's work performance and of creating an intimidating, hostile, or offensive work environment. When determining whether a reasonable person would find the alleged harassment sufficiently severe or pervasive to constitute a hostile work environment, you must consider the totality of the circumstances instead of looking at each single event. That is, you must determine whether, taken together, the accumulated effect of all the reported incidents of harassment - whether overtly sexual or not -- amounted to a hostile work environment.

Employer Liability

Plaintiff has alleged that supervisory employees of the Defendants engaged in harassment creating a hostile environment. If you find Plaintiff was subjected to a hostile working environment as a result of the actions of Defendants' supervisory employees, and that that hostile

environment resulted in a tangible employment action taken against the Plaintiff, such as termination, the Defendants must be held liable. On the other hand, if you find that the harassment committed by the supervisory employees did not culminate in a tangible employment action, then the Defendants may avoid liability if it can prove by a preponderance of evidence (a) it exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise. If Defendants proves (a) and (b), you must find for Defendants.

Plaintiff has also alleged that her co-workers engaged in harassment creating a hostile environment. When a hostile work environment is created and carried on by nonsupervisory employees, Defendants will be liable for permitting such behavior only if Plaintiff proves that management level employees actually knew, or should have known, of the sexually hostile work environment committed by her co-workers, and failed to take prompt and appropriate remedial action to stop the harassment. If Plaintiff does not show that the management level employees actually knew or should have known of the sexually hostile work environment committed by her co-workers, and failed to take prompt and appropriate remedial action, you must find for the Defendants.

Statute of Limitations

Plaintiff must file a complaint with an agency within 180 days of allegedly discriminatory conduct. Only the conduct that occurred within the 180 days before the filing is the basis for recovery.

There is an exception to the statute of limitations for plaintiffs who have experienced what is referred to as a "serial violation" of their rights under Title VII. A "serial violation"

exists when the contributing to the hostile environment in question have a "substantial relationship" to one another, and are not isolated and discrete, but occur with frequency or repetitively or continuously. Separate acts contributing to the hostile environment may have a "substantial relationship" to one another when they are committed by the same person or persons, or have some other similarity to one another.

If such a "continuing violation" existed, then even if only one of the actions contributing to a hostile working environment took place within that 180 day period, then the Plaintiff may recover for injuries for the entire time period in which Plaintiff suffered a hostile work environment. It is not necessary that that single action taking place within the 180 day period be sufficient to create a hostile work environment in and of itself, provided that it is sufficiently related to the previous actions contributing to a hostile environment.

**Authority:** Pennsylvania State Police v. Suders, 542 U.S. 129, 143, 124 S.Ct. 2342, 2352 (2004); National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 118,122 S.Ct. 2061, 2064 (2002); Faragher v. City of Boca Raton,118 S. Ct. 2275 (1998); Burlington Industries, Inc. v. Ellerth, 118 S. Ct. 2257 (1998); Che v. Mass. Bay Trans. Authority, 342 F.3d 31, 40-41 (1St Cir. 2003); Crowley v. L.L. Bean, Inc., 303 F.3d 387,395 (1St Cir. 2002); O'Rourke v. City of Providence, 235 F.3d 713, 728 (1" 2001); Provencher v. CVS Pharmacy, 145 F.3d 5, 14 (1St 1998); Ortiz v. Princini, 274 F.3d 1361 (Fed. Cir. 2001).

### *B. Sex-Based Discrimination*

The Plaintiff has brought a claim under Title VII of the Civil Rights Act, claiming that the Defendants discriminated against her based upon her sex when they terminated her from employment. To prevail on a claim of sex discrimination, Plaintiff must prove by a preponderance of the evidence that Defendants discriminated against her when it terminated her. In order to prevail on her claim against Defendants, Plaintiff must prove two things:

1) that her sex was a determinative factor in Defendant's decision to terminate her;

2) that Plaintiff suffered damages as a result of her termination.

It is up to you to decide whether Plaintiff has proved her claim of discrimination by a preponderance of the evidence. It is Plaintiff's burden to show that it is more likely so than not so that her sex was a determinative factor in the decision of the employer to terminate her. The Plaintiff is not required to produce direct evidence of unlawful motive. You may infer unlawful motive as a matter of reason and common sense from the existence of other facts, for example, explanations that were given that you really find were really pretextual.

