UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CAROL PETRARCA,

Plaintiff,

v. C.A. No. 04-310S

SOUTHERN UNION CO.,
NEW ENGLAND GAS CO.,
NARRAGANSETT ELECTRIC CO.,
and NATIONAL GRID U.S.A.

Defendants.

**ANSWER TO AMENDED COMPLAINT**

Defendants Southern Union Company, New England Gas Company, and Narragansett Electric Company ("Defendants")[1] respond to the allegations set forth in the Amended Complaint as follows:

1-2. The allegations set forth in paragraphs 1 and 2 of the Amended Complaint do not require a response.

3. Defendants admit the allegations set forth in paragraph 3 of the Amended Complaint.

4. Defendants admit the allegations set forth in paragraph 4 of the Amended Complaint, and affirmatively state that Southern Union Company's principal place of business is located in Pennsylvania.

5. Defendants admit the allegations set forth in paragraph 5 of the Amended Complaint as to all times relevant to Plaintiff's employment, but affirmatively state that the assets of New England Gas Co.'s Rhode Island operations were purchased by National Grid U.S.A. and assigned to Narragansett Electric Co.

6. Defendants admit the allegations set forth in paragraph 6 of the Amended Complaint.

7. Defendants admit that National Grid U.S.A. purchased from Southern Union Co. the assets of New England Gas Co.'s Rhode Island operations, but deny the remaining allegations set forth in paragraph 7.

8. Defendants admit the allegations set forth in paragraph 8 of the Amended Complaint.

9. Defendants affirmatively state that Narragansett Electric Company is a Rhode Island chartered public utility supplying electricity within the state.

10-12. Defendants admit the allegations set forth in paragraphs 10-12 of the Amended Complaint.

13-17. Defendants admit the allegations set forth in paragraphs 13-17 of the Amended Complaint.

18-24. Defendants deny the allegations set forth in paragraphs 18-24 of the Amended Complaint.

25. Defendants repeat and incorporate by reference their responses to the allegations set forth in paragraphs 1-24 as if fully set forth herein.

26-28. Defendants deny the allegations set forth in paragraphs 26-28 of the Amended Complaint.

29. Defendants admit the allegations set forth in paragraph 29 of the Amended Complaint, but deny any liability relative to this matter.

30. Defendants repeat and incorporate by reference their responses to the allegations set forth in paragraphs 1-24 as if fully set forth herein.

---

[1] Although National Grid U.S.A. was added as a named Defendant in the Amended Complaint filed on or about April 6, 2007, National Grid U.S.A. was not served and thus is not an answering party here.

31-33. Defendants deny the allegations set forth in paragraphs 31-33 of the Amended Complaint.

34. Defendants admit the allegations set forth in paragraph 34 of the Amended Complaint, but deny any liability relative to this matter.

35. Defendants repeat and incorporate by reference their responses to the allegations set forth in paragraphs 1-24 as if fully set forth herein.

36-38. Defendants deny the allegations set forth in paragraphs 36-38 of the Amended Complaint.

39. Defendants admit the allegations set forth in paragraph 39 of the Amended Complaint, but deny any liability relative to this matter.

First Defense

The Amended Amended Complaint fails to state a claim upon which relief may be granted.

Second Defense

Plaintiff's claims are barred or limited to the extent they are based upon incidents occurring outside the applicable limitations periods.

Third Defense

Plaintiff’s claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any unlawful discrimination in the workplace, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendants or to avoid harm otherwise.

Fourth Defense

To the extent an unlawful employment practice is established, Defendants would have taken the same action in the absence of any unlawful motivating factor.

Fifth Defense

The relief plaintiff seeks is barred, in whole or in part, due to evidence of plaintiff's on the job wrongful activity.

Sixth Defense

Subject to proof through discovery, plaintiff has failed, in whole or in part, to mitigate her purported damages.

Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel and/or laches.

Eighth Defense

The Defendants would have taken the same the same action in the absence of any impermissible motivating factor.

Ninth Defense

Any unlawful discriminatory actions by plaintiff's managers were taken without knowledge that they were acting in violation of law and were contrary to Defendants' good-faith efforts to comply with the law.

Tenth Defense

Defendant National Grid U.S.A. is not a proper party to this matter.

Respectfully submitted,
DEFENDANTS SOUTHERN UNION CO., NEW ENGLAND GAS CO., and NARRAGANSETT ELECTRIC CO.

By its attorneys,

NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Steven Richard (#4403)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
srichard@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: April 30, 2007

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent a true and accurate copy of the within document to the following persons this 30th day of April, 2007.

Via Regular Mail, Postage Prepaid

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A8,
South Kingstown, RI 02879

Via Regular Mail, Postage Prepaid

Stephen M. Robinson, Esq.
Vicki J. Bejma, Esq.
Law Offices of Stephen M. Robinson
155 South Main Street
Providence, RI 02903

/s/ Neal J. McNamara