UNITED STATE DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CAROL PETRARCA,<br>Plaintiff, | : | |
| v. | : | C.A. No. 04-310 S |
| SOUTHERN UNION CO.,<br>NEW ENGLAND GAS CO.,<br>NARRAGANSETT ELECTRIC CO.<br>& NATIONAL GRID U.S.A.,<br>Defendants. | : | |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM CALLING DEFENDANTS' CHIEF FINANCIAL OFFICERS TO TESTIFY ABOUT OR OFFERING OTHER EVIDENCE OF FINANCIAL CONDITIONS OF DEFENDANTS**

Pursuant to Fed. R. Evid. 401, 402, and 403, Defendants Southern Union Co., New England Gas Co., and Narragansett Electric Co. hereby move *in limine* to preclude Plaintiff from (a) calling the Chief Financial Officers ("CFOs") of Southern Union Co., Narragansett Electric Co., and National Grid U.S.A. (proposed witnesses numbered 39-41 in Plaintiff's pretrial memorandum) to testify about the financial conditions of their respective corporations and (b) offering any other evidence of Defendants' respective financial conditions. Plaintiff should be precluded from calling such witnesses or offering such evidence because (a) Defendants' financial conditions are irrelevant to any issue in this case as (i) Plaintiff's potential total damages, including potential punitive damages, are ultimately limited to three hundred thousand dollars ($300,000.00) by 42 U.S.C. § 1981a, and (ii) there is no factual dispute that Defendants' could satisfy a judgment in that amount, if necessary; and (b) presenting evidence of Defendants' financial worth would be prejudicial in securing a fair verdict from the jury based on facts, rather than an improper weighing of the relative wealth of the parties. In further support of this motion, Defendants submit the attached memorandum.

Respectfully submitted,
DEFENDANTS SOUTHERN UNION CO., NEW ENGLAND GAS CO., and NARRAGANSETT ELECTRIC CO.

By its attorneys,

NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Steven Richard (#4403)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
srichard@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: April 30, 2007

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent a true and accurate copy of the within document to the following persons this 30th day of April, 2007.

Via Regular Mail, Postage Prepaid

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A8,
South Kingstown, RI 02879

Via Regular Mail, Postage Prepaid

Stephen M. Robinson, Esq.
Vicki J. Bejma, Esq.
Law Offices of Stephen M. Robinson
155 South Main Street
Providence, RI 02903

/s/ Neal J. McNamara

UNITED STATE DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CAROL PETRARCA, Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 04-310 S |
| | : | |
| SOUTHERN UNION CO., NEW ENGLAND GAS CO., NARRAGANSETT ELECTRIC CO. & NATIONAL GRID U.S.A., Defendants. | : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM CALLING DEFENDANTS' CHIEF FINANCIAL OFFICERS TO TESTIFY ABOUT OR OFFERING OTHER EVIDENCE OF FINANCIAL CONDITIONS OF DEFENDANTS**

Plaintiff has indicated in her pretrial memorandum that she intends (a) to call Defendants' respective CFOs in order to elicit testimony regarding Defendants' financial condition and (b) to introduce documentation regarding Defendants' financial condition. Plaintiff should be precluded from offering such evidence because it is wholly irrelevant, a waste of time, and prejudicial to Defendants' ability to secure a fair verdict. See Fed. R. Evid. 402, 403.

**A. Evidence of Defendants' financial conditions should be excluded because it would be wholly irrelevant to any issue in this case and its presentation would be a waste of time.**

As an initial matter, there is no evidence in this case that would support an award of punitive damages to Plaintiff. See Defendant's Pretrial Memorandum (Doc. No. 147), at 15-16. Thus, Plaintiff should be barred from introducing evidence of Defendants' financial conditions on that basis alone. See, e.g., Waters v. Genesis Health Ventures, Inc., 400 F. Supp. 2d 808, 813 (E.D. Pa. 2005).

However, should the Court find that a sufficient basis for jury instructions on punitive damages does exist, evidence regarding Defendants' financial conditions should still be excluded. First, it is well-settled that punitive damages, if awarded at all, must be premised upon the nature and severity of the allegedly unlawful conduct, rather than a defendant's status or wealth. See State Farm Mutual Ins. Co. v. Campbell, 538 U.S. 408, 426-28 (2003); Mathias v. Accor Econ. Lodging, Inc., 347 F.3d 672, 676 (7th Cir. 2003) ("[Punitive damages] should be based on the wrong done rather than on the status of the defendant; a person is punished for what he does, not for who he is, even if the who is a huge corporation.").

Second, any potential award of damages in this case is controlled by 42 U.S.C. § 1981a, which sets a cap of three hundred thousand dollars ($300,000.00) for the sum total of all damages, including potential punitive damages. There is no factual dispute that Defendants, all relatively large corporations, can satisfy this amount if necessary. Thus, there is no practical reason to waste time at trial presenting evidence on a factual issue about which there is no dispute and which will not have any bearing on the ultimate issues in this case, i.e., whether Defendants engaged in unlawful employment practices. See Fed. R. Evid. 403.

**B. Evidence of Defendants' financial conditions should be excluded because it would be prejudicial while serving no practical purpose.**

Because there is little, if any, probative value in evidence of Defendants' financial conditions, such evidence should be excluded because of the likelihood that it would prejudice the Defendant. Just as the Federal Rules of Evidence bar evidence of liability insurance because "knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds," R. 411 Advisory Committee Notes (1972), so should this Court bar Plaintiff's completely unnecessary proffer of evidence of Defendants' financial conditions due to the danger that the jury will award damages on the basis of defendant's ability to pay, and not

with regard to Defendants' liability under the law. This is especially true since any award of punitive damages (in addition to all other damages) will, in the event of a verdict for Plaintiff, be capped at $300,000.00 and there is no dispute that Defendants' can satisfy any such judgment. Thus, given the virtual absence of any probative value, evidence of Defendants' financial conditions should be excluded.

In the event the Court disagrees and decides that evidence of financial condition might be admissible, the Court should bar Plaintiff "from offering evidence of or making reference to the size, financial condition, or net worth of Defendant in the opening statement of Counsel or at any other time in the presence of the jury until the Court determines that Plaintiff has demonstrated that punitive damages are appropriate." Waters, 400 F. Supp. 2d at 813. Additionally, even if *some* evidence of financial condition is admitted, the Court should preclude Plaintiff from calling Defendants' respective CFOs. If allowed, Plaintiff will no doubt be able to present a basic picture of Defendants' financial conditions with documents and testimony from other proposed witnesses – without parading various high-level corporate officers to the stand in what is, at most, a $300,000.00 case.

Respectfully submitted,
DEFENDANTS SOUTHERN UNION CO., NEW ENGLAND GAS CO., and NARRAGANSETT ELECTRIC CO.

By its attorneys,

NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Steven Richard (#4403)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
srichard@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: April 30, 2007

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent a true and accurate copy of the within document to the following persons this 30th day of April, 2007.

Via Regular Mail, Postage Prepaid

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A8,
South Kingstown, RI 02879

Via Regular Mail, Postage Prepaid

Stephen M. Robinson, Esq.
Vicki J. Bejma, Esq.
Law Offices of Stephen M. Robinson
155 South Main Street
Providence, RI 02903

/s/ Neal J. McNamara