Plaintiff is not required to prove that her sex was the only reason for the Defendants' decision, but if you find that Plaintiff has proven by a preponderance of evidence that it is more likely so than not so that her sex was a determinative factor in the decision of Defendants to terminate her employment, then your verdict must be for Plaintiff. If, on the other hand, you find that it is more likely so than not so that the Plaintiffs sex was not a determinative factor in the decision they made, then your verdict should be for the Defendants. Alternatively, if you do not believe that the given explanation was the real or full reason for the Defendants' decision to terminate her, you may find that Plaintiff has proven her claim of retaliation, particularly if you believe that the Defendants' representatives who testified did not put forth honestly the reason for their decision to terminate Plaintiff.

If you have determined that Plaintiff has proven that it is more likely so than not so that Plaintiff's sex was a determinative factor in Defendants' decision, then you must also determine whether Defendants have proven that it is more likely so than not so that it would have terminated Plaintiff despite her sex. You must determine whether the Defendants have shown that it is more likely so than not so that Defendants would have made the same decision even if you find it more likely so than not so that Plaintiff's sex was a determinative factor in the decision it made to terminate the Plaintiff.

An adverse employment action by a supervisor, such as a termination, is deemed an action of the employer.

The fact that Plaintiff turned to the grievance procedure under the Union contract does not shield the Defendants from liability for discrimination.

**Authority:** 42 U.S.C. §2000e-2(m); Reeves v. Sanderson Plumbing Prods., Inc. 530 U.S. 133, 143, 120 S.Ct. 2097, 2106 (2000); Texas Dept. of Community Affairs v, Burdine, 450 U.S. 248 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Fonseca v. Sysco Food Services of Arizona, 374 F.3d 840, 848 (9"Cir. 2004).

***C. Retaliation***

Plaintiff has brought a claim under Title VII of the Civil Rights Act of 1964, which prohibits employers, like Defendants, from taking retaliatory personnel actions against employees who have engaged in activity protected by Title VII, such as pursuing a complaint of employment discrimination or sexual harassment.

In order for Plaintiff to prevail on her claim of retaliation, [he/she] has to prove three things:

1. she was engaged in a protected activity;
2. she suffered an adverse employment action; and
3. Defendants acted out of a retaliatory motive in taking the adverse employment action.

"Protected activity" is an employee's conduct in opposing a discriminatory practice, making a charge of discrimination or testifying, or assisting or participating in any manner in an investigation. "Protected activity" includes the employee's resort to corrective mechanisms provided by the employer or governmental agencies, such as the Human Rights Commission. An "adverse employment action" includes any action which would dissuade a reasonable worker from making or supporting a claim of discrimination. An "adverse employment action" may

include termination, demotion, refusal to hire, refusal to promote, or a reprimand. An "adverse employment action" may be found even in absence of economic harm or loss.

In order to prevail on a claim of retaliation, it does not matter that Defendants are not actually found liable for the discrimination or sexual harassment that Plaintiff complained of, Plaintiff need only have had a reasonable basis for believing that the Defendants' conduct constituted sexual harassment or discrimination.

It is up to you to decide whether Plaintiff has proved her claim of retaliation by a preponderance of the evidence. It is Plaintiff's burden to show that it is more likely so than not so that her engaging in a protected activity was a determinative factor in the decision of the employer to terminate her. The Plaintiff is not required to produce direct evidence of unlawful motive. You may infer unlawful motive as a matter of reason and common sense from the existence of other facts, for example, explanations that were given that you really find were really pretextual.

Plaintiff is not required to prove that her complaining of sex discrimination or sexual harassment was the only reason for the Defendants' decision, but if you find that Plaintiff has proven that it is more likely so than not so that her complaining of discrimination and harassment was a determinative factor in *the* decision of Defendants to terminate her employment, then your verdict must be for Plaintiff. If, on the other hand, you find that it is more likely so than not so that the Plaintiff's complaining of discrimination and sexual harassment was not a determinative factor in the decision they made, then your verdict should be for the Defendants. Alternatively, if you do not believe that the given explanation was *the* real or full reason for the Defendant's decision to terminate her, you may find that Plaintiff has proven her claim of retaliation, particularly if you believe that the Defendants' representatives who testified did not put forth

honestly the reason for their decision to terminate Plaintiff.

If you have determined that Plaintiff has prove that it is more likely so than not so that retaliation was a determinative factor in Defendants' decision, then you must also determine whether Defendants have proven that it is more likely so than not so that it would have terminated Plaintiff even in the absence of retaliation. You must determine whether the Defendants have shown that it is more likely so than not so that Defendants would have made the same decision even if you find it more likely so than not so that retaliation was a substantial factor in the decision it made to terminate the Plaintiff.

An adverse employment action by a supervisor is an action of the employer.

The fact that Plaintiff turned to the grievance procedure under the Union contract does not shield the Defendants from liability for retaliation.

**Authority:** Burlington Northern & Santa Fe Ry. Co. v. White, 125 S.Ct. 2405, 2409 (2006); Provencher v. CVS Pharmacy, 145 F.3d 5 (1S Cir. 1998); Fonseca v. Sysco Food Services of Arizona,374 F.3d 840, 848 (9th Cir. 2004); Knox v. State of Ind.,93 F.3d 1327, 1332 (7th Cir. 1996); U.S.C. § 2000e-3(a).

***D. Damages***

If you find for Plaintiff on her claims of sexual harassment, then you must determine whether he/she is entitled to damages in an amount that is fair compensation. Plaintiff seeks to recover damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic losses.

Plaintiff may also recover for these amounts on her claims of disparate treatment and retaliation, but only if you have found that 1) the Plaintiff has established that her sex was a motivating factor for her termination; and 2) that Defendants have not shown that it would have taken the same action despite the Plaintiff's sex.

You must not consider any lost wages or fringe benefits. Federal law requires that I, as the judge, determine the amount of any lost wages and fringe benefits that Plaintiff shall recover if you find Defendant liable. Distress arising from this lawsuit, or legal expenses incurred in this lawsuit must also not be included in these damages. You must determine instead what other loss, if any, Plaintiff has suffered or will suffer in the future caused by any hostile environment, discrimination, or retaliation that you find Defendant has committed under the instructions I have given you. We call these compensatory damages. You may award compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic losses if you determine that Plaintiff has proven, by a preponderance of the evidence, that she has experienced any of these consequences as a result of any hostile environment, discrimination, or retaliation. Plaintiff is not required to prove her emotional distress through expert medical testimony as long as she presents evidence that proves she actually suffered emotional distress as a result of Defendants' unlawful conduct.

No evidence of the monetary value of intangible things like emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other no economic losses are available and there is no standard I can give you for fixing any compensation to be awarded for these injuries. Even though it is obviously difficult to establish a standard of measurement for these damages, that difficulty is not grounds for denying a recovery on this element of damages. You must, therefore, make the best and most reasonable estimate you can, not from a personal point of view, but from a fair and impartial point of view, of the amount of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other no economic losses you find that Plaintiff has undergone and can probably be expected to suffer in the future as a result of Defendant's conduct. And you must place a money value on this, attempting to come to

a conclusion that will be fair and just to both of the parties. This will be difficult for you to measure in terms of dollars and cents, but there is no other rule I can give you for assessing this element of damages.

If you find that Plaintiff is entitled to damages for losses that will occur in the future, you will have to reduce this amount, whatever it may be, to its present worth. The reason for this is that a sum of money that is received today is worth more than the same money paid out in installments over a period of time, since a lump sum today, such as any amount you might award in your verdict, can be invested and earn interest in the years ahead.

If you have found Defendants liable to Plaintiff, but find that her damages have no monetary value, you may award her nominal or token damages such as One Dollar ($1.00) or some other minimal amount.

If you have awarded compensatory or nominal damages, you may also consider punitive damages. You may consider only award punitive damages if Plaintiff proves by a preponderance of the evidence that defendant engaged in a discriminatory practice with malice or with reckless indifference to Plaintiffs federally protected rights.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate only if you find for Plaintiff and then further find from a preponderance of the evidence (1) that a higher management official of Defendants personally acted with malice or reckless indifference to Plaintiffs federally protected rights, and (2) that Defendants itself had not acted in a good faith attempt to comply with the law

by adopting policies and procedures designed to prohibit such discrimination in the workplace.

**Authority:** Karlstad v. American Dental Ass'n, 527 U.S. 526,119 S.Ct. 2118 (1999); Ramos v. Roche Products, Inc.. 936 F.2d 43, 49-50 (1st Cir. 1991); Criado v. IBM, 145 F.3d 437 (1st Cir. 1998); Mollov v. Blanchard, 115 F.3d 86, 93 (lst Cir. 1997); Tanca v. Nordberg, 98 F.3d 680, 684-85 (1" Cir. 1996).

JURY INSTRUCTION FORM

VERDICT FORM

We, the jury, answer the questions submitted as follows:

***Count I - Sexual Harassment***

1. Was Plaintiff subjected to sexual harassment while employed by the Defendants?

Yes ________ No________

*If your answer to Question No. 1 is "Yes," then go to Question No. 2. If your answer to Question No. 1 is "No," then proceed to Question 11.*

2. Was Plaintiff subjected to sexual harassment by any of Plaintiff's supervisors, as that term is defined in these instructions?

Yes ________ No________

If *your answer to this Question is "No, " skip Questions 3-5 and proceed to Question 6.*

3. Did Plaintiff suffer any tangible employment action as a result of any sexual harassment by any of her supervisors?

Yes ________ No________

*If your answer to this Question is "Yes, " do not complete Questions 5 and 6. Instead, you must find for the Plaintiff on the question of whether Defendants are liable for sexual harassment by her supervisors. If your answer to this Question is "No, "proceed to Question 4.*

4. Did Defendants exercise reasonable care to prevent and correct promptly any sexually harassing behavior by Plaintiff's supervisors?

Yes ________ No________

Go to Question 5.

5. Did Plaintiff unreasonably fail to take advantage of any preventative or corrective opportunities provided by Defendants or to avoid harm otherwise caused by sexual harassment by her supervisors?

Yes ________ No________

*If you have answered "No" to either Question 4 or 5, you must find for the Plaintiff on the question of whether Defendants are liable for sexual harassment by her supervisors. Proceed to Question 6.*

6. Was Plaintiff subjected to sexual harassment by any of Plaintiff's co-workers?

Yes ________ No________

7. Did Defendants know or should Defendants have known of sexual harassment of Plaintiff by her co-workers, if any, and fail to take prompt remedial action?

Yes ________ No________

*If the answer to Question #7 is "no, " you may not find for Plaintiff on the issue of whether Plaintiff suffered sexual harassment by her co-workers.*

8. State the amount, if any, of compensatory damages that Plaintiff sustained as a result of sexual harassment by Defendants by her supervisors and/or co-workers.

Compensatory Damages $ __________________

Go to Question No. 9.

9. State the amount, if any, of nominal damages that Plaintiff sustained as a result of sexual harassment by Defendants.

Nominal Damages $ __________________

Go to Question No. 10.

10. State the amount, if any, of punitive damages that Plaintiff should be awarded as a result of Defendants' sexual harassment against Plaintiff.

Punitive Damages $ ________________

***Count II -- Disparate Treatment***

11. Has Plaintiff proven, by a preponderance of the evidence, that sex was a determinative factor in Defendants' decision to terminate her employment?

Yes ________ No________

If "No," proceed to Question 16. If "Yes," proceed to next question.

12. Has Defendant proven, by a preponderance of the evidence, that it would nevertheless have taken the same action even if it had not considered sex?

Yes ________ No________

If "Yes," proceed to Question 16. If "No," proceed to next question.

13. State the amount, if any, of compensatory damages that Plaintiff sustained as a result of Defendants' unlawful termination.

Compensatory Damages $ _________________

Go to Question No. 14

14. State the amount, if any, of nominal damages that Plaintiff sustained as a result of Defendants' unlawful termination.

Nominal Damages $ ___________________

Go to Question No. 15

15. State the amount, if any, of punitive damages that should be awarded to Plaintiff as a result of Defendants' unlawful termination.

Punitive Damages $ ___________________

***Count III - Retaliation***

16. Has Plaintiff proven, by a preponderance of the evidence, that retaliation was a determinative factor in Defendants' decision to terminate her employment?

Yes ________ No________

If "No," answer no further questions. If "Yes," proceed to next question.

17. Has Defendant proven, by a preponderance of the evidence, that it would nevertheless have taken the same action even if it had not considered retaliation?

Yes ________ No________

If "Yes," answer no further questions. If "No," proceed to next question.

18. State the amount, if any, of compensatory damages that Plaintiff sustained as a result of Defendants' retaliatory conduct.

Compensatory Damages $ _________________

Go to Question No. 19

19. State the amount, if any, of nominal damages that Plaintiff sustained as a result of Defendants' retaliatory conduct.

Nominal Damages $ ________________

Go to Question No. 20

20. State the amount, if any, of punitive damages that should be awarded to Plaintiff as a result of Defendants' retaliatory conduct.

Punitive Damages $ _________________